# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **NORTH EMERSON-WEST, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **C.A. No. 78-14 SLR** |
| **v.** | ) | |
| | ) | |
| **WALTER REDMAN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR RELIEF FROM CONSENT DECREE

COMES NOW the Defendants, by and through their undersigned counsel, and hereby move this Honorable Court (the "Motion"), pursuant to 18 U.S.C. § 3626(b), to grant relief from the Consent Order entered into by the Parties and made an Order of this Court on October 4, 1982 (the "Consent Order"). In support of the Motion, the Defendants state as follows:

1. The instant class action lawsuit was initiated in 1978 by Plaintiff North Emerson West. The class action related to prison conditions and disciplinary procedures at the Delaware Correctional Center ("DCC").

2. In resolution of the lawsuit the Parties entered into a Consent Order which required the DCC to adopt a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD"). The Consent Order was approved by this Court on October 4, 1982. Attached at Exhibit "A" is a copy of the Consent Order, and at Exhibit "B" is a copy of the CCPD.

3. Almost ten years after the Court approved the Consent Order, certain Plaintiffs moved for an order vacating the Consent Order. Defendants

subsequently moved for a modification of the Consent Order to permit modifications to the CCPD for changes in circumstances. In a Memorandum Order dated June 30, 1993, the Court denied both Plaintiffs' and Defendants' motions. (Exhibit "C"). With respect to the Defendants' motion the Court found that Rule 60 of the Federal Rules of Civil Procedure controlled, and that no changes in circumstances had been shown.

4.     On April 26, 1996, approximately fourteen (14) years after the Court approved the Consent Order, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective. Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321-66, codified at 18 U.S.C. § 3626 (1996). The PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities." *Miller v. French*, 530 U.S. 327, 333 (2000). Specifically, under the PLRA, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A). These same standards apply to existing injunctions, and a defendant or intervenor may move to terminate prospective relief that does not meet these standards. *Miller*, 530 U.S. at 333.

5.     The PLRA requires courts to rule "promptly" on motions to terminate prospective relief, with mandamus available to remedy a court's failure to do so. 18 U.S.C. § 3626(b)(3).

6.     Moreover § 3626(e)(2) dictates that generally prospective relief shall be stayed pending resolution of a motion to terminate. The stay begins on the 30th day after the motion to terminate prospective relief is filed. A court may, however,

postpone the automatic stay for good cause, but not for more than 60 days.  Good cause does not include docket congestion.

       7.     Defendants assert that the Consent Order issued in this case violates the PLRA as it does not meet the criteria set out in § 3626(b)(2).  Moreover the Consent Order is no longer necessary to correct a current and ongoing violation of a Federal right.  Therefore the Consent Order must be terminated.

**I.**          **The Consent Order Must Be Terminated As It Does Not Satisfy The Requirements For Prospective Relief.**

       8.     "A consent decree may be modified when 'one or more of the obligations placed upon the parties has become impermissible under federal law' or when 'the statutory or decisional law has changed to make legal what the decree was designed to prevent.'"  *Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 184 (3d Cir. 1999) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 388 (1992)).  In this case the PLRA and its provisions have made the Consent Order impermissible under federal law.  Therefore it must be terminated.

       9.     Section 3626(b)(2) of the PLRA provides:

> In any civil action with respect to prison conditions, a defendant or intervenor shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2).

       Therefore a consent decree must be terminated where it was approved or granted in the absence of a finding by the court that the relief:  (1) is narrowly drawn; (2) extends no further than necessary to correct the violation of the Federal right; and (3) is

the least intrusive means necessary to correct the violation of the Federal right.

10.     In *Miller*, the United States Supreme Court approved the constitutionality of the PLRA, the constitutionality of its provisions concerning prospective relief, and the automatic stay provision of § 3626(e).  Of import here is the Court's holding that, "if prospective relief under an existing decree had been granted or approved absent [the] findings [under § 3626], then that prospective relief must cease, …, unless and until the court makes findings on the record that such relief remains necessary to correct an ongoing violation and is narrowly tailored."  *Miller*, 530 U.S. at 346.

11.     The Third Circuit has also approved the constitutionality of the PLRA, specifically, the provisions providing for the termination of consent decrees.  *Imprisoned Citizens Union*, 169 F.3d at 184-87.  Further this Court, in *Preston v. Keve*, C.A. No. 74-179 (ORDER) (D. Del. Aug. 5, 1999) (J. Murray Schwartz) (Exhibit "D"), terminated a Consent Decree in light of the Third Circuit's ruling in *Imprisoned Citizens Union*.  The Court in *Preston* held,

> a District Court must terminate prospective relief in any civil action with respect to prison conditions if it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of that right.

*Preston*, C.A. No. 74-179, Order at ¶ 2.

12.     In this case the Court made no finding in the Consent Order that the three requirements outlined in the PLRA were met.  Therefore, the Consent Order must be terminated.

### A.     The Consent Order is not narrowly drawn.

13.     Section 3626(b)(2) states that prospective relief must be terminated where it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn.  In this case when the Court approved the Consent Order in 1982 it did not make any concomitant findings that the relief was narrowly drawn to correct constitutional violations.

14.     Moreover the Consent Order and CCPD are broad covering the entire system of penal discipline and sanctions for DCC.  (Exhibit "B" at 100.11).  Thus the Consent Order is not narrowly tailored and fails to satisfy the first criterion.

### B.     The Consent Order extends further than necessary.

15.     The second criterion under § 3626(b)(2) is that the prospective relief must be terminated where it was granted in the absence of a finding that the relief extends no further than necessary to correct the violation of a Federal right.  The Consent Order in the instant action cannot possibly meet the second requirement because there were never any findings of a violation of a Federal right.

16.     At the time of the initial litigation, the Plaintiffs claimed an alleged violation of due process.  This claim, however, would clearly fail under modern jurisprudence as the United States Supreme Court's holding in *Sandin v. Connor,* 515 U.S. 472 (1995), precludes the possibility of a due process violation where an inmate is placed in isolation for a few weeks or even a few months.  In *Sandin*, the Court held that inmates generally do not have a liberty interest in disciplinary sanctions, and only those which impose "atypical and significant hardship" on an inmate in relation to ordinary incidents of prison life would create a liberty interest triggering a hearing requirement.

*Sandin,* 515 U.S. at 484.  The Court also held that a sanction of 30 days in isolation does not implicate a liberty interest.  *Id.* at 486.

17.    In contrast, the DCC CCPD requires a hearing for even a sanction of one day in punitive isolation.  (Exhibit "B" at ¶ 300.001.)  In addition to the fact that no violation was ever shown in this action, the fact that there is an established hearing process at DCC that would accord with any due process requirement weighs strongly against continuance of the instant Consent Order.

### C.    The Consent Order is not the least intrusive means.

18.    Finally, the third requirement of section 3626(b)(2) is that the prospective relief must be terminated where it was approved in the absence of a finding that the relief is the least intrusive means necessary to correct the violation of the Federal right.  Again no findings were made by the Court with respect to whether the Consent Order was the least intrusive means necessary to correct any alleged violation of a federal right.  Therefore the Consent Order violates the PLRA.

19.    Moreover, in this case the attached affidavit of Bureau of Prisons Chief Paul Howard (Exhibit "E") demonstrates that the DCC CCPD, mandated by the Consent Order, has caused multiple serious problems for the Department of Correction and has been extremely harmful to the orderly operation of the Delaware prisons.  For example the CCPD:  (1) creates inconsistent standards between prisons, as all other institutions have one Code of Penal Discipline (Bureau of Prisons Procedure No. 4.2, entitled "Rules of Conduct," copy attached at Exhibit "F") and DCC has another, different one—depriving the Department of the ability to promulgate uniform rules of conduct throughout the system;  (2) promotes disparate inmate treatment among inmates

of different institutions under the point-based classification system, which scores inmates on institutional behavior that may be disciplined differently at the different institutions; (3) does not permit an amount of good time greater than 30 days to be revoked at DCC under any circumstances—thereby weakening an important administrative tool and disincentive for disruptive or violent inmate behavior (compare sanctions under section 300.210 of the CCPD to sanctions on page 16 of Procedure 4.2); (4) contains no provision for modification or updating of the rules—thus, for example, illicit use of tobacco or failure to participate in treatment programs, or use of restitution as a sanction cannot be added as offenses at DCC;  and (5) the requirement under section 300.243 of the current DCC CCPD that appeals of an inmate disciplinary offense go to the central DOC administration (Commissioner, Bureau Chief or designee) has caused extensive delays in resolution of disciplinary proceedings at DCC.  (Howard Aff. at ¶ 2.)

20.    When the Consent Order and CCPD were first imposed, the population of DCC was approximately 830—today it is approximately 2400, almost three (3) times the initial population.  (Howard Aff. at ¶ 2.)  Since its institution the CCPD has caused a substantial backlog of appeals to the central DOC office, and the delay in resolving disciplinary offenses at DCC frequently has an unnecessarily adverse effect on an inmate's classification.  (Howard Aff. at ¶ 2.)  In fact, the various problems that this Consent Order has caused the DCC and DOC are prime examples of the reasons and need for the PLRA and its restrictions on the use of consent decrees.

21.    The Consent Order approved by the Court in this case does not satisfy any of the three requirements of § 3626(b)(2).  There were no findings by the Court that the relief was narrowly drawn, extends no further than necessary to correct the

violation of a Federal right, or that it was the least intrusive means necessary to correct the violation of a Federal right. Therefore, unless the Consent Order falls within the exception to § 3626(b)(2), it must be terminated.

## II. The Consent Order Does Not Fall Within The Limitation Of § 3626(b)(3).

22.    Section 3626(b)(3) of the PLRA provides a limitation to the immediate termination of prospective relief pursuant to § 3626(b)(2). It states:

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3).

23.    As stated earlier this Court never found a violation of a Federal right by the Defendants. Moreover there are no current or ongoing constitutional violations at DCC concerning the CCPD or the inmate disciplinary procedures. Accordingly, because there are no current or ongoing violations by DCC, the prospective relief imposed by the Consent Order is no longer necessary to correct a current or continuing violation of a Federal right and must be terminated.

24.    Defendants are entitled to the termination of the Consent Order pursuant to 18 U.S.C. § 3626(b)(2) because (1) it does not satisfy the criteria for prospective relief; (2) there are neither current nor ongoing violations, and (3) the prospective obligations imposed do not remain necessary to correct a current or continuing violation of a Federal right.

WHEREFORE, Defendants request that this Court, at its earliest convenience, and no later than 30 days following the filing of this Motion, enter an order, substantially in the form attached hereto, vacating the October 4, 1982 Consent Order and terminating its prospective relief.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400

Attorney for Defendants

Dated: February ___, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH EMERSON-WEST, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 78-14 SLR |
| v. | ) | |
| | ) | |
| WALTER REDMAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Upon the Defendants' Motion For Relief From Consent Decree (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** as follows:

1.     The Motion is **GRANTED**.

2.     The Consent Decree ordered on October 4, 1982 is hereby **TERMINATED**.

3.     The Parties are **RELIEVED** from the terms of the Consent Decree and the Correction Code of Penal Discipline.

SO ORDERED this _____ day of _____, 2006.

_____

The Honorable Sue L. Robinson
United States District Court Judge

# <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on February ___, 2006, I caused

a true and correct copy of the attached *Defendants' Motion For Relief From Consent*

*Decree* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**
Douglas A. Shachtman, Esquire
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, #302
Wilmington, DE 19806
Attorney for Plaintiffs

Salih Muhammad Al-Shabazz
Howard R. Young Correctional Facility
P.O. Box 9561
Wilmington, DE 19809
Pro se

Hassan Umar Sharif
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Pro se

**MANNER OF DELIVERY:**
__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendants