## CORRECTION CODE OF PENAL DISCIPLINE

100      **GENERAL PROVISIONS**

**PURPOSES AND OBJECTIVES**

100.11    The purpose of this code is to establish a system of penal discipline which defines, and prescribes appropriate sanctions for, conduct that unjustifiably causes or threatens substantial harm to individual, institutional or state interests.

100.12    This Code will be construed according to the fair meaning of its terms, to promote justice and to accomplish the following general objectives:

(a) To promote the safety and welfare of everyone within the institution.

(b) To promote the efficient administration and operation of the institution.

(c) To define what conduct is prohibited in the institution and state the sanctions that may be imposed to punish such conduct.

(d) To prevent arbitrary or retaliatory treatment of inmates accused or convicted of offenses.

(e) To prescribe penalties that are proportionate to the seriousness of the offenses.

(f) Generally, to provide a climate of certainty within which both correctional staff members and inmates will have a clearer picture of the relationship of each to the other and each to the interests of the institution.

**DEFINITIONS**

100.31    "Willfully" - an inmate acts "willfully" with respect to his conduct or to a result thereof, when it is his conscious purpose

to engage in the conduct or cause the result.

100.32   "Bodily Injury" means physical pain, physical illness or the impairment of any physical condition.

100.33   "Contraband" means any article, substance or thing which is not authorized by The Department of Correction, obtainable through the institutional commissaries, specifically permitted by applicable prison regulations, or otherwise specifically authorized by the institutional Warden or his designee.

100.34   "Offense" means conduct that is prohibited by this Code.

100.35   "Deadly Weapon" means any firearm, weapon, or other device, instrument, material or substance which in the manner in which it is used or is intended to be used is capable of producing death or serious bodily injury.

100.36   "Privilege" means any benefit conferred upon the inmate population by institutional regulation.

ATTEMPT, CONSPIRACY, AND ACCESSORIES

100.37   Attempt: An inmate commits an attempt when he does an act which constitutes a substantial step in a course of conduct planned to result in the commission of a rule violation.

100.38   Conspiracy: An inmate commits a conspiracy when he agrees with one or more persons to engage in a rule violation and then acts to carry out that agreement.

100.39   Accessory: An inmate is an accessory if he knowingly provides assistance to an inmate committing a rule violation.

100.40   The offenses of conspiracy, attempt and accessory will be punishable in the same degree as the rule violation involved.

200. **RULES**

200.10 **MINOR OFFENSES**

200.101 **Unauthorized Use of Property of Another:** Taking, exercising control over or otherwise using the property of another person without the consent of the owner.

200.102 **Off Limits**

(a) Failing to report as prescribed to an appointed place of duty or assignment or to any other place where directed by the valid order of a correctional staff member.

(b) Leaving without permission from an appointed place of duty or assignment to any other place where directed to remain by the valid order of a correctional staff member.

(c) Entering or remaining in a prohibited area "Prohibited area" as used herein means any area to which inmate has not been authorized to be present.

200.103 **Gambling:** Organizing or participating in, wagers or games for personal gain, money or anything of value.

200.104 **Refusal to Work:** Refusing to perform work assignments.

200.105 **Abuse of Privileges:** Willful violation of any institutional regulation dealing with a privilege.

200.106 **Creating a Health, Safety, or Fire Hazard:** Activities which create a situation dangerous to the health or safety of persons within the institution, or create a danger of fire within the institution.

200.107 **Damage or Destruction of Property (under $10.00):** Tampering with, damaging or destroying property belonging to the State of Delaware or to another person when the replacement value of such property is less than $10.00.

200.108   Failing to Obey an Order:   Willfully failing to obey any order issued by institutional staff.

200.109   Refusal to cooperate in Drug-Abuse Testing:   Willfully refusing to provide a urine sample, to breathe into a breathalyzer or to participate in other drug-abuse testing.

200.110   Possession of Unauthorized Clothing:   Possessing any article of clothing which is not specifically authorized for inmate wear.

200.111   Possession of Non-dangerous Contraband:   Possession or control of any contraband which by its nature does not present substantial danger to the safety of persons within the institution.

200.112   Abuse of Prescribed Medication:   Willfully hoarding medication which the inmate is authorized to receive.

MAJOR OFFENSES

200.201   Assault:   Willfully causing bodily injury to another person.

200.202   Sexual Misconduct:   Willfully engaging or soliciting or attempting to engage in sexual relations with another person within the institution.

200.203   Disorderly or Threatening Behavior:   (a) Fighting, or other violent, or threatening behavior. (b) Insulting, taunting or challenging another person, in a manner likely to produce a violent or disorderly response.

200.204   Restraint:   Willfully restraining another person under circumstances which may expose the other person to a risk of bodily injury.

200.205   Theft:   Willfully taking or withholding property of another person intending to keep such property from its owner.

200.206     **Arson:** Willfully starting a fire or causing an explosion within the institution.

200.207     **Receiving Stolen Property:** Receiving or possessing property of another person knowing that it has been stolen or believing that it has probably been stolen, unless a correctional officer has been notified or other reasonable efforts are made to restore the property to its owner.

200.208     **Forgery:** Falsely making, completing or altering a written document with intent to defraud or deceive another person.

200.209     **Damage or Destruction of Property (over $10.00):** Tampering with, damaging or destroying property belonging to the State of Delaware or to another person when the replacement value of such property is equal to or exceeds $10.00.

200.210     **Influencing a Witness:** While believing that an official proceeding or an official investigation is pending or about to be instituted:

     (a) Attempting to cause a witness to testify falsely or to withhold any testimony or information or other evidence; or

     (b) Committing any act prohibited by these rules in retaliation for anything done by another person in his capacity as a witness; or

     (c) Soliciting, accepting or agreeing to accept any benefit in return for providing false testimony or information or withholding any testimony or information or other evidence.

200.211     **Bribery:** Giving, offering or promising anything of value to any correctional staff member with the intent:

(a) To influence any act within the official responsibility of the officer; or

(b) To induce such correctional staff member to do or omit from doing any act in violation of his official duty.

200.212 **Falsifying Physical Evidence**: While believing that an official proceeding or an official investigation is pending or about to be instituted:

(a) Altering, destroying, concealing or removing anything with intent to impair its authenticity or availability in such proceeding or investigation.

(b) Presenting or using anything knowing it to be false, with intent to deceive a correctional staff member or anyone who is or will be a member of such proceeding or investigation.

200.213 **Lying**: Willfully making a false statement to a Department of Correction staff person with intent to deceive such staff member.

200.214 **Escape**: Leaving the confines of the institution (or from official custody while beyond the confines of the institution, or failing to return to official custody within the institution following temporary release from the institution) without proper authorization.

200.215 **Inciting to Riot**:

(a) Inciting or urging a group of two or more other inmates to engage in a current or pending riot; or

(b) Commanding, directing, instructing or signalling a group of two or more other inmates to cause, continue or enlarge a riot.

(A "riot" is a disturbance involving an assemblage of three or more

persons which by violent conduct creates a grave danger of damage or injury to property or persons and substantially disrupts the normal functioning of the institution through violence. An inmate may be found guilty of Inciting to Riot even where no riot actually occurs as a direct or indirect result of his urging.)

200.216    Engaging in a Riot: Participating in a riot which is in existence at the time of his act. However, no inmate who is merely present at the scene of an ongoing riot is guilty of an offense under this section, provided that he moves to a designated area after being directed to by proper authority.

200.217    Giving a False Alarm: Willfully communicating a false report concerning a fire, explosion, or other catastrophe or emergency where the report is likely to cause the evacuation of a building or to cause the correctional staff to respond in alarm.

200.218    Possession of Dangerous Contraband: Possession or control of contraband which by its nature presents substantial danger to the safety of persons within the institution, such as any deadly weapon or explosive device.

200.219    Possession of Intoxicant, Non-Prescribed Drugs, or Paraphernalia: Possession or control of intoxicating beverages, medication, or drugs not prescribed by a member of the institutional medical staff. Possession of paraphernalia necessary to administer such substances shall constitute a violation of this section.

200.220    Possession of Money and Coin: Possession of money, cash, currency or other forms of legal tender.

200.221    Using Intoxicants or Non-Prescribed Drugs: Use of any intoxicating beverages, medication, or drugs not prescribed by a

member of the institutional medical staff.

200.222   **Possession of Staff Clothing:** Possession of any article of clothing which is identifiable as part of, or an accessory to, the Department of Correction staff uniform.

200.223   **Extortion, Blackmail or Protection:** Demanding of, or receiving from, another person money or anything of value in return for protecting that person from others, refraining from committing bodily injury or sexual assault on that person or refraining from reporting to authorities any activity, real or fictitious, of that person.

200.224   **Indecent Exposure:** Willfully exposing the genitals or buttocks to any person other than another inmate under circumstances in which the conduct is likely to cause affront or alarm.

200.225   **Inmate Demonstrations:** (a) Inciting or urging two or more other inmates to engage in a disturbance involving non-violent conduct which substantially disrupts the normal functioning of the institution. (b) Participating in a disturbance involving non-violent conduct which substantially disrupts the normal functioning of the institution.

300       **DISCIPLINARY PROCEDURES**

300.001   Except as set forth under 300.160 and 300.250 herein, notice and hearing before a Hearing Officer, as set forth in this procedure, shall be provided prior to the imposition of any sanction as defined herein against an inmate for the violation of a rule of this institution.

**Procedures following a Minor Offense.**

300.110   A minor offense as defined at 200.101 - 200.112 is a rule violation in which the extent of the sanctions to be imposed

Appendix 'A'
Page 9 of 19

shall be restricted to:

(a) Written reprimand;

(b) Loss of one or more privileges for a period of time of more than 24 hours but less than 15 days.

300.120   Upon the reasonable belief of an institutional staff member that such an offense has been committed, he may file a written disciplinary report of the incident with the shift supervisor. Such report shall include:

(a) The specific rule violated.

(b) The facts surrounding the incident.

(c) The names of witnesses to the incident, if any.

(d) The disposition of any evidence involved.

(e) Any immediate action taken.

(f) The date and time of the offense.

(g) The signature of the reporting officer.

300.130   Should a staff member believe an offense may be properly responded to by a verbal reprimand, warning and/or counseling, he may so respond, in which case no disciplinary report need be prepared. A counseling report of this action will be made by the staff member, a copy placed in the inmate's file and a copy given to the inmate. The inmate may prepare a response to counseling reports, which shall be placed with the report in the inmate's file.

300.140   Upon the filing of the disciplinary report alleging commission of a minor offense, the following steps will be undertaken.

**Notice**

300.141   A copy of the disciplinary report, as a notification of the charges, shall be given to the inmate at least 24 hours prior to

the hearing.

300.142  The notice shall advise the inmate of his rights in the disciplinary process.

### Hearing

300.143  All hearings for minor offenses shall be conducted by an impartial hearing officer, who shall not have had a direct involvement with the alleged incident nor shall have had supervisory responsibility over the accused inmate during the six month period immediately preceding the hearing. The hearing officer shall be of a rank no lower than Lieutenant.

300.144  The inmate shall be present at all phases of the hearing, unless his behavior becomes disruptive to the proceedings. Reasons for such exclusion shall be stated in writing.

300.145  The inmate shall be allowed to make a statement and present any reasonable evidence, including written statements from others, in his behalf.

300.146  Unless the Hearing Officer feels additional oral testimony is necessary, his decision may be based on the disciplinary report, the statements of the inmate, and any other relevant written information presented at the hearing.

### Record of Findings

300.147  Following the hearing, the Hearing Officer shall state in writing, his findings, the evidence relied on and the sanctions imposed, if any. No sanction shall be executed during the period referred to in 300.150 unless the inmate indicates in writing that he does not intend to appeal. (See explanatory note following 300.245).

Cumulative consecutive sanctions shall not be imposed for a

Appendix 'A'
Page 11 of 19

single act. (See e.g. 300.240.)

300.148   Copy of this report shall be given to the inmate.

### Appeal

300.149   The inmate shall be advised of his right to appeal the decision to the Commissioner, Bureau Chief or their designee and shall be provided with an appeal form.

300.150   The appeal form must be completed and given to a shift commander or his assistant within 72 hours of the inmate's receipt of the record of the hearing. FAILURE TO COMPLY WITH THIS TIME LIMIT MAY CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL. The time limit shall run only while the inmate is incarcerated at the institution.

300.151   Upon the filing of the appeal form the Hearing Officer shall grant a stay of any sanction imposed at the disciplinary hearing until an appeal decision is rendered. (See explanatory note following 300.245.)

300.152   All appeals shall be heard by the Commissioner, Bureau Chief or their designee. The appeal decision shall be in writing and should be rendered within 10 days of receipt of the appeal. A copy of the decision shall go to the inmate.

300.153   The official hearing of the appeal may affirm the decision, reverse the decision, or remand the decision back to the Hearing Officer for further proceedings. Sanctions may be reduced, but not increased.

300.160   Notwithstanding any other provision of 300.130 and 300.140 to the contrary, should a shift supervisor, upon reviewing the disciplinary report, determine that an offense may be properly responded to by an immediate revocation of one or more

privileges for a period of time not to exceed twenty-four hours, he may so respond.

300.161  As used in this subsection, the term "privilege" shall not include attendance at educational classes, vocational training sessions, counseling sessions, alcohol/drug rehabilitation programs, regular job assignments or religious services, nor shall it include any right which is secured to an inmate by the Constitution or any law of the United States or the State of Delaware.

Procedures Following a Major Offense

300.210  A major offense as defined in 200.201 - 200.225 is a rule violation in which a more severe sanction may be imposed than permitted for a minor offense. Sanctions which may be imposed for a major offense shall be restricted to:

(a) Written reprimand.

(b) Loss of one or more privileges for a period of time of more than 24 hours but less than 60 days.

(c) Confinement to assigned quarters for a period of time not to exceed 30 days.

(d) Isolated confinement for a period of time not to exceed 15 days.

(e) Loss of good time for a period of time not to exceed 30 days.

300.211  Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.

300.220  Upon the reasonable belief of an institutional staff member that such an offense has been committed, he shall file a written disciplinary report of the incident with the shift supervisor.

Such report shall include:

(a) The specific rule violated.

(b) The facts surrounding the incident.

(c) The names of the witnesses to the incident, if any.

(d) The disposition of any evidence involved.

(e) Any immediate action taken.

(f) The date and time of the offense.

(g) The signature of the reporting officer.

300.230  Upon the reporting of the alleged major offense, the following steps will be undertaken.

Notice

300.231  A copy of the disciplinary report, as a notification of the charges, shall be given to the inmate at least 24 hours prior to a hearing.

300.232  The notice shall advise the inmate of his rights in the disciplinary process.

Pre-hearing detention

300.233  Until the hearing, the inmate is entitled to remain in his existing status, unless he becomes a sufficient threat to other inmates, staff members, or himself to warrant pre-hearing detention.

300.234  If pre-hearing detention is ordered by the shift supervisor such order must be reviewed by the superintendent or his designee within 24 hours. Failure to do so will return the inmate to his previous status.

300.235  Any time spent in pre-hearing detention shall be credited against any subsequent sanction imposed.

**Hearing**

300.236  All hearings for major offenses shall be conducted by an impartial Hearing Officer, who shall not have had supervisory responsibility over the accused inmate during the six month period immediately preceding the hearing. A hearing officer shall be disqualified to preside over hearings in which he witnessed the incident in question, was involved in preparation of the charge, or is otherwise biased against the inmate who is the subject of the hearing. The hearing officer shall be of a rank no lower than Lieutenant.

300.237  At the hearing, the inmate shall be entitled to the following:

(a) An opportunity to be present during all phases of the hearing, except that he may be excluded during the Hearing Officer's deliberations and at any time the inmate's behavior becomes disruptive to the proceedings. Reasons for such exclusion shall be stated in writing.

(b) The accused inmate may consult with counsel or counsel substitute prior to the hearing. At the hearing, an inmate may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitutes may present an inmate's case at a disciplinary hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as illiteracy and intelligence of the inmate, the complexity of the issues under consideration, and any other factors which may prevent the inmate from making a complete presentation on his own behalf.

(c) Copies of any written information which the Hearing Officer

may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual; reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, its contents will be summarized for the inmate to the extent this may be done without creating a substantial risk to institutional or personal safety.

(d) An opportunity to make a statement and present documentary evidence.

(e) An opportunity to call witnesses on his behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety or would endanger the physical safety of any individual; such reasons for denial to be stated in writing.

(f) An opportunity to confront and cross-examine his accuser and all adverse witnesses, unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial stated in writing.

300.238 At any time during the hearing, the Hearing Officer may exclude evidence, although relevant, if its evidential value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence; such reasons to be stated in writing.

300.239 At any time during the hearing, the Hearing Officer on his own motion, may order an investigation into the incident and continue the hearing at a future time.

## Decision and Record of Finding

300.240   At the conclusion of the hearing the Hearing Officer shall announce the decision and sanction if any. The decision shall be put in writing, and a copy shall be given to the inmate. The imposition of any of the sanctions enumerated in 300.210 above may be suspended and, in lieu thereof, the inmate may be placed upon probation for a period of time not to exceed 90 days. No sanction shall be executed during the period referred to in 300.244 unless the inmate indicates in writing that he does not intend to appeal. (See explanatory note following 300.245.) Cumulative consecutive sanctions shall not be imposed.

(a) Permissible e.g.: Inmate swears at and strikes a correctional officer. He may be sanctioned for "Disrespect to a correctional officer" and "Assault on a correctional officer".

(b) Impermissible e.g.: Inmate uses profane language to a correctional officer. He may not be given cumulative consecutive sentences for "Abusive language" and "Disrespect to a correctional officer".

300.241   In addition to the written decision and sanction notice, the Hearing Officer shall prepare a written record of the hearing. Such record should be completed within five working days of the hearing and shall contain:

(a) The Hearing Officer's decision.

(b) The sanction imposed.

(c) A summary of the evidence upon which the decision and sanction were based.

(d) A list of all witnesses and a summary of their testimony.

(e) A statement as to whether the sanction is stayed during an appeal and the reasons for that decision.

(f) The date and time of the hearing.

(g) The signature of the Hearing Officer.

300.242  A copy of the written record shall be given to the inmate.

Appeal

300.243  The inmate shall be advised of his right to appeal the decision to the Commissioner, Bureau Chief or their designee and shall be provided with an appeal form.

300.244  The appeal form must be completed and given to a Shift Commander or his assistant within 72 hours of the inmate's receipt of the record of the hearing. FAILURE TO COMPLY WITH THIS TIME LIMIT MAY CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL. The time limit shall run only while the inmate is incarcerated at the institution.

300.245  Upon the filing of the appeal form, the Hearing Officer shall grant a stay of any sanction imposed at the disciplinary hearing until an appeal decision is rendered. EXPLANATORY NOTE: For both major and minor offenses, the execution of the sanction is automatically stayed for 72 hours immediately following the inmate's receipt of the record unless the inmate indicates, in writing, that he does not intend to appeal. The purpose of the automatic stay is to afford an inmate time to decide if he wishes to appeal. If the inmate files a timely appeal form, 300.147 and 300.240 provide that the hearing officer must stay the execution of the sanction until an appeal decision is rendered. If no appeal form is filed within the stated time period or, if during the stated time period, the inmate

indicates in writing that he does not intend to appeal, the sanction shall be executed.

300.246  All appeals shall be heard by the Commissioner, Bureau Chief, or their designee. The appeal decision shall be in writing and should be rendered within ten days of receipt of the appeal. A copy of the decision shall go to the inmate.

300.247  The official hearing of the appeal may affirm the decision, reverse the decision, or remand the decision back to the Hearing Officer for further proceedings. Sanctions may be reduced, but not increased.

300.250  Notwithstanding any other provision of 300.230 to the contrary, should a Shift Supervisor, upon reviewing the disciplinary report, determine that an offense may be properly responded to by an immediate revocation of one or more privileges for a period of time not to exceed 24 hours, he may so respond.

300.251  As used in 300.250, the term "privilege" shall not include attendance at educational classes, vocational training sessions, counseling sessions, alcohol/drug rehabilitation programs, regular job assignments or religious services. Nor shall it include any right which is secured to an inmate by the Constitution or any law of the United States or the State of Delaware.

Expungement

300.300  If an inmate is found not guilty of an offense, major or minor, all reference to that offense shall be removed from his file, if reasonably possible. Otherwise, the finding of not guilty shall be clearly indicated in his file.

### Procedures Following Criminal Misconduct

300.410  Upon the determination of the shift supervisor or the Hearing Officer that an inmate has committed a criminal offense, the Warden or his designee will be notified without delay. The proper law enforcement authority shall then be notified.

300.420  Any disciplinary hearing for this alleged offense shall be conducted in accordance with 300.236 - 300.237 and the inmate shall be advised that he has the right to remain silent in the hearing and that his silence will not be construed adversely against him at the hearing.

### Procedures Following an Emergency

300.510  In the event of a widespread institutional disruption which requires emergency action, any or all portions of these regulations may be temporarily suspended.

300.520  Any inmate involved in the emergency may be detained without a hearing throughout the course of the emergency.

300.530  Upon the restoration of order, all inmates who were detained shall be accorded all disciplinary procedures as provided by this regulation.