IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORTH EMERSON-WEST, et al,    )
                              )
    Plaintiffs,                )    C.A. No. 78-14-SLR
                              )
    v.                         )
                              )
WALTER W. REDMAN, et al,      )
                              )
    Defendants.                )

**MEMORANDUM ORDER**

1. This class action suit relating to prison conditions and disciplinary procedures at the Delaware Correctional Center was terminated pursuant to a Consent Order dated October 4, 1982. (D.I. 213) The gravamen of the Consent Order was the creation of the Correction Code of Penal Discipline ("CCPD"). Plaintiffs Hassan Umar Sharif a/k/a George Robinson and Salih Muhammad Al-Shabazz a/k/a Cecil La'Roy Hall, members of the class, filed a "Motion for Relief From Judgment or Order Pursuant to Federal Civil Rule 60(b)." (D.I. 218) Defendants subsequently filed "Defendants' Response to Plaintiffs' Motion for Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)," and similarly made a motion to open the judgment. (D.I. 228) The Court granted the motion to open the judgment. (D.I. 228)

2. Plaintiffs contend that the Consent Order is void and offer four grounds to support their motion for relief from the terms of the Consent Order. First, the CCPD conflicts with rights established pursuant to a prior Settlement Agreement from 1972, Wilgus v. Peterson, CA 4263 (D.Del. 1972), which

established "Rules for the Treatment of Inmates" ("RTI"). Second, the CCPD was promulgated in a manner inconsistent with the Delaware Department of Correction Administrative Regulation §001. Third, the Warden, who presumably negotiated and entered into the Consent Order, had no authority to promulgate department-wide policy. Fourth, the CCPD was superseded by the subsequent approval of Administrative Regulation §1102 on July 6, 1983, which essentially reaffirmed the applicability of the RTI in Delaware correctional facilities. As relief, the plaintiffs request that the CCPD be replaced by the RTI and that the disciplinary records of George Robinson be expunged of all infractions adjudicated under the CCPD.

    3.    Defendants request that this Court modify the Consent Order so as to provide a mechanism for modifications of the CCPD. The defendants contend that this is necessary due to changes in circumstances. Defendants fail to articulate what changes have occurred, other than to imply that changes necessarily occur over time.

    4.    The Consent Order established the CCPD, and appears to have provided for a one-year period of applicability of certain of its provisions, with an option for the plaintiffs to request a further extension. (D.I. 213 at ¶11) While ¶11 does not provide for a time limit with respect to the Court's jurisdiction over the terms of the Consent Order, it clearly evidences an intent that if the parties encountered any problems in the implementation and design of the Consent Order, those

issues should have been presented to the Court within a reasonable period.

     5.    Federal Rule of Civil Procedure 60 provides in pertinent part:

> **Relief From Judgment or Order**
>
> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> . . .
> (4) the judgment is void; (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . [1]

A motion under Rule 60 is not generally a substitute for an appeal. <u>Marshall v. Board of Education, Bergenfield, N.J.</u>, 575 F.2d 417, 425 (3d Cir. 1978). The United States Court of Appeals for the Third Circuit, has noted the following factors to be considered by a district court when exercising its discretion under Rule 60(b):

> [1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; . . . [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack. . . .

---

1. The three other instances in which a court can grant relief from a judgment or order are clearly unavailable in this case as motions under those provisions must be made within one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. Pro. 60(b). As plaintiffs brought this motion eight years after the order was entered, those provisions do not apply.

Laskey v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986) (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice at ¶60.19, pp. 60-164 to 60-165 (2d ed. 1985)).

    6. Plaintiffs contend in their motion that the Consent Order is void, thus implicating Rule 60(b)(4). The Court disagrees. A judgment or an order of a court is void if the court acts without jurisdiction over the parties or the subject mater, if the court's action is not within powers granted to it by law, or if the court acts in a manner inconsistent with due process of law. Marshall, 575 F.2d at 422; V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224-25 (10th Cir. 1979). There is no question in this case that the Court had jurisdiction over the parties, Delaware prisons and prisoners, and the subject matter, a 42 U.S.C. §1983 challenge to the conditions and disciplinary procedures of the Delaware Correctional Center. Also, the Court was clearly within its powers under §1983 to afford the relief granted. See, e.g., Johnson v. Capitol City Lodge No. 74, Fraternal Order of Police, 477 F. 2d 601 (4th Cir. 1973); Carter v. Gallagher, 452 F.2d 315 (8th Cir. 1971), cert. denied, 406 U.S. 950 (1972).

    7. Plaintiffs do not argue that the Court acted in a manner inconsistent with due process. Plaintiffs do appear to contend that the Consent Order was promulgated in a manner inconsistent with the due process required under Administrative Regulations of the Delaware Department of Corrections. The Court will assume, without deciding, that plaintiffs have some due process interest in those Regulations. It is inconceivable,

however, that plaintiffs can challenge such actions when it was the plaintiffs' §1983 suit that caused the changes embodied in the Consent Order. If not for this suit, there would have been no changes in a manner inconsistent with the Administrative Regulations. In any event, in a §1983 suit challenging internal prison disciplinary procedures as being unconstitutional, departmental administrative regulations regarding how those procedures can be changed become subordinate to such equitable relief that the Court deems necessary to remedy the challenged constitutional infirmities. Thus, the fact that the CCPD was a creature of the Consent Order, and not promulgated pursuant to the Administrative Regulations, does not render the Consent Order void.

8. The Plaintiffs' final contention is that the CCPD violated rights established under Wilgus. However, the procedures established under Wilgus were the procedures being challenged in this suit. Thus, the plaintiff is now foreclosed from arguing that the procedures that were promulgated as a result of this suit are in conflict with the challenged procedures that were the basis of this suit.

9. Given that the Consent Order is not void, the Court recognizes the plaintiffs' grounds for relief as being in the nature of direct attacks upon the validity of the Consent Order, presumably implicating Rule 60(b)(6). Relief under "Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). This is not a case in which there are extraordinary

circumstances which would justify the relief that plaintiffs seek. The plaintiffs' attacks should have been presented either at the time the Order was entered, or, in the case of the subsequent reaffirmation of the RTI in 1983, within a short time after the parties entered into the Consent Order. It is of no consequence that the plaintiffs are currently proceeding pro se as they were represented by counsel during the pendency of this litigation. The plaintiffs commenced the present attack on the validity of the Consent Order on February 26, 1990 (D.I. 218), which is over eight years after the entry of the Consent Order. Thus, the Court will deny plaintiff's request for relief because of the unreasonable delay in bringing the motion and because Rule 60(b) is not the proper mechanism for such relief.[2]

10. The defendants' request for relief, presumably under Rule 60(b)(5) or (b)(6), will also be denied because it was not timely brought, and because the defendants have failed to demonstrate a significant change in circumstances that would justify granting such relief.[3] "[A] party seeking such relief [under Rule 60(b)(5-6)] must bear a heavy burden of showing circumstances so changed that 'dangers, once substantial, have become attenuated to a shadow' and that, absent such relief an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977) (quoting United

---

2. Because the Court has denied plaintiffs' motion for relief from judgment, the Court also denies plaintiffs' Motion to Strike (D.I. 243).

3. Because the Court has denied plaintiffs' and defendants' motions for relief from judgment, the Court also denies defendants' motion to stay these proceedings (D.I. 242).

States v. Swift & Co., 286 U.S. 106, 119 (1932)). Defendants have shown no changes in circumstances, much less demonstrated a potentially extreme or unexpected hardship. Clearly, when defendants entered into the Consent Order, they were aware that there was no provision in the order with respect to any future modifications. While such a provision may be useful and even necessary, the defendants have failed to provide a shred of support for their motion.

NOW, THEREFORE, after careful review of the motions of both parties,

IT IS HEREBY ORDERED, this 30th day of June, 1993, that:

1. Plaintiffs' motion for relief from judgment (D.I. 218, 240) is DENIED;

2. Plaintiffs' motion to strike (D.I. 243) is DENIED;

3. Defendants' motion for relief from judgment (D.I. 228) is DENIED;

4. Defendants' motion for a stay (D.I. 242) is DENIED;

5. The case is closed.

_____
UNITED STATES DISTRICT JUDGE