| STATE OF DELAWARE | PROCEDURE NUMBER: 4.2 | PAGE: 1 OF 18 |
|---|---|---|
| BUREAU OF PRISONS | RELATED ACA STANDARDS: 29 | |
| PROCEDURE MANUAL | | |
| CHAPTER: 4 DECISION MAKING RELATING TO OFFENDERS | SUBJECT:    RULES OF CONDUCT | |
| APPROVED BY THE CHIEF, BUREAU OF PRISONS: | | |
| EFFECTIVE DATE:  Revised October 1, 2004 | | |

**I.    AUTHORITY:**  DOC Policy 4.2

**II.   PURPOSE:**  To establish reasonable rules of conduct and a system of penal discipline for inmates under the jurisdiction of the BOP. The purpose of discipline is to correct behavior. The least serious sanction needed to correct the inmate's behavior should be used.

**III.  APPLICABILITY:**  All BOP employees, volunteers, persons or organizations conducting business with the BOP, all inmates under the supervision or custody of the BOP.  This procedure will not be used at Delaware Correctional Center.  The Corrections Code of Penal Discipline will be used at DCC.

**IV.   DEFINITIONS:**

   **A.   ATTEMPT:** An act which constitutes a substantial step in a course of conduct planned to result in the commission of a rule violation and/or criminal offense.

   **B.   CLASS I OFFENSE:** Violations, which are termed a major misconduct and are considered serious.

   **C.   CLASS II OFFENSE:** Violations, which are termed a minor misconduct and are considered less serious.

   **D.   CONTRABAND:** Article, substance or thing which is not authorized by the Department of Correction, obtainable through the institutional commissaries, specifically permitted by applicable prison regulations, or otherwise specifically authorized by the Warden, and the accumulation of authorized items beyond the established limit.

   **E.   INTOXICATION:** Condition in which a person's powers of self-control have been impaired because of the consumption of alcohol and/or drugs.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 2 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

**F.** LEAD WORKER: An employee who continuously works in a limited supervisory capacity as a function of the employee's normal duty assignment.

**G.** PRIVILEGES: Benefits conferred upon the inmate population by institutional regulation including commissary, recreation (including tier recreation), telephone calls, and visits, which may be temporarily revoked for violation(s) of the Rules of Conduct.

**H.** PROHIBITED AREA: Any area to which an inmate is not authorized to be present.

**I.** RESTITUTION: Repayment for property taken, damaged or destroyed by an inmate.

**J.** RIGHT: Anything guaranteed by law, which may not be revoked as a disciplinary sanction.

**K.** SUMMARY ACTION: Action taken by an authorized person without benefit of a disciplinary hearing. The sanction for Summary Action shall be from the time it is imposed, not the time of the incident.

**L.** UNIT SUPERVISOR: An employee of the rank of Lieutenant or higher with supervisory responsibilities over a unit or sub-unit within a facility.

**M.** WATCH COMMANDER: An employee of the rank of Lieutenant or higher with supervisory responsibilities over an entire facility during the employee's shift and/or tour of duty. (May be a Sergeant in smaller institutions)?

**N.** WILLFULLY: Conscious purpose to engage in the conduct or cause the result.

**V.** **PROCEDURE:** This procedure will be construed according to the fair meaning of its terms; to correct behavior, not punish; to utilize the least restrictive sanction that achieves desired behavior; to promote justice; and to accomplish the following general objectives:

**A.** Promote the safety and welfare of everyone within the institution.

**B.** Promote the efficient administration and operation of the institution.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 3  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

C.    Define what conduct is prohibited in the institution and state the
      Sanctions that may be imposed to punish such conduct. Prisoners of
      the Department shall have access to those portions of the
      disciplinary rules which would result in a disciplinary action or
      loss of privileges.  This access may take form as posted bulletin
      boards, law library file copies, housing unit postings, or other
      general notice formats approved in advance by the Commissioner.
      Individual copies of specific disciplinary rules will be made
      available at the inmate's written request and expense, in similar
      manner to other law library document requests.

D.    Prevent arbitrary or retaliatory treatment of inmates accused or
      convicted of offenses.

E.    Prescribe penalties that are proportionate to the seriousness of
      the offenses.

F.    Provide a climate of certainty within which both correctional staff
      and inmates will have a clear picture of the relationship of each
      to the other and each to the interests of the institution.

Upon the reasonable belief of an institutional staff member that an offense
has been committed, he/she should consider if a Summary Action, Class I
disciplinary report or Class II disciplinary report is required. If the
determination is made that the action requires Summary Action it shall be
completed as outlined in this procedure. If a disciplinary report is
required, the report shall include:

A.    The specific rule (s) violated.

B.    The facts surrounding the incident.  Conjecture or
      conclusion shall not be made by reporting staff.

C.    The names of the witnesses to the incident, if any.

D.    The disposition of any evidence involved.

E.    Any immediate action taken.

F.    The date and time of the offense.

G.    The signature of the reporting staff member.

The disciplinary report should be submitted before the end of the shift,
and must be submitted within 24 hours.  All staff members listed as
witnesses on the disciplinary report should submit an Incident Report (Form
404).   These reports will be turned in to the Watch Commander.

| STATE OF DELAWARE<br>BUREAU OF PRISONS | PROCEDURE NUMBER:<br>4.2 | PAGE:<br>4  OF  18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

The Watch Commander reviews the disciplinary report to determine if the report is complete.   The Watch Commander or designee determines if the violation is a Class I or Class II offense. If the violation is one designated as requiring pre-hearing detention, the Watch Commander or designee (Lieutenant or higher) reviews the report with the inmate and records the inmate's statement about the charges on the form. This should be done at the time of or soon after the inmate is moved to pre-hearing detention.

For other Class I or II the Watch Commander or designee Lead Worker Class II, Lieutenant or higher Class I will review the report with the charged inmate, record the inmate's statement about the charges and provide the inmate with a copy of the disciplinary report.  This will normally be done on the shift the report is written or within 24 hours if circumstances do not permit it.  In all cases the report will be provided to the inmate at least 24 hours before the hearing.

Inmates assigned to pre-hearing detention will have their Class I hearing not less than 24 hours nor more than 72 hours (excluding weekends and holidays) after placement in pre-hearing detention.

**PRE-HEARING DETENTION:** The following offenses are considered serious and should require automatic pre-hearing detention:

A.   Arson

B.   Assault

C.   Engaging in a Riot

D.   Escape and Attempt to Escape

E.   Felony

F.   Fighting

G.   Homicide

H.   Inciting to Riot

I.   Restraint

J.   Sexual Assault

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 5  OF  18 |
| SUBJECT: RULES OF CONDUCT | | |

Watch Commanders may, at their discretion waive automatic pre-hearing detention.  They may impose pre-hearing detention for any Class I Offense when deemed necessary.

For any other offense not listed, the inmate may remain in his existing status unless the inmate is considered a threat to other inmates, staff, or himself sufficient to warrant pre-hearing detention.  When pre-hearing detention is ordered by the Watch Commander for offenses not listed as requiring pre-hearing detention, the Warden must review such order within 24 hours.  Failure to review pre-hearing detention may return the inmate to his previous status.  Any time spent in pre-hearing detention should be credited against any subsequent sanction imposed.  All inmates on pre-hearing detention will have their status reviewed every 24 hours.

The inmate will be given the reasons for pre-hearing detention in writing, and the inmate will have the opportunity to respond to the charges and the pre-hearing detention order.

**CLASS I HEARINGS:**

All Class I hearings will be conducted by an impartial Hearing Officer, who should not have had direct supervisory responsibility over the accused inmate during the six month period immediately preceding the hearing.  A hearing officer will be disqualified to preside over hearings in which he witnessed the incident in question, was involved in preparation of the charge, or is otherwise biased against the inmate who is the subject of the hearing.  The hearing officer will be of rank no lower than lieutenant and may be a supervisor from the nonuniformed staff.

The stipulation requiring six months of no direct supervisory contact may be waived for small facilities with inmate populations of less than 250 that lack sufficient staff of the rank of lieutenant or higher to comply with this requirement.

At the Class I Hearing, the inmate is entitled to the following:

A.  An opportunity to be present during the hearing, except that he may be excluded during the

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 6 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

Hearing Officer's deliberations and at any time the inmate's behavior becomes disruptive to the proceedings.
Reasons for such exclusion will be recorded in writing.

B.  The accused inmate may consult with counsel or counsel substitute prior to the hearing.  At the hearing, an inmate may be accompanied by a counsel substitute who may be either a staff member or an inmate approved by the Hearing Officer. The extent to which counsel substitutes may present an inmate's case at a disciplinary hearing is within the discretion of the Hearing Officer taking into consideration such factors as illiteracy and intelligence of the inmate, the complexity of the issues under consideration, and any other factors which may prevent the inmate from making a reasonable presentation on his own behalf.

C.  Copies of any written information which the Hearing Officer may consider will be provided to the inmate except where disclosure of such information would be hazardous to institutional safety or could endanger the physical safety of an individual.  Reasons for non-disclosure will be stated in writing.

D.  An opportunity to make a statement and present documentary evidence on his behalf including written witness testimony.

E.  An opportunity to call witnesses and/or present written statements on his behalf unless doing so would be irrelevant, redundant, or hazardous to institutional safety and security, or could endanger the physical safety of any individual.  Such reasons for denial will be stated in writing.  The Hearing Officer may also deny witnesses if the Hearing Officer stipulates to or will agree to the testimony that would have been given.  Such stipulation or agreement will be made in writing.

F.  An opportunity to confront and cross-examine his accuser and all adverse witnesses, unless doing so could be hazardous to institutional safety, order and security or could endanger the physical safety of the witness.  Such reasons for denial will be stated in writing.

At any time during the hearing, the Hearing Officer may exclude evidence, although relevant, if its evidential value is outweighed by considerations of undue delay, waste of

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 7 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

time, or needless presentation of cumulative evidence; such reasons shall be stated in writing.

At any time during the hearing, the Hearing Officer on his own motion, may order an investigation into the incident and continue the hearing at a future time.  If the hearing officer finds the facts do not support the charge but do support a different charge, he/she may change the charge and proceed with the hearing.

**DECISION AND RECORD OF FINDING:**

At the conclusion of the hearing the Hearing Officer shall announce the decision and sanction.  The decision and the evidence used to reach that decision will be put in writing and a copy will be given to the inmate.  The imposition of any of the sanctions may be suspended and the inmate may be placed upon probation for a period of time not to exceed 90 days.  No sanction shall be implemented during the period of time that a decision is under appeal.

The Hearing Officer's written record of the hearing should be completed at the hearing and include:

A.   The Hearing Officer's decision.

B.   The sanction imposed.

C.   A summary of the rationale upon which the decision and sanction were based.

D.   A list of all witnesses and a summary of their testimony.

E.   A statement as to whether the sanction is stayed during an appeal and the reasons for that decision.

F.   The date and time of the hearing.

G.   The signature of the Hearing Officer.

All hearing reports of Class I write ups resulting in a finding of guilt will be retained in the inmate's permanent record in the Records Section of the facility.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 8  OF  18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

**CLASS II HEARINGS:**

Class II hearings shall be held by the Unit Supervisor/Lead Worker on the shift that the Class II violation occurred.

At the Class II Hearing, the inmate is entitled to the following:

**A.** An opportunity to be present during the hearing.

**B.** An opportunity to make a statement and present documentary evidence.

Unless the Unit Supervisor/Lead Worker feels additional testimony is necessary, his decision may be based on the disciplinary report, the statement of the inmate, and any other relevant information presented at the hearing.

The Unit Supervisor/Lead Worker will state in writing, utilizing the Disciplinary Hearing Report Form; his findings, the rationale, and the sanctions imposed. The inmate will receive a copy of the written decision and will be advised of his right of appeal. All hearing reports of Class II write ups resulting in a guilty finding will be placed in to the housing unit's working file. An inmate working file shall be forwarded to any facility/unit that an inmate is transferred to.

Three guilty findings for the same Class II offense in a six-month time period will automatically convert the fourth same offense to a Class I hearing.

**APPEALS:**

The inmate will be advised of his/her right to appeal the decision of the Class I Hearing Officer to the Warden or Warden's Designee and will be provided with an appeal form presented from the DACS Disciplinary Module. The inmate will be advised of his right to appeal the decision of the Class II Hearing to a Class I Hearing Officer.

All appeal forms must be completed and forwarded to the Hearing Officer within 72 hours of the inmate receipt of the written record of the hearing.  FAILURE TO COMPLY WITH THIS TIME   LIMIT WILL CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 9 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

Upon filing of the appeal form, the Hearing Officer shall grant a stay of any sanction imposed at the disciplinary hearing until an appeal decision is rendered. If no appeal form is filed within the stated time period or the inmate indicates in writing that he does not intend to appeal, the sanction shall be implemented.

All appeals of Class I offenses will be heard by the Warden or Warden's Designee. All appeals of Class II offenses will be heard by a Class I Hearing Officer. The appeal decision will be in writing and should be rendered within ten (10) working days of receipt of the appeal. A copy of the appeal decision goes to the inmate.

The official hearing the appeal may affirm the decision, reverse the decision, or remand the decision back to the Hearing Officer for further proceedings. Sanctions may be reduced but not increased.

If for any reason an inmate is found not guilty of an offense, Class I or Class II, it shall be so noted in DACS.

### PROCEDURES FOLLOWING CRIMINAL MISCONDUCT:

Upon the determination of the Watch Commander or the Hearing Officer that an inmate has committed a state or federal criminal offense, the Warden or his designee will be notified. The proper law enforcement authority will then be notified. Administrative disciplinary proceedings may be pursued in addition to possible criminal prosecution. Any disciplinary hearing for this alleged offense will be conducted in accordance with this procedure, and the inmate will be advised that he may choose right to remain silent in the hearing and that his silence will not be construed adversely against him at the hearing.

### PROCEDURES FOLLOWING AN EMERGENCY:

In the event of an institutional disruption, which requires emergency action, any or all portions of these regulations may be temporarily suspended by the Warden in writing. Any inmate involved in the emergency may be detained without a hearing throughout the course of the emergency. Upon the restoration of order, all inmates who were detained will be disciplined in accordance with this procedure.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 10 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

## CLASS I OFFENSES:

**1.01 Arson:** Intentionally or recklessly starting a fire or causing an explosion. Inmate may also be referred for criminal prosecution.

**1.02 Assault:** Physical attack on or intentional contact of another person by one or more persons, done either in anger, or with the purpose of abusing or injuring another; striking with feces, urine, or other physical objects; physical resistance of or interference with an employee. Injury is not necessary but contact is. Inmate may also be referred for criminal prosecution.

**1.03 Bribery:** Giving, offering or promising anything of value to any employee, volunteer, visitor, or person or organization conducting business with the BOP:

A.  To influence any act within the realm of responsibility of said person.

B.  To induce said person or persons to do or omit from doing any act in violation of their responsibility.

**1.04 Damage or Destruction of Property (over $10):** Any destruction, removal, alteration, tampering, or other misuse of property belonging to the state of Delaware or to another person when the replacement value of such property exceeds $10. This includes but is not limited to tampering with or blocking any security or locking device, breaking windows, destroying blankets, clothing, or mattresses.

**1.05 Demonstrations (Strike):** Inciting or urging two or more inmates to engage in a disturbance involving non-violent conduct which substantially disrupts the normal functioning and operation of the institution. Participating in a disturbance involving nonviolent conduct, which substantially disrupts the normal functioning and operation of the institution.

**1.06 Disorderly or Threatening Behavior:** Words, actions, or other behavior expressing any intent to injure, which intends to place another in fear of being assaulted. This includes, but is not limited to attempted assault, threats of

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.3 | PAGE: 11 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

sexual assault made by one inmate to another, or writing threatening letters to another person.

**1.07 Engaging in a Riot:** Participating in a riot, which is in existence at the time of this act. However, an inmate who is merely present at the scene of an ongoing riot is not guilty of an offense under this section, provided that he moves to a designated area after being directed to by proper authority. Inmate may also be referred for criminal prosecution.

**1.08 Escape and Attempt to Escape:** Leaving or attempting to leave the confines of an institution or from official custody while beyond the confines of the institution, or failing to return to official custody within an institution following temporary release from an institution. Inmate may also be referred for criminal prosecution.

**1.09 Extortion, Blackmail or Protection:** Demanding of or receiving from another person, anything of value in return for protecting that person from others or refraining from committing bodily injury or sexual assault on that person.

**1.10 Failure to Abide by Sanctions or Conditions of a Class I or II Disciplinary Disposition:** Breaking a condition of restitution or other sanction.

**1.11 Falsifying Physical Evidence and/or Influencing a Witness:** While believing that an official proceeding or an official investigation is pending or about to be instituted:

A. Altering, destroying, concealing or removing anything with intent to impair its authenticity or availability in such proceeding or investigation.

B. Presenting or using anything knowing it to be false, with intent to deceive staff or anyone who is or will be a member of such proceeding or investigation.

C. Attempting to cause a witness to testify falsely or to withhold any testimony or information or other evidence.

D. Committing any act prohibited by these rules in retaliation for anything done by another p person in his capacity as a witness.

**E.** Soliciting, accepting or agreeing to accept any benefit in return for providing false testimony or information or withholding any testimony or information or other evidence.

**1.12 Felony:** Any act that would be a felony under state or federal law is also a major misconduct. Inmate may also be referred for criminal prosecution.

**1.13 Fighting:** Physical confrontation between two or more persons, including a swing and miss, done with anger or intent to injure. This includes fights between inmates, whether with fists, broom handles, weapons, or other physical objects.

**1.14 Forgery, Counterfeiting:** Unauthorized reproduction of any signature, document, article of identification, money, security, or official papers; knowingly possessing a falsified or altered document; altering or falsifying document with the intent to deceive or defraud.

**1.15 Giving a False Alarm:** Willfully communicating a false report concerning a fire, explosion, or other catastrophe or emergency where the report is likely to cause the evacuation of a building or to cause the staff to respond in alarm.

**1.16 Homicide:** Causing the death of another person by any means. Inmate may also be referred for criminal prosecution.

**1.17 Inciting to Riot:** Inciting or urging a group of two or more inmates to engage in a current or pending riot or commanding, directing, instructing, or signaling a group of two or more inmates to cause, continue or enlarge a riot. A "riot" is a disturbance involving an assemblage of three or more persons whose conduct creates a threat of damage or injury to property or persons and disrupts the normal functioning of the institution. An inmate may be found guilty of Inciting to Riot even where no riot actually occurs as a direct or indirect result of his urging. Inmates may also be referred for criminal prosecution.

**1.18 Possession of Dangerous Contraband:** Unauthorized possession of weapons, physical objects that could be used as weapons, explosives, acids, caustics, materials for incendiary devices or escape materials; possession of "critical" tools and material or dangerous tools and

Case 1:78-cv-00014-SLR    Document 253-7    Filed 02/14/2006    Page 13 of 22

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
| BUREAU OF PRISONS | 4.2 | 13 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

materials. This includes but is not limited to gasoline, sulfuric acid, lye, prison-made knives, and pipe bombs. After 1/1/93, matches and lighters are added to this list.

**1.19 Possession of Money and Coin Over $1:** Possession of money, coin, currency or other forms of legal tender such as certificates of deposit, stocks, or bonds.

**1.20 Possession of Staff Clothing:** Possession of any article of clothing which is identifiable as part of or an accessory to the Department of Correction staff uniform.

**1.21 Receiving Stolen Property:** Receiving or possessing property of another person knowing that it has been stolen or believing that it has probably been stolen.

**1.22 Refusal to Cooperate in Drug-Abuse Testing:** Willfully refusing to provide a urine sample, to breathe into a breathalyzer or to participate in other drug-abuse testing.

**1.23 Restraint:** Willfully restraining another person under circumstances, which may expose the other person to a risk of bodily injury. This includes, but is not limited to kidnapping or the taking of a hostage. Inmate may also be referred for criminal prosecution.

**1.24 Sexual Assault:** Sexual contact with another person without that person's consent, including but not limited to rape, intentional touching of sexual areas (buttocks, breasts, genitals) without consent, kissing or embracing without consent of one who is kissed or embraced. Inmate may also be referred for criminal prosecution.

**1.25 Sexual Misconduct:** Sexual contact with another person with that person's consent; indecent exposure; excessive kissing, hugging or unauthorized touching of visitors; and possession of wearing apparel designed for the opposite sex.

**1.26 Substance Abuse:** Possession, use, selling, introduction, or under the influence of any intoxicant, inhalant, controlled substance or imitation, or any other substance which may be used to cause a condition of intoxication; possession of excessive amounts of ingredients used for the manufacture of alcoholic beverages, possession of drug paraphernalia including but not limited to such items as needles, syringes, roach clips, pipes, etc.

**1.27 Theft:** Any unauthorized taking of property.

**1.28 Refusal to Cooperate in DNA Testing:** Willfully refusing to provide a blood sample as required to comply with Federal or State Court sanctioned testing.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 14 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

** **1.29 Refusal to Participate in Classified Treatment Program**
Willfully refusing to participate in Bureau sanctioned treatment programs

** **1.30 Refusal to comply with Sex Offender Registration Procedures**
Willfully refusing to comply with registering as a sex offender.

**1.31 Conspiracy to Commit a Class I Offense**

**CLASS II OFFENSES:**

**2.01 Abuse of Privileges:** Willful violation of any institutional regulation dealing with a privilege.

**2.02 Bartering:** Unauthorized buying, selling, trading, lending, or giving of gifts. Taking, exercising control over or otherwise using the property of another person with or without the consent of the owner. Lending of property or anything of value with or without the expectation of anything in return.

**2.03 Creating a Health, Safety, or Fire Hazard:** Activities which create a situation dangerous to the health or safety of persons within the institution or create a danger of fire within the institution, including but not limited to dirty cell, lack of personal hygiene, smoking in an unauthorized area, and excessive accumulation of personal property.

**2.04 Damage or Destruction of Property Under $10:** Tampering with, damaging or destroying property belonging to the state of Delaware or to another person when the replacement value of such property is less than $10.

**2.05 Disrespect:** Words, actions, or other behavior, which is intended to harass employees, volunteers, or visitors including cursing, abusive language, writing, or gestures directed at the person.

**2.06 Failing to Obey an Order:** Disobeying any verbal or written order that does not constitute a Class I violation. Including but not limited to refusal to work and/or violation of posted rules in the housing unit or work area where there is no threat to institution security.

**2.07 Gambling:** Organizing or participating in wagers or games for personal gain, money or anything of value.

**2.08 Horseplay:** Any physical contact or attempted physical contact between two or more persons done in a jesting or playful manner, without anger or intent to injure or intimidate. This includes but is not limited to towel snapping at others, body punching, or attempted physical wrestling, etc.

**2.09 Late for Appointments/Assignments:** Late for any work assignment, program assignment, medical appointments, etc.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 15 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

**2.10 Lying:** Making a false statement to a Department of Correction staff person with intent to deceive such staff member. This includes false information for personal gain from good time earnings or compensation.

**2.11 Off Limits:**

A. Failing to report as prescribed to an appointed place of duty or assignment or to any other place when directed by the valid order of a staff member.

B. Leaving without permission from an appointed place of duty or assignment or any other place.

C. Entering or remaining in a prohibited area.

D. Being in area for the purpose of committing a Class I violation would make Off Limits a Class I Offense.

**2.12 Possession of Money and Coin Under $1:** Possession of money, coin, currency or other forms of legal tender under $1.

**2.13 Possession of Non-dangerous Contraband:** Possession or control of any contraband, which by its nature does not present a substantial threat to the safety of persons within the institution. This also includes, but is not limited to, any article of clothing that is not specifically authorized to be worn and excessive accumulation of authorized items, and after January 1, 1993, cigarettes and other smoking materials.

**2.14 Unauthorized Communication:** Any contact by letter, gesture, or verbally, with an unauthorized person or in an unauthorized manner, including but not limited to passing property on a visit either directly or through a third person, communication with a visitor through any channel other than visiting room, or unauthorized use of telephone.

**2.15 Conspiracy to Commit a Class II Offense**

**SANCTIONS:**

**CLASS I OFFENSES:**

A Class I Offense, as defined in the Definitions Section, is a rule violation in which a more severe sanction may be imposed than permitted for a Class II offense. Sanctions which may be imposed for a Class I offense include:

A. Loss of one or more privileges for a period of time of not more than 90 days. The following are not considered privileges and cannot be revoked:

1. Education

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.2 | PAGE: 16 OF 18 |
|---|---|---|
| SUBJECT: RULES OF CONDUCT | | |

3. Counseling Services

4. Drug/Alcohol Rehabilitation Programs

5. Regular Work Assignments

6. Religious Services

7. Legal Access (Law Library)

B. Confinement to assigned quarters for a period of time of not more than 15 days.

C. Isolated confinement for a period of time not more than 90 days.

D. Loss of good time up to and including all good time earned.

E. Restitution.

## CLASS II OFFENSES

A Class II Offenses, as defined in the Definitions Section, is a rule violation in which the extent of the sanctions to be imposed shall be restricted to:

A. Written reprimand.

B. Loss of one or more privileges for a period of time of not less than 24 hours but not more than 5 days. The same list of programs that cannot be revoked as listed on page 15 under sect A of Sanctions for Class I Offenses apply for this section.

C. Confinement to assigned quarters for a period of time not to exceed 5 days.

D. Summary Action.

E. By mutual agreement the inmate may be assigned extra work assignments in lieu of any other sanction for a Class II offense.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 17 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

## IMPOSITION OF SANCTIONS:

**A.**  Where an offense constitutes both a rule violation and a criminal offense under state or federal statute, the inmate may receive internal disciplinary action and receive up to the maximum sanction.  In addition the inmate may be referred for criminal prosecution and receive whatever sanction a court may impose.

**B.**  Any combination of authorized sanctions for a specific class violation may be imposed for a single violation. Such combination of sanctions must be imposed concurrently; i.e., 5 days isolation and 15 days cell confinement, the inmate would serve 5 days in isolation and 10 days on cell confinement for a total of 15 days.

**C.**  Consecutive sanctions may not be imposed except for separate violations. When a single incident contains more than one separate violation, the inmate may be disciplined for each.  Sanctions may be imposed for each violation to run concurrently.

**D.**  When imposing sanctions, the Hearing Officers should consider the full range of penalties in each case and make the penalty fit the particular offense.  The least sanction necessary to obtain compliance with the rules is intended.

**E.**  Forfeiture of accumulated good time is subject to the approval of the Warden.

**F.**  A finding of guilt on a Class I offense can be grounds for reclassification to more secure confinement.

**G.**  The Hearing Officer will place a check mark in the "Offender Present" block of the DACS Disciplinary Hearing screen to confirm that the offender was present during all phases of the Disciplinary Process and the offender was notified of the sanction imposed upon him, and his right to appeal. The inmate's signature is not required on any form during the Disciplinary Process.

## RESTITUTION:

**A.**  The Hearing Officer may order restitution for the cost of property that has been taken, damaged or destroyed by an inmate where such property is not recovered in the same condition as existed prior to the taking.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.2 | 18 OF 18 |
| SUBJECT: RULES OF CONDUCT | | |

B.   Where the Hearing Officer has found the existence
of such a rule violation and ordered that
restitution be made, and such order has not been
reversed on appeal, the administrative officer of
the institution shall enforce the order by
attaching the inmate's account for the amount of
restitution ordered. Where the account has no
funds, it will be attached for 1/2 all income until
the judgment is paid.

C.   The amount of restitution ordered shall be the
replacement value of the item taken, damaged or
destroyed.

**SUMMARY ACTION:**

A.   Upon observing inmate misconduct staff may
determine that it is a minor offense properly
responded to by an immediate revocation of one or
more privileges or confinement to assigned quarters
for a period of time not to exceed twenty-four
hours. The employee will notify the Unit Supervisor
when placing Summary Action on an inmate. Summary
Actions will be entered into DACS; however, they
will not be considered in future Classification or
Disciplinary Processes.

B.   When an inmate commits a rule infraction that is a
Class II Offense, the staff requesting Summary
Action will write a Form A25. The inmate will be
called into the office and informed of the sanction
which shall be up to 24-hour loss of all
privileges, 24-hour cell confinement or up to 24
hours extra work. The inmate will sign the A25
indicating that he/she accepts the sanction. If
he/she refuses to sign, a Class II disciplinary
report will be written in lieu of summary action.

All Wardens should develop facility SOPs to implement this
procedure. These SOPs may not deviate from the general
format of this procedure, but may allow for the unique
differences between facilities.

Inmates may be administratively transferred pending
classification or reclassified to more restrictive security
levels for violations of the Rules of Conduct. This may occur
through an accumulation of a combination of Class I and/or
Class II offenses or a single serious offense.

## SUMMARY DISCIPLINARY ACTION

The following sanctions were imposed by Summary Disciplinary Action on the indicated inmate:

INMATE'S NAME: _____    INSTITUTION#: _____

LOCATION: _____    BEGINNING: DATE:_____ TIME:_____
                                        ENDING: DATE:_____ TIME:_____

DESCRIPTION OF VIOLATION: _____
_____
_____
_____
_____

_____
STAFF WITNESS' SIGNATURE

SANCTION IMPOSED: _____
_____

_____
INMATE'S SIGNATURE

## SUMMARY DISCIPLINARY ACTION

The following sanctions were imposed by Summary Disciplinary Action on the indicated inmate:

INMATE'S NAME: _____    INSTITUTION#: _____

LOCATION: _____    BEGINNING: DATE:_____ TIME:_____
                                        ENDING: DATE:_____ TIME:_____

DESCRIPTION OF VIOLATION: _____
_____
_____
_____
_____

_____
STAFF WITNESS' SIGNATURE

SANCTION IMPOSED: _____
_____

_____
INMATE'S SIGNATURE

I understand I am agreeing to this sanction.  No other disciplinary Hearing will occur.

STATE OF DELAWARE
DEPARTMENT OF CORRECTION

CLASS I ___ CLASS II ___    DISCIPLINARY REPORT    NO: _____

INMATE NAME: _____    INST#: _____    HOUSING UNIT: _____

PLACE OF INCIDENT: _____    DATE: _____    TIME: _____

VIOLATION(S): _____

WITNESSES: 1. _____ 2. _____ 3. _____

DESCRIPTION OF ALLEGED VIOLATION(S) _____

Given COPY

_____
REPORTING STAFF'S SIGNATURE

DISPOSITION OF INMATE: ( ) PRE-HEARING DETENTION  ( ) CURRENT STATUS

REASON: _____

DATE: _____    TIME: _____    CELL SECURED ( )YES  ( ) NO

DISPOSITION OF EVIDENCE: _____

_____
WATCH COMMANDER'S SIGNATURE

I Have received a copy of this notice on DATE: _____ TIME: _____, and have been informed of my rights to have a hearing and be present at the hearing and present evidence on my own behalf.

I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of Conduct.

_____    _____
REVIEWER    INMATE'S SIGNATURE

INMATE'S COMMENTS: _____

STATE OF DELAWARE
DEPARTMENT OF CORRECTION

CLASS I ___ CLASS II ___    DISCIPLINARY HEARING DECISION    CR#: _____

INMATE NAME: _____ INST#: _____ HEARING DATE: _____
TIME: _____    INMATE PRESENT: ( )YES  ( )NO REASON: _____

WITNESSES PRESENT:  1._____  2._____  3._____

VIOLATION: _____

PLEA: ( ) GUILTY ( )NOT GUILTY ( ) OTHER: _____
CONFRONT ACCUSER ( ) YES ( ) NO REASON: _____

INMATE STATEMENT: _____
_____
_____

WITNESS STATEMENT: _____
_____
_____
_____
_____

DECISION: ( ) GUILTY ( ) NOT GUILTY  RATIONALE: _____
_____

SANCTION: _____

_____
HEARING OFFICER'S SIGNATURE

I understand I may appeal the decision of a Class II Hearing to the Class I Hearing Officer.
I may appeal the decision of a Class I Hearing to the facility administrator.  I also under-
stand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing
Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a
Class I Hearing decision.

I ( ) DO  ( ) DO NOT INTEND TO APPEAL.

_____
INMATE'S SIGNATURE

ORDER TO IMPLEMENT SANCTIONS

( ) Inmate does not wish to appeal.
( ) Time limit for appeal has expired.
( ) Appeal has been denied.
( ) Sanctions have been modified on appeal to: _____

It is hereby ordered to implement the sanctions or modified sanctions on:
DATE: _____ and TIME: _____

STATE OF DELAWARE
DEPARTMENT OF CORRECTION

CLASS I ___  CLASS II ___                    **APPEAL NOTICE**                    DR#: _____

INMATE NAME: _____    INST#: _____    DATE: _____
HEARING DATE: _____    VIOLATION: _____
HEARING DECISION: _____
SANCTION: _____

I understand I have 72 hours in which to file a written notice of appeal to the Class I
Hearing Officer in the case of an appeal from a Class II Hearing decision or to the Warden
in the case of an appeal from a Class I Hearing decision.

APPEAL: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

                                        **INMATE'S SIGNATURE**

APPEAL DECISION: _____
_____
_____
_____
_____
_____
_____

                        **SIGNATURE OF WARDEN OR HEARING OFFICER**