**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

North Emerson West, et al.
    Plaintiff,

v.

                                 C.A. No. 78-14-SLR

Walter Redman
    Defendant.

## Notice of Motion

PLEASE TAKE NOTICE, that Plaintiff Rollin Lee Laub hereby submits

Plaintiff's Motion for relief from the District court's order dated March 16, 2006

terminating Consent Decree pursuant to Fed. R. Civ. P. 60 [b] [4] will be presented to this

Honorable Court at the Earliest possible convenience.

Date: _MARCH 17. 2008_

Rollin Lee Laub
SBI 00068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

RECEIVED

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NORTH EMERSON-WEST, ET AL.  )
     PLAINTIFFS, )
        )
   V.       )  C.A. NO. 78-14-SLR
        )
WALTER REDMAN, ET AL.,   )
     DEFENDANTS. )

### PLAINTIFFS/CLASS MOTION FOR RELIEF FROM THE DISTRICT COURT'S ORDER TERMINATING CONSENT DECREE PURSUANT TO FED. R. CIV. P. 60 (b)(4).

**COMES** Now the Plaintiffs-class member(s) Rollin Lee Laub, in pro per, and hereby move the court pursuant to Fed R. Civ. 60 (b) (4), to grant the plaintiffs' motion for relief from judgment to set aside or vacate a previous Order issued by the district court which granted defendants Motion for Relief from Consent Decree, and states in support:

1. The instant class action lawsuit was initiated in 1978 by plaintiff North Emerson West. The class action related to prison conditions and required Delaware Department of Corrections to promulgate rules and regulations for the maintenance of good order and discipline in its facilities and institutions, including procedures for dealing with rules violations and keeping records of rules infractions and punishments imposed 11 Del. C. §6535.

2. In resolution of the lawsuit the court found that the state/defendants voluntarily entered into the 1978 consent decree which required the Delaware Correctional Center (DCC) to promulgate a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD"). The consent decree was approved by this court on October 4. 19982.

3. Almost ten years after the court approved the consent decree, certain plaintiffs moved for an order vacating the consent decree. Defendants subsequently moved for a modification of the consent decree to permit modifications to the CCPD for changes in circumstances. In a Memorandum Order dated June 30, 1993, the court denied both plaintiffs' and Defendants motions. With respect to the Defendants' motion, the court found that Rule 60 of the Federal Rules of Civil Procedure controlled, and that no changes in circumstances had been shown. Moreover, and that by denying the Defendants motion for modification of the consent Decree to permit modifications to the CCPD, the court did not seriously hamper their ability to anticipate security problems nor their ability to adopt innovative solutions, since the state/defendants could always move, as they previously had, for modification of the decree under Fed. R. Civ. P. 60 (b) (5).

4. On April 16, 1996, approximately fourteen (14) years after the court approved the consent decree, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective. Pub. L. No. 104-134, tit. VIII, 110 stat. 1321-66, codified at 18 U.S.C. §3626 (1996). "The PLRA establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities."

2

5. On February 14, 2006, the Defendants via Erika Y. Tross (#4506) Deputy Attorney General, Delaware Department of Justice filed a motion for relief from consent decree, contending that changes in the law and factual circumstances warranted terminating the decree. Defendants did not serve the motion on the lawyer Douglas A. Shachtman who is plaintiff's counsel of record. Nor did Defendants serve the motion on any of the plaintiff class-members themselves. Moreover, the court failed to apprise any of the interested plaintiff class parties of the pendency of the action and afford them an opportunity to present their objections. In an order dated March 16, 2006, the assigned judge granted that motion. Due to the failure to give inmates notice. Plaintiffs' did not respond to either the motion or the court's order granting said motion.

6. For the first time on October, 15, 2007, the plaintiff learned through Attorney General Joseph Biden III and counsel of record for the plaintiff class the filing and the result of the Defendants motion to terminate the consent decree pursuant to the PLRA.

7. The issues thus raised in the instant motion sub judice are that "the district court's Order granting defendants' "Motion for Relief" terminating the consent decree is "void ab initio" because the "due process notice requirement" was not met.

8. In addition, Plaintiffs dispute that Defendants would be entitled to a termination of the consent decree through the Prison Litigation Reform Act of 1995 (PLRA) codified at 18 U.S.C. 3626 et. seq. (1996) since the PLRA however, provides an exception to immediate termination where, as here, there exists a current or ongoing violation of the federal right.

3

Therefore the cases defendants motion cites to are inapposite to the present case and do not support the courts holding terminating the consent decree.

I. A fundamental and elementary requir5ement of due process in ay proceeding is notice and opportunity to be heard.

9. DUE PROCESS:

In their Motion for Relief from Consent Decree, pursuant to the PLRA Act of 1995 codified at 18 U.S.C. Sections 3636 (b) (2) and (b) (3) Defendants' complain that:

> (1.) The consent Order must be terminated as it does not satisfy the requirements for prospective relief;
>
> (2.) The consent Order is not narrowly drawn;
>
> (3.) The consent Order extends further than necessary;
>
> (4.) The consent Order is not the least intrusive means; and
>
> (5.) The consent Order does not fall within the limitation of §3626 (b) (3).

Defendants' five arguments are denied. Before evidentiary hearings ended, Defendants predecessors in office voluntarily entered into consent decree with plaintiffs'. The decree provided for the adoption of new substantive and procedural rules of discipline. This consent Order was approved by the court on October 4, 1982. Because the parties entered into the decree, evidentiary hearings were not completed due to compromise , agreement or stipulation of counsel making further testimony unnecessary. Because of the agreements of counsel which prevented a full trial of all issues, findings of fact and

4

Conclusions of law were not appropriate. Specifically, the court indicated no opinion as to the constitutionality of the prior rules and regulations either as written or as applied.

10. DOC officials exercised individualized scrutiny over the prison conditions disciplinary procedures at the Delaware Correctional Center ("DCC"), much like what continues to take place presently at DCC.

11. However, the Delaware Department of Corrections is required to promulgate rules and regulations for the maintenance of good order and discipline in its facilities and institutions including procedures for dealing with rules violations and keeping records of rules infractions and any punishments imposed, 11 Del. C. §6535. Department of Corrections is further required to provide inmates with access to those portions of the disciplinary rules that apply to them, at places and times deemed reasonable and appropriate by the current Commissioner Id.

12. However, all Delaware Department of Corrections Policy and Procedures Manuals as well as the Bureau of Prisons Policy and Procedures Manuals and the Department of Corrections Facilities Operational Procedures, Administrative Regulations and Post Orders are deemed confidential (contrary to the consent decree) and may not be disclosed to an inmate except upon the written authority of the Commissioner of the Department of Corrections. 11 Del. C. §4322 (c) and (d). In addition, this statute has been used by the Delaware Supreme Court to hold that inmates are not entitled to copies of operational and administrative regulations beaming on inmate discipline. See Ross v. Department of

Correction, 722 A.2d 813, 814 (Del. S.Ct. 1998). Plaintiffs' consequently challenges the constitutionality of this statute.

13. In short, while Delaware Courts agree that "a citizen does not shed all of his constitutional rights at the prison gate, Johnson v. Anderson, 370 F. Supp. at 1379 (D. Del. 1974), modified, 420 F. Supp. 845 (D. Del. 1976), and acknowledge that a person" is not wholly stripped of constitutional protections when he is imprisoned for a crime, Distefano v. Watson, 566 A.2d 1, 6 (Del. S.Ct. 1989), quoting Wolff v. McDonnell, 418 U.S. at 555, they have done very little, if anything to protect those rights.

14. Plaintiffs' reiterates that a fundamental and elementary requirement of due process in any proceeding is notice and opportunity to be heard. In Mullane v. Central Hanover Bank & trust Co., 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), the Supreme Court established the standard for determining whether a party's notice would meet due process scrutiny:

> *"An elementary and fundamental requirement of due process in any proceeding*
> *which is to be accorded finality is notice reasonably calculated, under all the*
> *circumstances, to apprise interested parties of the pendency of the action and of*
> *the action and afford them an opportunity to present their objections…. The*
> *notice must be of such nature as reasonably to convey the required information…,*
> *and it must afford a reasonable time for those interested to make their*
> *appearance…. But if with due regard for the particularities and peculiarities of*

6

*the case these conditions are reasonably met, the constitutional requirements are satisfied."*

*Id.at Taylor v Ariz., 972 F. Supp. 1239 (D. Ariz. 1997).*

15. Defendant's failure of service of the Motion for Relief from Consent decree on Plaintiffs' counsel of record or any plaintiff class-member is not notice "reasonably calculated to apprise interested parties of the pendency of the action." Furthermore, even after giving due regard for the "particularities and peculiarities" of this case, whatever, those particularities do not alter the lack of notice to Plaintiffs'. Indeed, when this court, sua sponte, discovered the lack of service, the district court "abused its discretion" by failing to cure it by the appointment of counsel. Accordingly, this court should conclude that Defendants' failure to serve Plaintiffs' resulted in a violation of Plaintiffs' due process rights. See e.g., Wetmore v. Karrick, 205 U.S. 141, 51 L.Ed. 745, 27 S.Ct. 434 (1907) (holding that court cannot, consistent with due process, set aside judgment of dismissal and render a personal judgment against defendant without notice); United states v. State of Colorado, 937 F.2d 505, 509 (10th Cir. 1991) (Setting aside summary judgment where no notice was given to defendant); Simer v. Rios, 661 F.2d 655, 663 (7th Cir.), cert. denied, 456 U.S. 917, 72 L.Ed. 2d 177, 102 S.Ct. 1773 (1982) (holding that entry of settlement decree without notice to putative class members violated the due process rights of the class members). See also, In re Center Wholesale Inc., 759 F.2d 1440, 1448-49 (9th Cir. 1985) (holding that one-day notice provided to coeditor before entry of cash collateral order violated due process).

II.    A judgment entered in a manner inconsistent with due process is void.  Under
Fed. R. Civ. P. 60 (b) (4), a court may set aside a void judgment.

## 16. **VOID JUDGMENT:**

By their instant motion, Plaintiffs' asserts that the district courts judgment which granted Defendants' Motion for Relief from Consent Decree without notice to Plaintiffs' is void ab initio.

Simply put, a judgment entered as here, in a manner inconsistent with due process is void. In re Center Wholesale Inc., 759 F.2d at 1448. Under Rule 60 (b) (4), a court may set aside a void judgment. Therefore, this court correctly must grant Plaintiffs' motion to vacate the March 16, 2006 ORDER granting Defendants' Motion for Relief from Consent Decree.

## III. APPOINTMENT OF COUNSEL

16. Plaintiffs' class-members pursuant to §1915, request this court to appoint counsel to represent them in this case for the following reasons:

1.  The plaintiffs' are unable to afford counsel.

2.  The issues involved in this case are complex.

3.  The case will require discovery of documents and depositions of a number of witnesses.

8

4. The facts, along with the legal merit of the plaintiffs' claims, support the appointment of counsel to represent plaintiffs'. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992).

5. In addition it is suggested that the most important factor is that the instant case has merit. Cooper v. A. Sargeati Co. Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of the above-referenced factors weighs in favor of appointing counsel in this case.

**WHEREFORE,** Plaintiffs' respectfully request that this court, at its earliest possible convenience, and no later than 30 days following the filing of this Motion, enter an ORDER vacating the district court's ORDER dated March 16, 2006 which vacated the October 4, 1982 Consent Decree and terminated its prospective relief and reinstate the original terms of the Consent Decree voluntarily entered into by the Parties and made an ORDER of this court on October 4, 1982 ("the consent order").

Dated: *March. 17, 2008*

Plaintiff In pro per

9

# Certificate of Service

I, _Rollin Lee Laub_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Plaintiffs Rule 60(b)(4) Motion for relief from judgment_
_with attachments in support there of._ upon the following

parties/person (s):

TO: _Clerk of U.S. District Court of Delaware_    TO: _U.S. Court of Appeals For The_
_J. Caleb Boggs Building_    _Third Circuit_
_844 King Street_    _U.S. Court House_
_Lock Box 18_    _601 Market St._
_Wilmington, Delaware 19801_    _Philadelphia, Pa. 19106_


TO: _Ms. Erika Y. Tross (#4506)_    TO: _____
_Deputy Attorney General_    _____
_820 North French St. 6th Floor_    _____
_Wilmington, Delaware 1984_    _____
_____    _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _17_ day of _March_ ,200 _8_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

North Emerson West, et al.
     Plaintiffs,

    v.

C. A. No. 78-14-SLR

Walter Redman,
     Defendant.

### Affidavit of Rollin Lee Laub

State of Delaware.

County of New Castle.

Rollin Lee Laub being duly sworn, deposes and says:

1. I am the pro-se plaintiff in the above-entitled motion. I have been incarcerated

   since February 25, 1975. The instant Class Action Law suite was initiated in 1978

   by plaintiff North Emerson West. The class action related to prison conditions and

   disciplinary procedures at the Delaware Correctional Center [DCC]. I have been

   incarcerated at the DCC since February 25, 1975.

2. In resolution of the law suit the parties entered into a consent decree which

   required the DCC to adopt a disciplinary code entitled the Correction Code of

   Penal Discipline [CCPD]. The consent order was approved by this court on

   October 4, 1982.

3. At all times relevant to the consent order being approved by this court on October 4, 1982 and thereafter to the present I have and continue to be a plaintiff in C.A. No.78-14-SLR. At no time since I agreed to become a class member did I elect to opt out of said consent decree either voluntarily or otherwise, orally, or otherwise, and there is generally no right to opt out.

4. At no time since defendants filed their motion for relief from consent decree dated February 14, 2006, did defendants either notify me or effectuate service of process to their motion for relief from consent decree, on me.

5. Nor did U.S. District Court Judge Sue L. Robinson assigned to this case notify me to apprise me of the tendency of the action above referenced or effectuate service of process of either the defendants motion for relief from consent decree dated February 14, 2006 sue sponte on the counsel's order dated March 16, 2006 which granted defendants motion which terminated the counsels order approved by this court on October 4, 1982, moreover when this court sue sponte, via Sue L. Robinsons discovered the lack of service to the interested parties and including counsel of record Douglas A. Shachtman, she failed to cure it by either apprising counsel of record or by the appointment of new counsel which has resulted in a violation of plaintiffs due process rights

6. For the first time on October 15, 2007 the plaintiff herein received through the Attorney General of the State of Delaware, Joseph R. Biden III and counsel of record Douglas A. Shachtman that defendants had filed a motion to terminate consent decree and that District Court Judge Sue L. Robinson had issued an order terminating consent decree.

7.  Before evidentiary hearing ended in C.A. No.78-14-SLR, Defendants predecessors in office voluntarily entered into consent decree with plaintiffs. This decree provided for the promulgation of new substantive and procedural rules of discipline. This consent order was approved by this court, the Honorable N. Richard Powers on October 4, 1982. Because the interested parties entered into decree, evidentiary hearings were not completed due to compromise, agreement or stipulation of counsel making future testimony unnecessary. Because of the agreements of counsel which prevented a full trial of all issues, findings of fact and conclusions of law were not appropriate. Specifically, the court indicated no opinion as to the constitutionality of the prior rules and regulations at DCC either as written or as applied.

8.  Department of Corrections [DOC] predecessor officials exercised individualized scrutiny over the prison conditions and disciplinary procedures and violations at DCC much like what continues to take place presently at DCC by the current DOC / DCC officials.

9.  The Defendants Delaware Department of Correction is required by law to promulgate and comply with rules and regulations for the maintenance of good order and discipline in its facilities and Institutions, including procedures for dealing with rule violations and keeping records of rule infractions and any punishments imposed. The DOC is further required to provide inmates with access to those portions of the disciplinary rules that apply to them at places and times deemed reasonable and appropriate by the current commissioner.

10. However, all Delaware DOC policy and procedure manuals as well as the Bureau of Prisons [BOPs] policy and procedure manuals and the Department of Corrections facilities operational procedures, Administrative regulations, and the post orders are deemed confidential contrary to and in violation of the October 4, 1982 consent order and may not be disclosed to an Inmate, except upon the written authority and discretion of the commissioner of the DOC.

11. Pursuant to the Issuance of the consent order dated October 4, 1982, the court ordered defendants predecessor officials to send out notice in North Emerson West case as distribution to all class members as well as to all incoming Inmates at DCC as well as posting the notice in housing areas, Law Libraries, and other areas of the prison, said notice informed Inmates that they could obtain a copy of the complaint from class counsel. Said counsel of record Douglas A. Shachtman was obligated to represent the interest of the entire class, since the district court was reluctant to hear individual prisoners problems due to the North Emerson West class action on the same subject.

12. Plaintiff Rollin Lee laub affiant was in this position at DCC. Apparently U.S. District Court Judge Sue L. Robinson attempted to misrepresent affiant Rollin Lee Laub as an unnamed class member, who is not obligated to do anything since he is represented by counsel of record, Douglas A. Shachtman.

Rollin Lee Laub SBI 00068773

Sworn to and subscribed before me on this 17th day of March 2008.

Timothy J. Marto
Notary Public

Commission expires: June 14, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

North Emerson West, et al.
      Plaintiff,

v.

                            C.A. No. 78-14-SLR

Walter Redman,
          Defendant.

**Notice of Motion and Motion for Preliminary Injunction-
Enjoining Defendants from Interfering with Plaintiff's Actions
to Enforce Judgment in Related Case and Request for Evidentiary Hearing.**

TO ALL PARTIES:

PLEASE TAKE NOTICE that on April 17,2008, at the hour of 9:00 a.m., or as soon

thereafter as the matter may be heard in the above-entitled Court, located at J. Caleb

BOGGS Building, 844 King Street, Lockbox 18, Wilmington, Delaware 19801. Plaintiff

will and does hereby move the Court pursuant to Fed. R. Civ. P. Rule 65 for a

preliminary injunction restraining defendants during the pendency of this proceeding

from taking any action to nullify, interfere, or abrogate:

    (a. Plaintiff's right to continue to enforce and prosecute its claims against those

        defendants against which no judgment has been obtained in North Emerson West v.

        Walter Redman, C.A. No. 74-14-SLR;

(b. Plaintiff has not had contact with defendants or its attorneys, except for service of

the Motion for Relief from Judgment Terminating Consent Decree pursuant to

Fed. R. Civ. Proc. Rule 60 (b)(4); Complaint of Judicial Misconduct; Notice of

Motion, Motion for Preliminary Injunction and Affidavit of Rollin Lee Laub,

but presumes they would object to this Motion and requests an Evidentiary

Hearing with Oral Argument; and,

(c. This Motion is based upon this Notice, the documents filed and served with it, the

File, documents and all evidence, oral or written, as may be presented at hearing.

Dated: March 17, 2008.

Rollin Lee Laub, in pro per
SBI 00068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
_MoLTH Emerson West_ **DISTRICT OF DELAWARE**

_Kollin Lee Laub et al._

Plaintiff

V.

_Walter Redman_

Defendant(s)

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:

I, _Kollin Leñ Laub_ declare that I am the (check appropriate box)

•   •    Petitioner/Plaintiff/Movant          •   •  Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently incarcerated?    •  (Yes)    •  •No    (If "No" go to Question 2)

If "YES" state the place of your incarceration _Delaware Correctional Center_

**Inmate Identification Number (Required):** _00068773_

Are you employed at the institution? _NO_  Do you receive any payment from the institution? _NO_

_Attach a ledger sheet from the institution of your incarceration showing at least the past six months' transactions_

2.    Are you currently employed?    •  •Yes    •  (No)

a.    If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your employer.

b.    If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.   _march 4-2007_

3.    In the past 12 tweive months have you received any money from any of the following sources?

| | | |
|---|---|---|
| a.   Business, profession or other self-employment | •  • Yes | •  (No) |
| b.   Rent payments, interest or dividends | •  • Yes | •  (No) |
| c.   Pensions, annuities or life insurance payments | •  • Yes | •  •(No) |
| d.   Disability or workers compensation payments | •  • Yes | •  •(No) |
| e.   Gifts or inheritances | •  • Yes | •  •(No) |
| f.   Any other sources | •  • Yes | •  •(No) |

If the answer to any of the above is "YES" describe each source of money and state the amount received _AND_ what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)
DELAWARE (Rev. 4/05)

4.    Do you have any cash or checking or savings accounts?          • • Yes      • No

If "Yes" state the total amount  $_____

5.    Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?

• • Yes      • • No

If "Yes" describe the property and state its value.



6.    List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support, *OR* state *NONE* if applicable.



I declare under penalty of perjury that the above information is true and correct.

3/17/08
DATE

SIGNATURE OF APPLICANT

**NOTE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| NORTH EMERSON-WEST, ET AL. | ) |
| PLAINTIFFS' | ) |
| | ) |
| V. | ) |
| | ) |
| WALTER REDMAN ET AL., | ) |
| DEFENDANTS. | ) |

C.A. NO. 78-14-SLR

## COMPLAINT OF JUDICIAL MISCONDUCT

COME NOW the plaintiff-class member(s) Rollin Lee Laub, in pro per and hereby move

the court pursuant to Title 28 U.S.C. §372 (c) (1) and files this formal complaint against

federal district court judge Sue L. Robinson for reasons, as follows:

## A. STATEMENT OF FACTS

1.  Plaintiff alleges that U.S. district Court Judge Sue L. Robinson has engaged in conduct

    prejudicial to the effective and expeditious administration of the business of the court.

2.  The above-captioned class action lawsuit was initiated in 1978 by plaintiff North

    Emerson West. The class action related to prison conditions and disciplinary procedures

    at the Delaware Correctional Center ("DCC"). The instant movant Rollin L. Laub is a

    class-member plaintiff in this action.

3. In resolution of the lawsuit the Parties voluntarily entered into a Consent Decree which required the DCC to promulgate a disciplinary code entitled the "Correctional Code of Penal Discipline ("CCPD"). The Consent Decree was approved by the court on October 4, 1982.

4. On February 14, 2006, the Defendants' counsel Erika Y. Tross (#4506) Deputy Attorney General, Delaware Department of Justice filed a "Motion for Relief from Consent Decree" contending that changes in the law and factual circumstances warranted terminating the decree. Defendants' counsel did not serve the Motion above-referenced on plaintiffs' counsel of record Douglas A. Shachtman, of Douglas A. Shachtman Associates, attorneys at law; or any of the interested class-member parties themselves.

5. In addition the U.S. District Court judge sue L. Robinson also failed to notify counsel of record Douglas A. Shachtman or any of the plaintiffs' class-members of the filing of the Defendants' Motion for Relief from Consent Decree or serve the motion on the plaintiffs' lawyer or any individual plaintiff class member or in any way apprise any plaintiff interested party of the pendency of defendants' Motion and afford them an opportunity to pursue their objections. Since district court judge Sue L. Robinson failed altogether to give plaintiffs;' counsel of record on any individual plaintiff notice, sua sponte, plaintiffs' did not respond to either the defendants' motion or the district court's order issued March 16, 2006 which granted the defendants' Motion for Relief from Consent Degree.

2

6. Moreover, when U.S. District Court judge Sue L. Robinson, sua sponte, discovered the lack of service of Defendants' Motion above-referenced upon plaintiffs', the district court judge abused her discretion by failing to cure it by the appointment of counsel which resulted in a violation of plaintiffs' due process rights. See e.g., Wetman v. Karrick, 205 U.S. 141, 51 L.Ed. 745, 27 S.Ct. 434 (1907) (holding that court cannot, consistent with due process, set aside judgment of dismissal and render a personal judgment against defendant without notice).

7. Consequently, plaintiffs' herein, have respectfully moved in the U.S. district Court for the district of Delaware pursuant to Fed. R. Civ. P 60 (b) (4) for an order to vacate the order issued March 16, 2006 by judge Sue L. Robinson which granted Defendants' Motion fro Relief from Consent Decree on the basis that said order is inconsistent with due process and void ab initio.

8. Additionally, although the Order issued on March 16, 2006 by judge Robinson alleges in part, that: "and it appearing that good and sufficient notice of the Defendants' motion for relief from Consent Decree has been given;" plaintiffs' herein assent that the record is devoid of any evidence of proof of notice and service of defendants' motion upon plaintiffs'. United States v. State of Colorado, 437 F. 2d 505, 509 (10th Cir. 1991) (setting aside summary judgment where no notice was given to defendant); Simer v. Rios, 661 F.2d 655, 663 (7th Cir.), cert. denied, 456 U.S.917, 72 L.Ed. 2d 177, 102 S.Ct. 1773 (1982) (holding that entry of settlement decree without notice to putative class members violated the due process rights of the class members), In re Center Wholesale

3

Inc., 759 F.2d 1440, 1448-49 (9th Cir. 1985) (holding that one-day notice provided to creditor before entry of cash collateral order violated due process).

9.  On August 13, 2007, the instant movant wrote a letter to counsel of record Douglas A. Shachtman requesting information on North Emerson West Class Action Lawsuit, and the result of the defendants motion for Relief From Consent Decree stating he could not obtain any information or copy of said motion from the court.

In a letter dated August 16, 2007, counsel of record Douglas A. Shachtman responded to movant Rollin Laub's inquiry about the status of the North Emerson-West Class Action Lawsuit/Consent Decree. Counsel Shachtman informed movant Laub that **"Due to the passage of time, I no longer have any documents on the West v. Redman case."** See Letters attached hereto.

10. Consequently, in a letter dated August 27, 2007, movant Laub wrote an additional letter to U.S. district court judge Sue L. Robinson in regard to the Order which judge Robinson issued on March 16, 2006 which granted Defendants motion for Relief from Consent Decree dated February 14, 2006 in West v. Redman, 78-14-SLR informing the district judge of his difficulty in obtaining a copy of defendants motion. As an interested class-member party to West v. Redman himself, movant Laub further requested information directly from judge Robinson as the sitting judge regarding West v. Redman. In a letter dated August 31, 2007, movant Rollin Laub received a response from the clerk of the U.S. District Court Clerk, Peter T. Dalleo pointing out in part that: **"A letter has been received by the Clerk's office from you requesting a copy of the docket sheet in**

4

**West v. Redman C.A. 78-14-SLR which you are not a party in."** Said letter carbon copied to Honorable Sue L. Robinson.

11. Finally, in a letter dated October 15, 2007, from the office of the Attorney General Joseph R. Biden III, movant Laub received for the first time the documents he requested pursuant to the Freedom of Information Act (FOIA) 29 Del. C. §10001-05 consisting of- "Defendants Motion for Relief from Consent Order with attachments in the case of West v. Redman, C.A. No. 78-14-SLR; and Judge Sue L. Robinson's Order dated March 16, 2006 terminating the October 4, 1982 Consent Order."

12. Movant Rollin L. Laub, under penalty of perjury hereby states that he has been incarcerated since February 25, 1975 and that at all times relevant to the Consent Order in West v. Redman, C.A. No. 78-14-SLR which was approved by the United States District, Court Magistrate N. Richard Powers on October 4, 1982 and at all times thereafter, movant has been and remains a class-member of said lawsuit; and at no time since becoming a class member did he ever elect to opt out of said Civil Action No 78-14-SLR by notifying said court in writing or otherwise, and generally the right to opt out is not permitted.

## B. JUDICIAL BIAS/DISQUALIFICATION

13. In clear view of the facts and circumstances present in movant's Complaint of Judicial Misconduct, movant Laub has demonstrated **Standing** to challenge district court judge Sue L. Robinson's March 16, 2006 Order which terminated the North Emerson-West

5

Consent Decree Ordered on October 4, 1982 on the basis of Due Process Violation and Judicial Bias for Failing to Notify or Provide Service of the Defendants Motion for Relief from Consent Decree as well as the courts March 16, 2006 Order terminating said Consent Decree on plaintiffs' counsel of record Douglas A. Shachtman or any party class members of the pendency of the action prior to its dismissal. A fundamental and elementary requirement of due process in any proceeding is notice and opportunity to be heard. See e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), **Id at 314-15**.

14. Furthermore, even after giving due regard for the practicalities and peculiarities of this case, (if any) those practicalities and peculiarities do not alter the lack of notice to plaintiffs'. Indeed, when the district court judge Sue L. Robinson sua sponte, discovered the lack of service, she could have, but did not, cure it by the appointment of counsel, thus resulting in a clear violation of Plaintiffs'-class due process rights. See Wetman v. Karrick, 205 U.S. 141, 51 L.Ed. 745, 27 S.Ct. 434 (1907) as stated, a judgment entered in a manner inconsistent with due process is void. In re Center Wholesale Inc., 759 F.2d at 1448. Under Rule 60 (b) (4), a court may set aside a void judgment.

15. Title 28 U.S.C. §455 (a) requires a judge to disqualify himself it he/she might be partial or biased. See 28 U.S.C. §455 (b) (1) which requires disqualification of a judge if he/she has a personal interest or prejudice in the proceedings. Also, 28 U.S.C. §144 provides for disqualification upon filing of sufficient affidavits by a party to a suit. In reviewing movant's complaint, this Honorable court is determining the alleged personal bias or

6

prejudice concerning judge Sue L. Robinson and the personal knowledge of disputed evidentiary facts concerning movant Rollin L. Laub's class member status and standing and alleged due process violations asserted herein, this court should consider issuing an Order sua sponte on Discovery Rule 6 (a) and judicial bias. See Bracey v. Gramley, 138 L.Ed. 2d 97 (1999); and Loque v. Dore, 103 F.3d 1040 (1st Cir. 1997). Indeed, Due Process of Law requires recusal of a judge who has become personally embroiled in a controversy and cannot, as in the case below "West v. Redman C.A. No. 78-14-SLR" therefore, adjudicate it fairly. Mayberry v. Pennsylvania, 400 U.S. 455 (1971); Offutt v. U.S., 348 U.S. 11 (1954). Title 28 U.S.C. §372 (c) (1) the Chief Judge of the Circuit must review all such complaints. Duckworth v. Department of Navy, 974 F.2d 1140 (9th Cir. 1992).

7

**WHEREFORE**, movant Rollin Laub et al., respectfully request that the Chief Judge of the Court of Appeals for the Third Circuit review the instant complaint of Judicial Misconduct against U.S. District Court Judge Sue L. Robinson and investigate the facts and allegations contained in the complaint and present the findings of the investigation and recommendations for necessary and appropriate action by the judicial council of the Circuit; and conduct any additional such action as is appropriate whose conduct is the subject of the complaint.

Respectfully submitted,

Rollin L. Laub, SBI #0068773
In-pro per et al.

Sworn to and subscribed before me this 17th day of March, 2008

Timothy J. Martin
Notary Public

8

# Certificate of Service

I, _Kellis Lee Laub_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Plaintiffs complaint of Judicial Misconduct with_

_Attachment in support therefor_ upon the following

parties/person (s):

TO: _U.S. Court of Appeals For The_
_Third Circuit,_
_% Chief Judge_

_U.S. Court House_

_601 Market Street_

_Philadelphia, PA. 19106_

TO: _Clerk of U.S. District Court of_
_Delaware,_
_J. Caleb Boggs Building_

_844 King Street_

_Lock Box 18_

_Wilmington, Delaware 19801_

TO:_____

TO:_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _17_ day of _March_ ,2008

# DOUGLAS A. SHACHTMAN
## & A S S O C I A T E S
**ATTORNEYS AT LAW**

email Douglas.Shachtman@Verizon.net
www.lawyers.com/shachtman

SUITE 302
1200 PENNSYLVANIA AVENUE
WILMINGTON, DELAWARE 19806
(302) 655-1800
TELECOPIER (302) 655-5244

August 16, 2007

Mr. Rollin Laub
SBI # 00068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: Your letter of August 13, 2007

Dear Mr. Laub:

I am in receipt of your letter dated August 13, 2007. Due to the passage of time, I no longer have any documents on the West v. Redman case that you referenced, and I do not recall the Dickerson case. I am sorry I am not able to help you.

Sincerely yours,

DOUGLAS A. SHACHTMAN

DAS/sas

DE. CORR. CENTER
1181 Paddock Rd.
Smyrna, DE. 19977

Mr. Douglas A. Shachtman
Attorney at Law
1200 Pen Ave.
Wilmington, DE. 19806

Mr. Shachtman:

I am writing for Two Reasons, in Hopes you can, and will Help me in finding some Records and information.

I am Having a problem finding any Information on a case you are on Record as Representing, [North Emerson-West] That a Order was given to, on Oct. 4th, 1982.

What I really need is The case you filed against. I believe that was Dickerson V. Redman, or Anderson, and your case, I would be very greatful if you would guide me in The direction To find These cases.

I would also Like To Ask if The State Has sent you a copy of There motion which was filed To Have Relief from The consent Decree in your case C.A. No. 78-14. I can't seem to get a copy Here at DCC.

I do Thank you For your Time. And pray you will be able To Help me.

Sincerely

Rollin Laub

Date. 8-13-07

Rollin Laub 00018773
D.C.C.
1181 Paddock Rd.
Smyrna, DE. 18977

AUG 1 5 2007

OFFICE OF THE CLERK
### UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK OF COURT

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

August 31, 2007

TO:  Rollin Laub
     SBI# 00068773
     DCC
     1181 Paddock Road
     Smyrna, DE 19702

**RE:** *Request for Copywork/Docket Item # 253 in CA 07-14 SLR*

Dear Mr. Laub:

A letter has been received by the Clerk's office from you
requesting a copy of the docket sheet in CA 78-14 SLR, which you
are not a party in.

Please be advised that in accordance with the directive from
the Judicial Conference of the United States the fee for copywork
is fifty ($.50) cents per page. *Should you require copywork, which
includes docket sheets in the future,* please be aware of this fee
requirement. Prepayment should be sent with your request, check or
money order payable to Clerk, U.S. District Court.

**The copy fee for DI# 253 - MOTION Relief from Consent Decree** *by*
*Order of 10/4/82 is $33.00.*

Nothing contained in this letter is intended to express an
opinion as to the merits of any claims which you may be alleging.

Sincerely,

/rwc

PETER T. DALLEO
CLERK

cc: Alpha File
    Honorable Sue L. Robinson

1181 Paddock Rd.
Smyrna, De. 19977

THE HONORABLE JUDGE, SUE L. ROBINSON
U.S. DISTRICT COURT
LockBox 18
844 N. King STREET
Wilmington, DE. 19801

Aug. 27 - 2007

RECEIVED

AUG 3 0 2007
BM
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Judge Robinson:

I AM WRITING IN REGARDS TO AN ORDER you signed ON MARCH 16th, 2006, GRANTING A MOTION FOR RELIEF FROM CONSENT DECREE IN CASE. WEST. V. REDMAN 78-14 SLR.

I HAVE been TRYING TO SEE A COPY OF THIS MOTION, but NO ONE SEEM'S TO HAVE A COPY.

I HAVE WRITTEN THE PLAINTIFF's COUNSEL SINCE your ORDER STATE'S (IT APPEARING THAT good AND SUFFICIENT NOTICE OF MOTION HAS been given: AND AFTER due deliberation THERE on.) PLAINTIFF's COUNSEL HAS INFORMED ME, HE HAS RECEIVED NOTHING ON THIS CASE.

Has THIS COURT APPROVED, NO NOTICE TO PARTIES IN THIS CASE?

I AM ASKING THIS COURT FOR A COPY OF THIS MOTION FILED by DEFENDENTS IN. WEST V. REDMAN C.A. NO. 78-14 SLR AND THAT THIS COURT SEND A COPY OF SAID MOTION. TO THE DELAWARE CORRECTIONAL CENTER's LAW-LIBRARY TO BE ON RECORD.

THANK you FOR your TIME.

RESPECTFULLY SUBMITTED.

Rollin Laub 00068773
DE. CORR. CENTER
1181 Paddock Rd.
SMYRNA, DE. 19977

cc: File.



**JOSEPH R. BIDEN, III**
**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-8630
TTY (302) 577-5783

October 15, 2007

Mr. Rollin L. Laub,
SBI#0068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

*Re:    Freedom of Information Act Request*

Dear Mr. Laub,

We are in receipt of your letter to the Attorney General dated October 1, 2007,
requesting documents pursuant to 29 *Del. C* §10001-05, Freedom of Information Act.
("FOIA").

Ordinarily the Court receives these requests as they are the custodian of the
records. In this case we are sending you the documents which you requested; however,
please take note that in the future your requests should be directed to the Court.

Sincerely,

Claire F. Robinson

Enc:    *Defendants' Motion for Relief from Consent Order* with Attachments (Exhibit A
         through F) - February 14, 2006.
         Judge Sue L. Robinson's ORDER terminating the October 4, 1982, Consent
         Order.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

NORTH EMERSON-WEST, et al.    )
                              )
            Plaintiffs,       )
                              )        C.A. No. 78-14 SLR
        v.                    )
                              )
WALTER REDMAN, et al.         )
                              )
            Defendants.       )

## DEFENDANTS' MOTION FOR RELIEF FROM CONSENT DECREE

COMES NOW the Defendants, by and through their undersigned counsel, and hereby move this Honorable Court (the "Motion"), pursuant to 18 U.S.C. § 3626(b), to grant relief from the Consent Order entered into by the Parties and made an Order of this Court on October 4, 1982 (the "Consent Order"). In support of the Motion, the Defendants state as follows:

1.    The instant class action lawsuit was initiated in 1978 by Plaintiff North Emerson West. The class action related to prison conditions and disciplinary procedures at the Delaware Correctional Center ("DCC").

2.    In resolution of the lawsuit the Parties entered into a Consent Order which required the DCC to adopt a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD"). The Consent Order was approved by this Court on October 4, 1982. Attached at Exhibit "A" is a copy of the Consent Order, and at Exhibit "B" is a copy of the CCPD.

3.    Almost ten years after the Court approved the Consent Order, certain Plaintiffs moved for an order vacating the Consent Order. Defendants

subsequently moved for a modification of the Consent Order to permit modifications to the CCPD for changes in circumstances. In a Memorandum Order dated June 30, 1993, the Court denied both Plaintiffs' and Defendants' motions. (Exhibit "C"). With respect to the Defendants' motion, the Court found that Rule 60 of the Federal Rules of Civil Procedure controlled, and that no changes in circumstances had been shown.

4.    On April 26, 1996, approximately fourteen (14) years after the Court approved the Consent Order, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective. Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321-66, codified at 18 U.S.C. § 3626 (1996). The PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities." *Miller v. French*, 530 U.S. 327, 333 (2000). Specifically, under the PLRA, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A). These same standards apply to existing injunctions, and a defendant or intervenor may move to terminate prospective relief that does not meet these standards. *Miller*, 530 U.S. at 333.

5.    The PLRA requires courts to rule "promptly" on motions to terminate prospective relief, with mandamus available to remedy a court's failure to do so. 18 U.S.C. § 3626(b)(3).

6.    Moreover, § 3626(e)(2) dictates that generally prospective relief shall be stayed pending resolution of a motion to terminate. The stay begins on the 30th day after the motion to terminate prospective relief is filed. A court may, however,

-2-

postpone the automatic stay for good cause, but not for more than 60 days. Good cause does not include docket congestion.

7. The Consent Order issued in this case violates the PLRA as it does not meet the criteria set out in § 3626(b)(2). Moreover, the Consent Order is not necessary to correct a current and ongoing violation of a Federal right. Therefore, the Consent Order must be terminated.

## I. The Consent Order Must Be Terminated As It Does Not Satisfy The Requirements For Prospective Relief.

8. "A consent decree may be modified when 'one or more of the obligations placed upon the parties has become impermissible under federal law' or when 'the statutory or decisional law has changed to make legal what the decree was designed to prevent.'" *Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 184 (3d Cir. 1999) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 388 (1992)). In this case the PLRA and its provisions have made the Consent Order impermissible under Federal law. Therefore, it must be terminated.

9. Section 3626(b)(2) of the PLRA provides:

> In any civil action with respect to prison conditions, a defendant or intervenor shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2).

Therefore, a consent decree must be terminated where it was approved or granted in the absence of a finding by the court that the relief: (1) is narrowly drawn; (2) extends no further than necessary to correct the violation of the Federal right; and (3) is

-3-

the least intrusive means necessary to correct the violation of the Federal right.

10.     In *Miller, supra*, the United States Supreme Court approved the constitutionality of the PLRA, the constitutionality of its provisions concerning prospective relief, and the automatic stay provision of § 3626(e). Importantly the Court held, "if prospective relief under an existing decree had been granted or approved absent [the] findings [under § 3626], then that prospective relief must cease . . . unless and until the court makes findings on the record that such relief remains necessary to correct an ongoing violation and is narrowly tailored." *Miller*, 530 U.S. at 346.

11.     The Third Circuit has also approved the constitutionality of the PLRA, and specifically its provisions providing for the termination of consent decrees. *Imprisoned Citizens Union*, 169 F.3d at 184-87. This Court, in *Preston v. Keve*, C.A. No. 74-179 (ORDER) (D. Del. Aug. 5, 1999) (J. Murray Schwartz) (Exhibit "D"), terminated a consent decree in light of the Third Circuit's ruling in *Imprisoned Citizens Union*. The Court in *Preston* held:



> a District Court must terminate prospective relief in any civil action with respect to prison conditions if it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of that right.

*Preston*, C.A. No. 74-179, Order at ¶ 2.

12.     In this case the Court made no finding in the October 4, 1982 Consent Order that the three requirements outlined in the PLRA were met. Therefore, the Consent Order must be terminated.

- 4 -

## A.    The Consent Order is not narrowly drawn.

13.    Section 3626(b)(2) states that prospective relief must be terminated where it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn. In this case, when the Court approved the Consent Order in 1982, it did not make any concomitant findings that the relief was narrowly drawn to correct constitutional violations.

14.    Moreover, the Consent Order and CCPD are broad, covering the entire system of penal discipline and sanctions for DCC. (Exhibit "B" at 100.11). Thus, the Consent Order is not narrowly tailored and fails to satisfy the first criterion.

## B.    The Consent Order extends further than necessary.

15.    The second criterion under § 3626(b)(2) is that the prospective relief must be terminated where it was granted in the absence of a finding that the relief extends no further than necessary to correct the violation of a Federal right. The Consent Order in the instant action cannot possibly meet the second requirement because there were never any findings of a violation of a Federal right.

16.    At the time of the initial litigation, the Plaintiffs claimed an alleged violation of due process. This claim, however, would clearly fail under modern jurisprudence as the United States Supreme Court's holding in *Sandin 'v. Connor*, 515 U.S. 472 (1995), precludes the possibility of a due process violation where an inmate is placed in isolation for a few weeks or even a few months. In *Sandin*, the Court held that inmates generally do not have a liberty interest in disciplinary sanctions, and only those which impose "atypical and significant hardship" on an inmate in relation to ordinary incidents of prison life would create a liberty interest triggering a hearing requirement.

- 5 -

*Sandin*, 515 U.S. at 484. The Court also held that a sanction of 30 days in isolation does not implicate a liberty interest. *Id.* at 486.

17. In contrast, the DCC CCPD requires a hearing for even a sanction of one day in punitive isolation. (Exhibit "B" at ¶ 300.001.) In addition to the fact that no violation was ever shown in this action, the fact that there is an established hearing process at DCC that would accord with any due process requirement weighs strongly against continuance of the instant Consent Order.

## C. The Consent Order is not the least intrusive means.

18. The third requirement of section 3626(b)(2) is that the prospective relief must be terminated where it was approved in the absence of a finding that the relief is the least intrusive means necessary to correct the violation of the Federal right. Again, no findings were made by the Court with respect to whether the Consent Order was the least intrusive means necessary to correct any alleged violation of a Federal right. Therefore, the Consent Order violates the PLRA.

19. Moreover, in this case the attached affidavit of Bureau of Prisons Chief Paul Howard (Exhibit "E") demonstrates that the DCC CCPD, mandated by the Consent Order, has caused multiple serious problems for the Department of Correction and has been harmful to the orderly operation of the Delaware prisons. For example, the CCPD: (1) creates inconsistent standards between prisons, as all other institutions have one Code of Penal Discipline (Bureau of Prisons Procedure No. 4.2, entitled "Rules of Conduct," copy attached at Exhibit "F") and DCC has another, different one—depriving the Department of the ability to promulgate uniform rules of conduct throughout the system; (2) promotes disparate inmate treatment among inmates of different institutions

under the point-based classification system, which scores inmates on institutional behavior that may be disciplined differently at the different institutions; (3) does not permit an amount of good time greater than 30 days to be revoked at DCC under any circumstances—thereby weakening an important administrative tool and disincentive for disruptive or violent inmate behavior (compare sanctions under section 300.210 of the CCPD to sanctions on page 16 of Procedure 4.2); (4) contains no provision for modification or updating of the rules—thus, for example, illicit use of tobacco or failure to participate in treatment programs, or use of restitution as a sanction cannot be added as offenses at DCC; and (5) the requirement under section 300.243 of the current DCC CCPD that appeals of an inmate disciplinary offense go to the central DOC administration (Commissioner, Bureau Chief or designee) has caused extensive delays in resolution of disciplinary proceedings at DCC. (Howard Aff. at ¶ 2.)

20.    When the Consent Order and CCPD were first imposed, the population of DCC was approximately 830—today it is approximately 2400, almost three (3) times the initial population. (Howard Aff. at ¶ 2.) Since its institution the CCPD has caused a substantial backlog of appeals to the central DOC office, and the delay in resolving disciplinary offenses at DCC frequently has an unnecessarily adverse effect on an inmate's classification. (Howard Aff. at ¶ 2.) In fact, the various problems that this Consent Order has caused the DCC and DOC are prime examples of the reasons and need for the PLRA and its restrictions on the use of consent decrees.

21.    The Consent Order approved by the Court in this case does not satisfy any of the three requirements of § 3626(b)(2). There were no findings by the Court that the relief was narrowly drawn, extends no further than necessary to correct the

violation of a Federal right, or that it was the least intrusive means necessary to correct

the violation of a Federal right. Therefore, unless the Consent Order falls within the

exception to § 3626(b)(2), it must be terminated.

**II.**      **The Consent Order Does Not Fall Within The Limitation Of § 3626(b)(3).**

22.   Section 3626(b)(3) of the PLRA provides a limitation to the

immediate termination of prospective relief pursuant to § 3626(b)(2). It states:



> Prospective relief shall not terminate if the court makes
> written findings based on the record that prospective relief
> remains necessary to correct a current or ongoing violation
> of the Federal right, extends no further than necessary to
> correct the violation of the Federal right, and that the
> prospective relief is narrowly drawn and the least intrusive
> means to correct the violation.

18 U.S.C. § 3626(b)(3).

23.   As stated earlier this Court never found a violation of a Federal

right by the Defendants. Moreover there are no current or ongoing constitutional

violations at DCC concerning the CCPD or the inmate disciplinary procedures.

Accordingly, because there are no current or ongoing violations by DCC, the prospective

relief imposed by the Consent Order is no longer necessary to correct a current or

continuing violation of a Federal right and must be terminated.

24.   Defendants are entitled to the termination of the Consent Order

pursuant to 18 U.S.C. § 3626(b)(2) because (1) it does not satisfy the criteria for

prospective relief; (2) there are neither current nor ongoing violations, and (3) the

prospective obligations imposed are not necessary to correct a current or continuing

violation of a Federal right.

WHEREFORE, Defendants respectfully request that this Court, at its earliest convenience, and no later than 30 days following the filing of this Motion, enter an order, substantially in the form attached hereto, vacating the October 4, 1982 Consent Order and terminating its prospective relief.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400

Attorney for Defendants

Dated: February 14, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTH EMERSON-WEST, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 78-14 SLR |
| v. | ) |
| | ) |
| WALTER REDMAN, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Defendants' Motion For Relief From Consent Decree (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Consent Decree ordered on October 4, 1982 is hereby **TERMINATED**.

3. The Parties are **RELIEVED** from the terms of the Consent Decree and the Correction Code of Penal Discipline.

SO ORDERED this ___16th___ day of ___March___, 2006.

_____
The Honorable Sue L. Robinson
United States District Court Judge