**Salih (Cecil Hall/ Salih Hall)**
**SBI #104141**
**Delaware Correctional Center**
**1181 Paddock Road**
**Smyrna, De 19977**

April 7, 2008



Clerk of Court
United States District Court
Federal Building
844 King Street
Wilmington, De 19801

RE: <u>North Emerson- West v. Redman, et. al., C.A. No. 78-14SLR</u>     ~~Ro scanned~~

Dear Clerk:~~

On March 16, 2006, this court signed an order granting a motion for relief from consent degree in this case. From the order, it can not be determined exactly what that means. Enclosed is a copy for reference.

This letter comes to request a copy of the state's motion that was granted by the court. Also, please be advised that no real notice of the impact or meaning of this order has been posted for the inmate population.

Thank you for your assistance.

Sincerely,

Salih

Enclosure
Xc: Department of Justice
     file

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORTH EMERSON-WEST, )
    Plaintiff, )
      v. )       C.A. No. 78-14
WALTER W. REDMAN, et al., )
    Defendants. )

## CONSENT ORDER

The parties, through their respective legal counsel, hereby stipulate
and agree, subject to the approval of the Court, as follows:

1. Defendants shall implement the disciplinary procedures set forth
in Exhibit "A" at Delaware Correctional Center ("DCC") commencing immediately.

2. By January 1, 1983, defendants shall commence training sessions
explaining the disciplinary procedures to all correctional officials at DCC
of the rank captain and below. Said training sessions shall be conducted no
less frequently than twice each year. After attendance at four such sessions,
a correctional official may be excused from further attendance.

3. Persons designated as hearing officers shall be provided with training
by a Deputy Attorney General before presiding over hearings. At that time, the
hearing officer shall be provided with an instructional pamphlet explaining his/
her responsibilities.

4. Plaintiffs and defendants shall create an instructional pamphlet for
correctional officers explaining the disciplinary procedures provided in
Exhibit "A". The Department of Correction shall provide every present employee,
and new employees as they are hired, with a copy of said pamphlet.

5. Upon receipt of a Disciplinary Report, the Hearing Officer will examine
the report to determine if it is properly completed. If it is not properly
completed, the Hearing Officer will direct the Report to the Unit Manager for
the building where the complaining officer works. The Unit Manager will direct
the complaining officer to correct the deficiencies in the Report and to return
it to the Hearing Officer within seventy-two (72) working hours of the time
when the Hearing Officer provided it to the Unit Manager.

If the complaining Officer does not submit the properly completed report within this time, the charges shall be dropped.

6. The Hearing officer shall note on each Disciplinary Report the times when it was delivered to the Building Superintendent and when it was returned to the Hearing Officer.

7. After the Disciplinary Hearing, if there is no appeal, the record of the hearing, together with relevant supporting documents, shall be forwarded to the Security Superintendent. He shall review them to determine whether the procedures in Exhibit "A" were properly followed.

8. If the procedures were not properly followed, the documents will be sent back to the Hearing Officer with appropriate instructions to correct the deficiencies and return the documents to the Security Superintendent.

9. Within thirty (30) days after the final review by the Security Superintendent, photocopies of the Record and supporting documents (defined as all documents relating to the incident which was the subject of the charge) shall be delivered to legal counsel for the plaintiffs.

10. If there is an appeal from the order of a Hearing Officer, within (30) days after action on the appeal, photocopies of the record and supporting documents shall be delivered to legal counsel for the plaintiffs.

11. The provisions in paragraphs 8 and 9 shall remain in effect for one year from the execution of this Order by the Magistrate or the Court, unless plaintiff's counsel requests an extension of time.


KATHLEEN C. LUCAS
Department of Correction
820 North French Street
Wilmington, DE 19801

Attorney for Defendants


DOUGLAS A. SHACHTMAN
1823 Lancaster Avenue
Wilmington, DE 19805

Attorney for Plaintiff


IT IS SO ORDERED this _____ day of _____, 1982.


UNITED STATES DISTRICT JUDGE

## CORRECTION CODE OF PENAL DISCIPLINE

100    GENERAL PROVISIONS

PURPOSES AND OBJECTIVES

100.11    The purpose of this code is to establish a system of penal discipline which defines, and prescribes appropriate sanctions for, conduct that unjustifiably causes or threatens substantial harm to individual, institutional or state interests.

100.12    This Code will be construed according to the fair meaning of its terms, to promote justice and to accomplish the following general objectives:

(a)    To promote the safety and welfare of everyone within the institution.

(b)    To promote the efficient administration and operation of the institution.

(c)    To define what conduct is prohibited in the institution and state the sanctions that may be imposed to punish such conduct.

(d)    To prevent arbitrary or retaliatory treatment of inmates accused or convicted of offenses.

(e)    To prescribe penalties that are proportionate to the seriousness of the offenses.

(f)    Generally, to provide a climate of certainty within which both correctional staff members and inmates will have a clearer picture of the relationship of each to the other and each to the interests of the institution.

DEFINITIONS

100.31    "Willfully" - an inmate acts "willfully" with respect to his conduct or to a result thereof, when it is his conscious purpose

to engage in the conduct or cause the result.

100.32    "Bodily Injury" means physical pain, physical illness or the impairment of any physical condition.

100.33    "Contraband" means any article, substance or thing which is not authorized by The Department of Correction, obtainable through the institutional commissaries, specifically permitted by applicable prison regulations, or otherwise specifically authorized by the institutional Warden or his designee.

100.34    "Offense" means conduct that is prohibited by this Code.

100.35    "Deadly Weapon" means any firearm, weapon, or other device, instrument, material or substance which in the manner in which it is used or is intended to be used is capable of producing death or serious bodily injury.

100.36    "Privilege" means any benefit conferred upon the inmate population by institutional regulation.

ATTEMPT, CONSPIRACY, AND ACCESSORIES

100.37    Attempt: An inmate commits an attempt when he does an act which constitutes a substantial step in a course of conduct planned to result in the commission of a rule violation.

100.38    Conspiracy: An inmate commits a conspiracy when he agrees with one or more persons to engage in a rule violation and then acts to carry out that agreement.

100.39    Accessory: An inmate is an accessory if he knowingly provides assistance to an inmate committing a rule violation.

100.40    The offenses of conspiracy, attempt and accessory will be punishable in the same degree as the rule violation involved.

200.        <u>RULES</u>

200.10            <u>MINOR OFFENSES</u>

200.101     <u>Unauthorized Use of Property of Another</u>:   Taking, exercising

            control  over or otherwise using the property of another  person

            without the consent of the owner.

200.102     <u>Off Limits</u>

            (a) Failing  to  report as prescribed to an appointed place  of

                duty or assignment or to any other place where directed  by

                the valid order of a correctional staff member.

            (b) Leaving without permission from an appointed place of  duty

                or  assignment to any other place where directed to  remain

                by the valid order of a correctional staff member.

            (c) Entering  or  remaining  in a prohibited  area  "Prohibited

                area" as used herein means any area to which inmate has not

                been authorized to be present.

200.103     <u>Gambling</u>:   Organizing or participating in,  wagers or games for

            personal gain, money or anything of value.

200.104     <u>Refusal to Work</u>:  Refusing to perform work assignments.

200.105     <u>Abuse  of  Privileges</u>:   Willful violation of any  institutional

            regulation dealing with a privilege.

200.106     <u>Creating a Health, Safety, or Fire Hazard</u>:   Activities which

            create a situation dangerous to the health or safety of  persons

            within  the institution,  or create a danger of fire within  the

            institution.

200.107     <u>Damage  or Destruction of Property  (under $10.00)</u>:   Tampering

            with,  damaging or destroying property belonging to the State of

            Delaware or to another person when the replacement value of such

            property is less than $10.00.

200.108    <u>Failing to Obey an Order</u>:    Willfully failing to obey any order issued by institutional staff.

200.109    <u>Refusal to cooperate in Drug-Abuse Testing</u>:    Willfully refusing to provide a urine sample, to breathe into a breathalyzer or to participate in other drug-abuse testing.

200.110    <u>Possession of Unauthorized Clothing</u>:    Possessing any article of clothing which is not specifically authorized for inmate wear.

200.111    <u>Possession of Non-dangerous Contraband</u>:    Possession or control of any contraband which by its nature does not present substantial danger to the safety of persons within the institution.

200.112    <u>Abuse of Prescribed Medication</u>:    Willfully hoarding medication which the inmate is authorized to receive.

<u>MAJOR OFFENSES</u>

200.201    <u>Assault</u>:    Willfully causing bodily injury to another person.

200.202    <u>Sexual Misconduct</u>:    Willfully engaging or soliciting or attempting to engage in sexual relations with another person within the institution.

200.203    <u>Disorderly or Threatening Behavior</u>:    (a) Fighting, or other violent, or threatening behavior.    (b) Insulting, taunting or challenging another person, in a manner likely to produce a violent or disorderly response.

200.204    <u>Restraint</u>:    Willfully restraining another person under circumstances which may expose the other person to a risk of bodily injury.

200.205    <u>Theft</u>:    Willfully taking or withholding property of another person intending to keep such property from its owner.

200.206     <u>Arson</u>: Willfully starting a fire or causing an explosion within the institution.

200.207     <u>Receiving Stolen Property</u>: Receiving or possessing property of another person knowing that it has been stolen or believing that it has probably been stolen, unless a correctional officer has been notified or other reasonable efforts are made to restore the property to its owner.

200.208     <u>Forgery</u>: Falsely making, completing or altering a written document with intent to defraud or deceive another person.

200.209     <u>Damage or Destruction of Property (over $10.00)</u>: Tampering with, damaging or destroying property belonging to the State of Delaware or to another person when the replacement value of such property is equal to or exceeds $10.00.

200.210     <u>Influencing a Witness</u>: While believing that an official proceeding or an official investigation is pending or about to be instituted:

(a) Attempting to cause a witness to testify falsely or to withhold any testimony or information or other evidence; or

(b) Committing any act prohibited by these rules in retaliation for anything done by another person in his capacity as a witness; or

(c) Soliciting, accepting or agreeing to accept any benefit in return for providing false testimony or information or withholding any testimony or information or other evidence.

200.211     <u>Bribery</u>: Giving, offering or promising anything of value to any correctional staff member with the intent:

    (a)  To influence any act within the official responsibility of the officer;  or

    (b)  To induce such correctional staff member to do or omit from doing any act in violation of his official duty.

200.212    <u>Falsifying Physical Evidence</u>:  While believing that an official proceeding or an official investigation is pending or about to be instituted:

    (a)  Altering, destroying, concealing or removing anything with intent to impair its authenticity or availability in such proceeding or investigation.

    (b)  Presenting or using anything knowing it to be false, with intent to deceive a correctional staff member or anyone who is or will be a member of such proceeding or investigation.

200.213    <u>Lying</u>:  Willfully making a false statement to a Department of Correction staff person with intent to deceive such staff member.

200.214    <u>Escape</u>:  Leaving the confines of the institution (or from official custody while beyond the confines of the institution, or failing to return to official custody within the institution following temporary release from the institution) without proper authorization.

200.215    <u>Inciting to Riot</u>:

    (a)  Inciting or urging a group of two or more other inmates to engage in a current or pending riot;  or

    (b)  Commanding, directing, instructing or signalling a group of two or more other inmates to cause, continue or enlarge a riot.

  (A "riot" is a disturbance involving an assemblage of three or more

persons which by violent conduct creates a grave danger of damage or injury to property or persons and substantially disrupts the normal functioning of the institution through violence. An inmate may be found guilty of Inciting to Riot even where no riot actually occurs as a direct or indirect result of his urging.)

200.216    <u>Engaging in a Riot</u>:  Participating in a riot which is in existence at the time of his act.  However, no inmate who is merely present at the scene of an ongoing riot is guilty of an offense under this section, provided that he moves to a designated area after being directed to by proper authority.

200.217    <u>Giving a False Alarm</u>:  Willfully communicating a false report concerning a fire, explosion, or other catastrophe or emergency where the report is likely to cause the evacuation of a building or to cause the correctional staff to respond in alarm.

200.218    <u>Possession of Dangerous Contraband</u>:  Possession or control of contraband which by its nature presents substantial danger to the safety of persons within the institution, such as any deadly weapon or explosive device.

200.219    <u>Possession of Intoxicant, Non-Prescribed Drugs, or Paraphernalia</u>:  Possession or control of intoxicating beverages, medication, or drugs not prescribed by a member of the institutional medical staff.  Possession of paraphernalia necessary to administer such substances shall constitute a violation of this section.

200.220    <u>Possession of Money and Coin</u>:  Possession of money, cash, currency or other forms of legal tender.

200.221    <u>Using Intoxicants or Non-Prescribed Drugs</u>:  Use of any intoxicating beverages, medication, or drugs not prescribed by a

member of the institutional medical staff.

200.222    Possession of Staff Clothing:  Possession of any  article  of

clothing  which is identifiable as part of,  or an accessory to,

the Department of Correction staff uniform.

200.223    Extortion,  Blackmail or Protection:  Demanding of, or receiving

from,  another person money or anything of value in  return  for

protecting  that person from others,  refraining from committing

bodily  injury  or sexual assault on that person  or  refraining

from reporting to authorities any activity,  real or fictitious,

of that person.

200.224    Indecent Exposure:  Willfully exposing the genitals or buttocks

to  any person other than another inmate under circumstances  in

which the conduct is likely to cause affront or alarm.

200.225    Inmate Demonstrations:  (a) Inciting or urging two or more other

inmates to engage in a disturbance involving non-violent conduct

which  substantially  disrupts  the normal  functioning  of  the

institution.  (b)  Participating in a disturbance involving non-

violent  conduct  which  substantially  disrupts  the  normal

functioning of the institution.

300    DISCIPLINARY PROCEDURES

300.001    Except as set forth under 300.160 and 300.250 herein, notice and

hearing  before  a  Hearing Officer,  as  set  forth  in  this

procedure,  shall  be  provided prior to the imposition of  any

sanction  as defined herein against an inmate for the  violation

of a rule of this institution.

Procedures following a Minor Offense.

300.110    A  minor  offense  as defined at 200.101  - 200.112  is  a  rule

violation  in  which the extent of the sanctions to  be  imposed

shall be restricted to:

(a)  Written reprimand;

(b)  Loss of one or more privileges for a period of time of more than 24 hours but less than 15 days.

300.120    Upon the reasonable belief of an institutional staff member that such an offense has been committed, he may file a written disciplinary report of the incident with the shift supervisor. Such report shall include:

(a)  The specific rule violated.

(b)  The facts surrounding the incident.

(c)  The names of witnesses to the incident, if any.

(d)  The disposition of any evidence involved.

(e)  Any immediate action taken.

(f)  The date and time of the offense.

(g)  The signature of the reporting officer.

300.130    Should a staff member believe an offense may be properly responded to by a verbal reprimand, warning and/or counseling, he may so respond, in which case no disciplinary report need be prepared. A counseling report of this action will be made by the staff member, a copy placed in the inmate's file and a copy given to the inmate. The inmate may prepare a response to counseling reports, which shall be placed with the report in the inmate's file.

300.140    Upon the filing of the disciplinary report alleging commission of a minor offense, the following steps will be undertaken.

Notice

300.141    A copy of the disciplinary report, as a notification of the charges, shall be given to the inmate at least 24 hours prior to

the hearing.

300.142    The notice shall advise the inmate of his rights in the
disciplinary process.

Hearing

300.143    All hearings for minor offenses shall be conducted by an
impartial hearing officer, who shall not have had a direct
involvement with the alleged incident nor shall have had
supervisory responsibility over the accused inmate during the
six month period immediately preceding the hearing. The hearing
officer shall be of a rank no lower than Lieutenant.

300.144    The inmate shall be present at all phases of the hearing, unless
his behavior becomes disruptive to the proceedings. Reasons for
such exclusion shall be stated in writing.

300.145    The inmate shall be allowed to make a statement and present any
reasonable evidence, including written statements from others,
in his behalf.        -

300.146    Unless the Hearing Officer feels additional oral testimony is
necessary, his decision may be based on the disciplinary report,
the statements of the inmate, and any other relevant written
information presented at the hearing.

Record of Findings

300.147    Following the hearing, the Hearing Officer shall state in
writing, his findings, the evidence relied on and the sanctions
imposed, if any. No sanction shall be executed during the
period referred to in 300.150 unless the inmate indicates in
writing that he does not intend to appeal. (See explanatory
note following 300.245).

Cumulative consecutive sanctions shall not be imposed for a

single act. (See e.g. 300.240.)

300.148    Copy of this report shall be given to the inmate.

Appeal

300.149    The  inmate shall be advised of his right to appeal the decision
to the Commissioner, Bureau Chief or their designee and shall be
provided with an appeal form.

300.150    The appeal form must be completed and given to a shift commander
or his assistant within 72 hours of the inmate's receipt of  the
record  of the hearing.    FAILURE TO COMPLY WITH THIS TIME LIMIT
MAY  CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL.    The  time
limit  shall · run only while the inmate is incarcerated  at  the
institution.

300.151    Upon  the  filing of the appeal form the Hearing  Officer  shall
grant a stay of any sanction imposed at the disciplinary hearing
until  an  appeal decision is rendered. (See  explanatory  note
following 300.245.)

300.152    All appeals shall be heard by the Commissioner,  Bureau Chief or
their  designee.    The  appeal decision shall be in writing  and
should be rendered within 10 days of receipt of the  appeal.   A
copy of the decision shall go to the inmate.

300.153    The  official  hearing  of the appeal may affirm · the  decision,
reverse the decision, or remand the decision back to the Hearing
Officer for further proceedings.    Sanctions may be reduced, but
not increased.

300.160    Notwithstanding  any other provision of 300.130 and  300.140  to
the  contrary,  should  a shift supervisor, upon reviewing  the
disciplinary report,  determine that an offense may be  properly
responded  to  by  an  immediate  revocation  of  one  or  more

privileges for a period of time not to exceed twenty-four hours, he may so respond.

300.161     As used in this subsection, the term "privilege" shall not include attendance at educational classes, vocational training sessions, counseling sessions, alcohol/drug rehabilitation programs, regular job assignments or religious services, nor shall it include any right which is secured to an inmate by the Constitution or any law of the United States or the State of Delaware.

### Procedures Following a Major Offense

300.210     A major offense as defined in 200.201 - 200.225 is a rule violation in which a more severe sanction may be imposed than permitted for a minor offense. Sanctions which may be imposed for a major offense shall be restricted to:

(a) Written reprimand.

(b) Loss of one or more privileges for a period of time of more than 24 hours but less than 60 days.

(c) Confinement to assigned quarters for a period of time not to exceed 30 days.

(d) Isolated confinement for a period of time not to exceed 15 days.

(e) Loss of good time for a period of time not to exceed 30 days.

300.211     Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.

300.220     Upon the reasonable belief of an institutional staff member that such an offense has been committed, he shall file a written disciplinary report of the incident with the shift supervisor.

Such report shall include:

(a)  The specific rule violated.

(b)  The facts surrounding the incident.

(c)  The names of the witnesses to the incident, if any.

(d)  The disposition of any evidence involved.

(e)  Any immediate action taken.

(f)  The date and time of the offense.

(g)  The signature of the reporting officer.

300.230    Upon  the reporting of the alleged major offense,  the following steps will be undertaken.

### Notice

300.231    A  copy  of the disciplinary report,  as a notification  of  the charges, shall be given to the inmate at least 24 hours prior to a hearing.

300.232    The  notice  shall  advise  the inmate  of  his  rights  in  the disciplinary process.

### Pre-hearing detention

300.233    Until  the  hearing,  the  inmate is entitled to remain  in  his existing status,  unless he becomes a sufficient threat to other inmates,  staff  members,  or  himself  to  warrant  pre-hearing detention.

300.234    If pre-hearing detention is ordered by the shift supervisor such order  must be reviewed by the superintendent  or  his  designee within 24 hours.  Failure to do so will return the inmate to his previous status.

300.235    Any  time  spent  in  pre-hearing detention  shall  be  credited against any subsequent sanction imposed.

Hearing

300.236    All hearings for major offenses shall be conducted by an
impartial Hearing Officer, who shall not have had supervisory
responsibility over the accused inmate during the six month
period immediately preceding the hearing. A hearing officer
shall be disqualified to preside over hearings in which he
witnessed the incident in question, was involved in preparation
of the charge, or is otherwise biased against the inmate who is
the subject of the hearing. The hearing officer shall be of a
rank no lower than Lieutenant.

300.237    At the hearing, the inmate shall be entitled to the following:

(a) An opportunity to be present during all phases of the
hearing, except that he may be excluded during the Hearing
Officer's deliberations and at any time the inmate's
behavior becomes disruptive to the proceedings. Reasons
for such exclusion shall be stated in writing.

(b) The accused inmate may consult with counsel or counsel
substitute prior to the hearing. At the hearing, an inmate
may be accompanied by a counsel substitute who may be
either a staff member or an approved inmate. The extent to
which counsel substitutes may present an inmate's case at a
disciplinary hearing shall be within the discretion of the
Hearing Officer, taking into consideration such factors as
illiteracy and intelligence of the inmate, the complexity
of the issues under consideration, and any other factors
which may prevent the inmate from making a complete
presentation on his own behalf.

(c) Copies of any written information which the Hearing Officer

may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual; reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, its contents will be summarized for the inmate to the extent this may be done without creating a substantial risk to institutional or personal safety.

(d) An opportunity to make a statement and present documentary evidence.

(e) An opportunity to call witnesses on his behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety or would endanger the physical safety of any individual; such reasons for denial to be stated in writing.

(f) An opportunity to confront and cross-examine his accuser and all adverse witnesses, unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial stated in writing.

300.238    At any time during the hearing, the Hearing Officer may exclude evidence, although relevant, if its evidential value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence; such reasons to be stated in writing.

300.239    At any time during the hearing, the Hearing Officer on his own motion, may order an investigation into the incident and continue the hearing at a future time.

## Decision and Record of Finding

300.240    At the conclusion of the hearing the Hearing Officer shall announce the decision and sanction if any.  The decision shall be put in writing, and a copy shall be given to the inmate.  The imposition of any of the sanctions enumerated in 300.210 above may be suspended and, in lieu thereof, the inmate may be placed upon probation for a period of time not to exceed 90 days.  No sanction shall be executed during the period referred to in 300.244 unless the inmate indicates in writing that he does not intend to appeal.  (See explanatory note following 300.245.) Cumulative consecutive sanctions shall not be imposed.

(a)  Permissible  e.g.:  Inmate swears at and strikes a correctional officer.  He may be sanctioned for "Disrespect to a correctional officer" and "Assault on a correctional officer".

(b)  Impermissible  e.g.:  Inmate uses profane language to a correctional officer.  He may not be given cumulative consecutive sentences for "Abusive language" and "Disrespect to a correctional officer".

300.241    In addition to the written decision and sanction notice, the Hearing Officer shall prepare a written record of the hearing. Such record should be completed within five working days of the hearing and shall contain:

(a)  The Hearing Officer's decision.

(b)  The sanction imposed.

(c)  A summary of the evidence upon which the decision and sanction were based.

(d)  A list of all witnesses and a summary of their testimony.

(e)   A statement as to whether the sanction is stayed during an appeal and the reasons for that decision.

(f)   The date and time of the hearing.

(g)   The signature of the Hearing Officer.

300.242    A copy of the written record shall be given to the inmate.

<u>Appeal</u>

300.243    The inmate shall be advised of his right to appeal the decision to the Commissioner, Bureau Chief or their designee and shall be provided with an appeal form.

300.244    The appeal form must be completed and given to a Shift Commander or his assistant within 72 hours of the inmate's receipt of the record of the hearing. FAILURE TO COMPLY WITH THIS TIME LIMIT MAY CONSTITUTE GROUNDS FOR DISMISSAL OF THE APPEAL. The time limit shall run only while the inmate is incarcerated at the institution.

300.245    Upon the filing of the appeal form, the Hearing Officer shall grant a stay of any sanction imposed at the disciplinary hearing until an appeal decision is rendered. <u>EXPLANATORY NOTE</u>: For both major and minor offenses, the execution of the sanction is automatically stayed for 72 hours immediately following the inmate's receipt of the record unless the inmate indicates, in writing, that he does not intend to appeal. The purpose of the automatic stay is to afford an inmate time to decide if he wishes to appeal. If the inmate files a timely appeal form, 300.147 and 300.240 provide that the hearing officer must stay the execution of the sanction until an appeal decision is rendered. If no appeal form is filed within the stated time period or, if during the stated time period, the inmate

indicates in writing that he does not intend to appeal, the sanction shall be executed.

300.246    All appeals shall be heard by the Commissioner, Bureau Chief, or their designee. The appeal decision shall be in writing and should be rendered within ten days of receipt of the appeal. A copy of the decision shall go to the inmate.

300.247    The official hearing of the appeal may affirm the decision, reverse the decision, or remand the decision back to the Hearing Officer for further proceedings. Sanctions may be reduced, but not increased.

300.250    Notwithstanding any other provision of 300.230 to the contrary, should a Shift Supervisor, upon reviewing the disciplinary report, determine that an offense may be properly responded to by an immediate revocation of one or more privileges for a period of time not to exceed 24 hours, he may so respond.

300.251    As used in 300.250, the term "privilege" shall not include attendance at educational classes, vocational training sessions, counseling sessions, alcohol/drug rehabilitation programs, regular job assignments or religious services. Nor shall it include any right which is secured to an inmate by the Constitution or any law of the United States or the State of Delaware.

Expungement

300.300    If an inmate is found not guilty of an offense, major or minor, all reference to that offense shall be removed from his file, if reasonably possible. Otherwise, the finding of not guilty shall be clearly indicated in his file.

## Procedures Following Criminal Misconduct

300.410    Upon the determination of the shift supervisor or the Hearing
Officer that an inmate has committed a criminal offense, the
Warden or his designee will be notified without delay. The
proper law enforcement authority shall then be notified.

300.420    Any disciplinary hearing for this alleged offense shall be
conducted in accordance with 300.236 - 300.237 and the inmate
shall be advised that he has the right to remain silent in the
hearing and that his silence will not be construed adversely
against him at the hearing.

## Procedures Following an Emergency

300.510    In the event of a widespread institutional disruption which
requires emergency action, any or all portions of these
regulations may be temporarily suspended.

300.520    Any inmate involved in the emergency may be detained without a
hearing throughout the course of the emergency.

300.530    Upon the restoration of order, all inmates who were detained
shall be accorded all disciplinary procedures as provided by
this regulation.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NORTH EMERSON-WEST, et al.** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **C.A. No. 78-14 SLR** |
| v. | ) |
| | ) |
| **WALTER REDMAN, et al.** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Defendants' Motion For Relief From Consent Decree (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    The Consent Decree ordered on October 4, 1982 is hereby **TERMINATED**.

3.    The Parties are **RELIEVED** from the terms of the Consent Decree and the Correction Code of Penal Discipline.

SO ORDERED this ___*16th*___ day of ___*March*___, 2006.

_____

The Honorable Sue L. Robinson
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORTH EMERSON-WEST, et al.       )
                                )
            Plaintiffs,          )
        ·                       )        C.A. No. 78-14 SLR
        v.                       )
                                )
WALTER REDMAN, et al.            )
                                )
            Defendants.          )

## ORDER

Upon the Defendants' Motion For Relief From Consent Decree (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

IT IS HEREBY ORDERED as follows:

1.    The Motion is **GRANTED**.

2.    The Consent Decree ordered on October 4, 1982 is hereby **TERMINATED**.

3.    The Parties are **RELIEVED** from the terms of the Consent Decree and the Correction Code of Penal Discipline.

SO ORDERED this ___16th___ day of ___March___, 2006.

_____
The Honorable Sue L. Robinson
United States District Court Judge

IM: SALIH HALL
SBI#: 154141    UNIT: SHU 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$ 01.48
MAILED FROM ZIP CODE 19977

Clerk of Court
United States District Court
Federal Building
844 King Street
Wilmington, DE 19801

