IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTH EMERSON-WEST, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 78-14 SLR |
| v. ) | |
| ) | |
| WALTER REDMAN, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
ROLLIN LEE LAUB'S MOTION FOR RELIEF FROM
THE DISTRICT COURT'S ORDER [RE: D.I. 260]**

COMES NOW the Defendants, by and through their undersigned counsel, and hereby respond in opposition (the "Response"), to Rollin Lee Laub's Motion for Relief from the District Court's Order filed March 19, 2008 (D.I. 260) (the "Motion"). Defendants assert that this Court should deny Laub's Motion because he does not have standing in this matter and was not entitled to notice and because notice was properly given by the Defendants. In support of the Response, the Defendants state as follows:

1.    The instant class action lawsuit was initiated in 1978 by Plaintiff North Emerson West. The class action related to prison conditions and disciplinary procedures at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

2.    In resolution of the lawsuit the Parties entered into a Consent Order which required the DCC to adopt a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD"). The Consent Order was approved by this Court on October 4, 1982. (Both the Consent Order and the CCPD are attached to the Motion for Relief from Consent Decree as Exhibits A and B respectively).

3.     Almost ten years after the Court approved the Consent Order, certain Plaintiffs moved for an order vacating the Consent Order. Defendants subsequently moved for a modification of the Consent Order to permit modifications to the CCPD for changes in circumstances. In a Memorandum Order dated June 30, 1993, the Court denied both Plaintiffs' and Defendants' motions. (D.I. 252). With respect to the Defendants' motion, the Court found that Rule 60 of the Federal Rules of Civil Procedure controlled, and that no changes in circumstances had been shown.

4.     On February 14, 2006, the Defendants filed a Motion for Relief from Consent Decree. (D.I. 253). The Defendants asserted that the Court should enter an order terminating the Consent Decree because it violated the Prison Litigation Reform Act and was not necessary to correct a current and ongoing violation of a Federal right.

5.     Counsel for the Defendants attached a Certificate of Service to the Motion for Relief from Consent Decree. The Certificate of Service stated that Douglas A. Shachtman, Esquire had been served at 1200 Pennsylvania Avenue, #302, Wilmington, DE 19806. The address Mr. Shachtman was served at is the same address listed on the current court docket (Exhibit A) and in the Delaware Legal Directory (Exhibit B). The documents to Mr. Shachtman did not return to the sender.

6.     Counsel for the Defendants also served the two pro se Plaintiffs whose addresses were listed on the Court's docket – Salih Muhammad Al-Shabazz and Hassan Umar Sharif. Both Mr. Al-Shabazz and Mr. Sharif were served at the address listed on the Court's docket. (*See* Exhibit A). The documents were returned to sender. (Exhibit C).

7.     One month later, on March 16, 2006, the Court entered an Order

terminating the Consent Decree. (D.I. 257). The Court closed the case that same day. After the Court entered its order it also attempted to serve Salih Muhammad Al-Shabazz and Hassan Umar Sharif with a copy of the order. The Court's papers were returned to sender. (D.I. 258, 259).

8. Two years after the Court entered its Order terminating the Consent Decree, Laub filed his Motion for Relief from the District Court's Order. The Court's docket does not indicate that Laub was ever a plaintiff in this action, a lead plaintiff in the class action or a plaintiff entitled to notice. (*See* Exhibit A).

9. In his Motion Laub states that the Court should set aside or vacate its Order terminating the Consent Decree because "Defendants did not serve the motion on the lawyer Douglas A. Shachtman who is plaintiff's counsel of record. Nor did Defendants serve the motion on any of the plaintiff class-members themselves." (Motion at 3 ¶ 5). Laub also states that the Court should not have entered the Order because there still exists a "current or ongoing violation of the federal right." (*Id.* at ¶ 8).

10. Defendants assert that the Court should deny the Motion. Federal Rule of Civil Procedure 60(b) sets out the grounds for relief from a final judgment or order in a case. FED. R. CIV. P. 60(b). The rule provides six reasons for why a court may grant relief. Laub alleges that this Court should grant him relief under subsection 4 – "the judgment is void". In this case Laub has no evidence to void the judgment in this case. First, Laub has not proven that he has standing in this matter. Second, the record clearly shows that the Defendants gave proper notice of the Motion for Relief from Consent Decree. Finally, the Order terminating the Consent Decree was valid. Therefore Laub has no grounds for relief from the judgment under Rule 60(b) and his Motion should be

denied.

## I.  Laub Is Not A Plaintiff In This Lawsuit And Does Not Have Standing To Challenge The Defendants Alleged Failure To Provide Adequate Notice.

11. Prior to reaching the merits of an issue, a court has "'an obligation to assure [itself]'" that a plaintiff has standing under Article III. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006) (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180 (2000)). To demonstrate standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

12. Laub has not shown that he was a plaintiff in the above-captioned action, a lead plaintiff in the class action or a plaintiff entitled to notice. Moreover, the current Court's docket does not list him as a plaintiff in the case. (Exhibit A). Therefore Laub was not entitled to receive service of the Motion for Relief from Consent Decree and he cannot prove that he suffered a personal injury by the Defendants' failure to serve him.

13. Moreover, to the extent Laub claims that he was a plaintiff because this is a class action lawsuit, it is clear from the Court's docket that Laub was not a lead plaintiff or a plaintiff entitled to notice at the time the Defendants filed the Motion for Relief from Consent Decree. As such, the Defendants had no obligation to serve Laub with a copy of the Motion for Relief and Laub cannot allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct." Therefore Laub does not have standing in this matter and his Motion should be denied.

## II. The Defendants Properly Served The Plaintiffs With The Motion For Relief From Consent Decree.

14. Aside from Laub not having standing to adjudicate this matter, the record clearly shows that he has no basis for alleging improper notice because the Defendants complied with the Federal Rules and properly served the Plaintiffs in this case.

15. Federal Rule of Civil Procedure 5 states that when a party is represented by an attorney service is made on the attorney. FED. R. CIV. P. 5(b)(1). Further, service is made upon a person not represented by an attorney by, "Mailing a copy to the last known address of the person served. Service by mail is complete on mailing." FED. R. CIV. P. 5(b)(2)(B).

16. The record clearly shows that the Defendants served three individuals in this case – Douglas A. Shachtman, Esquire, Salih Muhammad Al-Shabazz and Hassan Umar Sharif. Mr. Shachtman was, at one time, counsel for the Plaintiffs. Therefore the Defendants served him with a copy of the Motion for Relief from Consent Decree. Mr. Shachtman was served at the address listed on the docket which also matched the address listed in the 2006 Delaware Legal Directory. (Exhibits A and B). The documents served upon Mr. Shachtman were not returned to the sender. According to the Federal Rules, service was complete to Mr. Shachtman upon mailing.

17. Laub asserts that the August 16, 2007 letter from Mr. Shachtman indicates that the Defendants never served him in this case. This is not a correct reading of the letter. Mr. Shachtman's letter clearly states, "Due to the passage of time, I no longer have any documents on the West v. Redman case that you reference, …." (Exhibit D). Mr. Shachtman never states that he was not served in the matter, just that he no longer has any documents on the case. Therefore Laub has not shown that Mr. Shachtman was

not served in the case.

18.  Further, the Defendants also served the pro se plaintiffs – Salih Muhammad Al-Shabazz and Hassan Umar Sharif – at the addresses listed on the Court's docket. The documents sent to Al-Shabazz and Sharif were returned, but there was no other address listed on the Court's docket. (Exhibit C). Moreover, it is clear from the Court's record that the Court also attempted to serve the pro se Plaintiffs in this case but the documents were returned. (D.I. 258, 259).

19.  Although the documents sent by the Defendants to the pro se Plaintiffs were returned to the sender, the Defendants complied with the Federal Rules by sending the Motion for Relief from Consent Decree to the last known address. Therefore service upon the pro se Plaintiffs was also complete upon mailing.

20.  The record is clear – the Defendants complied with the Federal Rules by attempting to serve all listed Plaintiffs at the addresses on the Court's docket. Therefore the Court should deny Laub's Motion.

**III.  The Court Properly Terminated The Consent Order Because It Violates The PLRA And Is Not Necessary To Correct A Current And Ongoing Violation Of A Federal Right.**

21.  On April 26, 1996, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective. Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321-66, codified at 18 *U.S.C*. § 3626 (1996). The PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities." *Miller v. French*, 530 U.S. 327, 333 (2000). Specifically, under the PLRA, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the

Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 *U.S.C.* §3626(a)(1)(A). These same standards apply to existing injunctions, and a defendant or intervenor may move to terminate prospective relief that does not meet these standards. *Miller*, 530 U.S. at 333.

22.  As stated in the Defendants' Motion for Relief from Consent Decree, the Consent Order issued in this case violates the PLRA as it does not meet the criteria set out in § 3626(b)(2). Moreover, the Consent Order is not necessary to correct a current and ongoing violation of a Federal right. Therefore, the Court properly terminated the Consent Order.

### A.  The Consent Order Was Properly Terminated Because It Does Not Satisfy The Requirements For Prospective Relief.

23.  "A consent decree may be modified when 'one or more of the obligations placed upon the parties has become impermissible under federal law' or when 'the statutory or decisional law has changed to make legal what the decree was designed to prevent.'" *Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 184 (3d Cir. 1999) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 388 (1992)). In this case the PLRA and its provisions have made the Consent Order impermissible under Federal law. Therefore, it was properly terminated by this Court.

24.  Section 3626(b)(2) of the PLRA provides:

> In any civil action with respect to prison conditions, a defendant or intervenor shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2).

According to the statute then, a consent decree must be terminated where it was approved or granted in the absence of a finding by the court that the relief: (1) is narrowly drawn; (2) extends no further than necessary to correct the violation of the Federal right; and (3) is the least intrusive means necessary to correct the violation of the Federal right.

25. In *Miller*, *supra*, the United States Supreme Court approved the constitutionality of the PLRA, the constitutionality of its provisions concerning prospective relief, and the automatic stay provision of § 3626(e). Importantly the Court held, "if prospective relief under an existing decree had been granted or approved absent [the] findings [under § 3626], then that prospective relief must cease . . . unless and until the court makes findings on the record that such relief remains necessary to correct an ongoing violation and is narrowly tailored." *Miller*, 530 U.S. at 346.

26. The Third Circuit has also approved the constitutionality of the PLRA, and, specifically, its provisions providing for the termination of consent decrees. *Imprisoned Citizens Union*, 169 F.3d at 184-87. This Court, in *Preston v. Keve*, C.A. No. 74-179 (ORDER) (D. Del. Aug. 5, 1999) (J. Murray Schwartz) (Exhibit E), terminated a consent decree in light of the Third Circuit's ruling in *Imprisoned Citizens Union*. The Court in *Preston* held:

> a District Court must terminate prospective relief in any civil action with respect to prison conditions if it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of that right.

*Preston*, C.A. No. 74-179, Order at ¶ 2.

27. In this case the Court made no finding in the October 4, 1982 Consent Order that the three requirements outlined in the PLRA were met. Therefore, the Consent Order was properly terminated by the Court.

### 1. The Consent Order is not narrowly drawn.

28. Section 3626(b)(2) states that prospective relief must be terminated where it was approved or granted in the absence of a finding by the court that the relief is narrowly drawn. When the Court approved the Consent Order in 1982, it did not make any concomitant findings that the relief was narrowly drawn to correct constitutional violations.

29. Moreover, the Consent Order and CCPD are broad, covering the entire system of penal discipline and sanctions for DCC. Thus, the Consent Order is not narrowly tailored and fails to satisfy the first criterion.

### 2. The Consent Order extends further than necessary.

30. The second criterion under § 3626(b)(2) is that the prospective relief must be terminated where it was granted in the absence of a finding that the relief extends no further than necessary to correct the violation of a Federal right. The Consent Order in the instant action cannot possibly meet the second requirement because there were never any findings of a violation of a Federal right.

31. At the time of the initial litigation, the Plaintiffs claimed an alleged violation of due process. This claim, however, would clearly fail under modern jurisprudence as the United States Supreme Court's holding in *Sandin v. Connor,* 515 U.S. 472 (1995), precludes the possibility of a due process violation where an inmate is placed in isolation for a few weeks or even a few months. In *Sandin*, the Court held that

inmates generally do not have a liberty interest in disciplinary sanctions, and only those which impose "atypical and significant hardship" on an inmate in relation to ordinary incidents of prison life would create a liberty interest triggering a hearing requirement. *Sandin,* 515 U.S. at 484. The Court also held that a sanction of 30 days in isolation does not implicate a liberty interest. *Id.* at 486.

32. In contrast, the DCC CCPD requires a hearing for even a sanction of one day in punitive isolation. The fact that there is an established hearing process at DCC that would accord with any due process requirement weighs strongly against continuance of the instant Consent Order.

### 3. The Consent Order is not the least intrusive means.

33. The third requirement of § 3626(b)(2) is that the prospective relief must be terminated where it was approved in the absence of a finding that the relief is the least intrusive means necessary to correct the violation of the Federal right. Again, no findings were made by the Court with respect to whether the Consent Order was the least intrusive means necessary to correct any alleged violation of a Federal right. Therefore, the Consent Order violates the PLRA.

34. Moreover the DCC CCPD, mandated by the Consent Order, has caused multiple serious problems for the Department of Correction and has been harmful to the orderly operation of the Delaware prisons. (See Exhibit E to the Motion for Relief from Consent Decree).

35. When the Consent Order and CCPD were first imposed, the population of DCC was approximately 830—today it is approximately 2400, almost three (3) times the initial population. Since its institution the CCPD has caused a substantial backlog of

appeals to the central DOC office, and the delay in resolving disciplinary offenses at DCC frequently has an unnecessarily adverse effect on an inmate's classification. In fact, the various problems that this Consent Order has caused the DCC and DOC are prime examples of the reasons and need for the PLRA and its restrictions on the use of consent decrees.

36. The Consent Order approved by the Court in this case does not satisfy any of the three requirements of § 3626(b)(2). There were no findings by the Court that the relief was narrowly drawn, that it extends no further than necessary to correct the violation of a Federal right, or that it was the least intrusive means necessary to correct the violation of a Federal right. Therefore, the Court was justified in finding that the Consent Decree should be terminated.

### B. The Consent Order Does Not Fall Within The Limitation Of § 3626(b)(3).

37. Section 3626(b)(3) of the PLRA provides a limitation to the immediate termination of prospective relief pursuant to § 3626(b)(2). It states:

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3).

38. As stated earlier this Court never found a violation of a Federal right by the Defendants. Moreover there are no current or ongoing constitutional violations at DCC concerning the CCPD or the inmate disciplinary procedures. In his Motion Laub alleges that there are current or ongoing constitutional violations, however, the Motion

fails to mention one specific example of such a violation.  Accordingly, because there are no current or ongoing violations by DCC, the prospective relief imposed by the Consent Order is no longer necessary to correct a current or continuing violation of a Federal right and must be terminated.

39.     The Court properly terminated the Consent Order pursuant to 18 U.S.C. § 3626(b)(2) because (1) it does not satisfy the criteria for prospective relief; (2) there are neither current nor ongoing violations, and (3) the prospective obligations imposed are not necessary to correct a current or continuing violation of a Federal right.

WHEREFORE, the Defendants respectfully request that this Honorable Court enter an order denying Laub's Motion for Relief form the Order terminating the Consent Decree.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Attorney for Defendants

Dated: June 6, 2008

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on June 6, 2008, I caused a true and correct copy of the attached ***Defendants' Response in Opposition to Rollin Lee Laub's Motion for Relief from the District Court's Order [Re: D.I. 260]*** to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Douglas A. Shachtman, Esquire
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, #302
Wilmington, DE 19806
Attorney for Plaintiffs

Salih Muhammad Al-Shabazz
Howard R. Young Correctional Facility
P.O. Box 9561
Wilmington, DE 19809

Hassan Umar Sharif
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Rollin Lee Laub
SBI #068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendants