OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Ms. Tonya Wyche
Case Manager
21400 united States Courthouse
601 Market Street
Philadelphia, Pa. 19106-1790



FILED
JUN 19 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Date: June 16, 2008

**Re: In re Rollin Lee Laub**
    **Case number: 1-78-cv-00014** SCR

MEMORANDUM OF POINTS AND AUTHORTIES
IN OPPOSITION TO THE DISTRICT COURT'S
ORDER ISSUED MAY 28, 2008, AND THE
DEFENDANT'S RESPONSE IN OPPOSTION TO
ROLLIN LEE LAUB'S MOTION FOR RELIEF
FROM THE DISTRICT COURT'S ORDER ISSUED
MARCH 16, 2006.

STATEMENT OF THE CASE

This case presents an issue of the United States District Court for the District of Delaware jurisdiction- standing – to issues an Order dated May 28, 2008, ordering that Defendants file a response to the Plaintiff's Rule 60 (b)(4) Motion for Relief from the order of the District Court issued March 16, 2006, which arbitrarily granted the Defendant's Motion for relief from consent decree dated Feb. 14, 2006 in the case of North Emerson West, et al. v. Walter Redman, et al, in violation of the United States Court of Appeals for the Third Circuit, directive dated May 20, 2008. Plaintiff's allegations if proved clearly would establish a constitutional violation. The

unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decision, the failure to provide inmates with copies or access to the disciplinary rules are all plain violations of due-process. Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192 (1985). Superintendent v. Hill, 472 U.S. 445, 447, 105 S.Ct. 2768 (1985). Dyson v. Kocik, 689 F.2d 466, 467-68 (3d cir. 1982). On its face, then, this is a meritorious case.

## STATEMENT OF FACTS

The plaintiff herein, has set forth "specific facts" by affidavit. Rollin Lee Laub is the prisoner, plaintiff- who seek this Court's decision on the constitutional Claims asserted. Plaintiff, Rollin Lee Laub, SBI 00068773, was, at the time this case was filed, a life – sentenced prisoner convicted and sentenced prior to 1978. He was among approximately eight hundred thirty (830) sentenced individuals in the Delaware Correctional Center, (DCC). Rollin Lee Laub has been incarcerated since Feb. 25, 1975. Plaintiff has standing in North Emerson West to seek to have the Court to set-aside the district court's March 16,2006 Order as void which terminated the consent decree entered in a manner inconsistent with due process and to seek forward-looking declaratory and injunctive relief against any future use of the challenged Order of the district court which terminated the consent decree and the arbitrary prison conditions and disciplinary rules because the alleged injury is concrete and particularized – discriminatory classification that applies to plaintiff personally. Moreover, plaintiff has a First Amendment right to petition the court for redress to challenge the class-action prison conditions and disciplinary procedures at the Delaware Correctional Center to correct the violation of a federal right. Rule 23 (d) also authorizes the Court to permit class-members " to intervene and present claims or defenses, or otherwise to come into the action," and class-members may also move to replace class-counsel

.McNeil v. Guthrie, 945 F.2d 1163,1166-67 (10th Cir. 1989); Gunthrie v.Evans, 815 F.2d 626,628 (11th Cir.1987). Finally, a prisoner may assert rights based on a Court Order in a case to which he was not a party if he is part of a group that the Order was intended to benefit. Hook v. State of Arizona Dept. of Corrections, 972 F.2d 1012,1014-15 (9th Cir.1992); South v. Rowe, 759 F.2d 610,612 (7th Cir. 1985).

## MERIT OF THE CASE

As the Supreme Court has held " the rules of standing, whether as aspects of the Art.III case-or-controcersy requirement or as reflections of procedural considerations defining and limiting the role of the Courts, are threshold determinations of the propriety judicial intervention." Warth v. Seldin, 422 U.S. 490,517 – 18, 97 S.Ct.. 2197,45 L.Ed. 2d 343 (1975).

"For that reason, every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it….And if the record discloses that the lower courts was without jurisdiction this court will notice the defect, although the parties make no contention concerning it." Bender v. Williamsport Area School Dist., 475 U.S. 534,541, 106 S.Ct. 1326,89 L>Ed. 2d 501 (1986).(internal quotation marks and citations omitted). The instant case arises in the context of a challenge to the Order of the U.S. District Court issued March 16, 2006 which granted the defendants Motion to Terminate the Consent Decree Ordered on October 4, 1982, relieving the parties from the terms of the consent decree and the Correction Code of Penal Discipline (CCPD) in violation of due process under the Constitution of the United States.

Pursuant to this Court's directive dated May 20, 2008, any inquiries should be directed to the Case Manager in writing or by calling the Clerk's office; and the plaintiff's Petition for a Writ of Mandamus docketed at No.08-2459 was forwarded to this Court for disposition; and further that the parties would be advised when an Order is returned by this Court either denying the petition or directing that a response be filed. (See **Exhibit A.**, dated May 20, 2008). The U.S. District Court Order dated May 28, 2008 (**Exhibit B**.) resulting in the defendants Response In Opposition to Rollin Lee Laub 's Motion for Relief from the District Court's Order date March 16, 2006, (**Exhibit C.**) give rise to the present charges that the district court lacks jurisdiction to issue "nunc pro tunc" the Order dated May 28, 2008 and that the defendants' lack standing to file a Response to Plaintiff's Motion for Relief from the District Court's Order Terminating Consent Decree pursuant to Fed. R. Civ. P. 60 (b)(4) dated March 17, 2008, ( **Exhibit D**.). Plaintiff asserts that the District Court does not have jurisdiction to order the defendants to respond to the merits of the plaintiff's Rule 60 (b)(4) Motion in view of this Court's May 20, 2008 mandate with express directions to the parties not to conduct further proceedings pending disposition of the petition for a writ of mandamus unless advised by this Court that a response be filed.

In addition, the district court has also ordered that the plaintiff may file a reply on or before June 20, 2008 to the defendants response. Accordingly, the plaintiff request this court to vacate the may 28, 2008 Order of the district court and dent the defendants reponse to plaintiff' Rule 60 (b)(4) Motion as moot in light of plaintiff's petition for a writ of mandamus currently pending before this court for disposition, as necessary to determine whether any of the parties, i.e., the Defendants and/or the District Court has jurisdiction or standing and if not, to vacate the order of the district court issued March 16, 2006 as a judgment entered in a manner inconsistent with due process as void "ab initio."

Plaintiff filed the Motion for Relief from the District Court's Order which terminated Consent Decree on March 17, 2008 and the district court ignored said motion until may 28, 2008 when the district court ordered the Defendants to file a response to the Motion and then only as a result of Plaintiff's Petition for a writ of mandamus pending before this Court's Mandate dated May 20, 2008. In plaintiff's petition he argues that this court should grant mandamus relief and declare the district court's order issued March 16, 2006 "void" since defendants failed to serve Plaintiff(s) and Plaintiff's Counsel of Record Douglas A. Shachtman, Esquire with their motion to terminate consent decree and of the pendency of the action and to afford them an opportunity to present their objections. Due to the failure to give Plaintiff and Plaintiff's Counsel of Record Notice, Plaintiff nor their Counsel of record responded to the defendants Motion to Terminate Consent Decree or the District Court's Order granting the Defendant's Motion issued March 16, 2006. In addition to failing to order Defendants to respond to Plaintiff's Rule 60 (b)(4) Motion until May 28, 2008, the District Court took no action sua sponte, to serve the defendants Motion or to even notify the lawyer Douglas A. Shachtman who was allegedly shown in the Court's file as counsel for the class. However, in the defendants response dated, June 6, 2008 pursuant to the district court's order issued May 28, 2008, the district court docket text reflects that on 07/03/1991 at [231] a motion for Douglas A. Shachtman, esq., to withdraw as Attorney for plaintiffs entered 07/05/1991 and on 07/15/1991 at [232] an order granting [231-1] Motion for Douglas A> Shachtman, esq., to withdraw as Attorney for plaintiffs was signed by Magistrate Sue L. Robinson ; and finally on 02/20/1992 at [233] the case was reassigned to Judge Sue L. Robinson from Judge Joseph J. Farnan Jr., entered 02/21/1992.

Moreover, despite the order granting Withdrawal of Attorney Douglas A. Shachtman as Counsel for Plaintiffs by <u>then</u> Magistrate Sue L. Robinson, the reassigned Judge Sue L. Robinson from Judge Joseph J. Farnan Jr. failed to appoint new counsel to represent plaintiffs in the North Emerson West Class-Action Lawsuit. Now, Defendants somehow claim in their June 6, 2008 Response that " Counsel for the defendants Erika Y. Tross attached a Certificate of service to their Motion for Relief from Consent Decree, and that the Certificate of Service stated that Douglas A,. Shachtman, Esquire had been served at 1200 Pennsylvania , Avenue, Suite 302, Wilmington, De. 19806; .and that the address Mr. Shachtman was served at , is the same address listed on the current Court Docket (**Exhibit A.**) and in the Delaware Legal Directory (**Exhibit B.**); and that the documents to Mr. Shachtman did not return to the sender. "Id. at Defendants response dated June 6, 2008 at item # 5.,page 2. With respect to Defendants claim that Mr. Shachtman had been served. The Defendants entire Response and attached Exhibits A,B,C,D and E. are completely "devoid" of any evidence in support of the Certificate of Service attached to the Defendants Motion for Relief from the consent Decree dated February 14, 2006. Simply put, the Defendants have no evidence to support their allegations that Mr. Shachtmen had been serve with defendants Motion for Relief from Consent Decree at 1200 Pennsylvania, Avenue, Suite 302, Wilmington, De. 19806; and the record is completely "devoid" that defendants gave proper "notice" of their Motion for Relief from Consent Decree. In fact, Defendants Response and Exhibit C. attached thereto, clearly show that Defendants served "Four-blank envelopes all of which were returned to sender and none of the Defendants Exhibits A through E are supported by any evidence that a Certificate of Service was ever attached to the "Motion for Relief of Consent Decree dated February 14, 2006 allegedly served on Salih Muhammad Al-Shabazz; Hassan Umar Sharif or Douglas A. Shachtman, Esq.

Furthermore, Defendants states that Mr. Shachtman was, at one time, counsel for the plaintiffs. Therefore the Defendants served him with a copy of the Motion for Relief from consent decree. Mr. Shachtman was served at the address listed on the docket which also matched the address listed in the 2006 Delaware Legal Directory (Exhibit A. and B.). See Defendants response dated June 6, 2008 at item #16 of page 5. According to defendants, the documents served upon Mr. Shachtman were not returned to sender; and according to the Federal Rules, service was complete to Mr. Shachtman upon mail. Id..

But Plaintiff asserts this was the same docket that reflects Mr. Shachtman was withdrawn as attorney for plaintiffs pursuant to order of <u>then</u> Magistrate Judge Sue L. Robinson, Docket Text 07/03/1991 –[231] –entered 07/05/1991. Thus how can proper service be executed by defendants upon an Attorney pursuant to a Motion for Relief from Consent Decree dated ~~January 6~~ Feb-14, 2008 upon an Attorney who was withdrawn as counsel for plaintiffs on 07/18/1991 almost eighteen (18) years earlier. Viewed in this light, the Attorney for Defendants would have knowingly served the Motion a lawyer who was shown on the Court Docket as no longer Counsel for the Class in the case sub judice –due to the reassigned Judge Sue L. Robinson having relieved Mr. Shachtman of any further responsibility in the case and without appointing new counsel in accordance with Federal Rule Civil Procedure Rule 23 (g)(1) Class counsel which states in part:

> **" (1) Appointing Class Counsel. Unless a statute provides otherwise,**
> 
> **a Court that certifies a class <u>must</u> appoint class counsel"**

Plaintiff asserts that service of the Motion on plaintiffs counsel who was relieved from the case is **not notice** " reasonably calculated to appraise interested parties of the pendency of the

action." The 1991 Order clearly indicated that former counsel was no longer plaintiffs lawyer. Moreover, the district judge Sue L. Robinson sua sponte knew the lack of service, but failed to cure it by the appointment of new counsel.

Therefore, the Defendants failure to serve Plaintiffs resulted in a violation of plaintiffs due process rights. See Wetmoore v Karrick, 205 U.S. 141,51 L.Ed. 745, 27 S.Ct. 434 (1907); Simer v. Rios, 661 F.2d 655,663 (7th Cir.), cert. denied 456 U.S. [**46] 917,72 L.Ed. 2d 177, 102 S.Ct. 1773 (1982)(holding that entry of settlement decree without notice to putative class members violated the due process rights of the class members). Consequently, a judgment entered in a manner inconsistent with due process is void. In re Center Wholesale,Inc.; 759 F.2d. at 1448. Under Rule 60 (b)(4), a court may set aside a void judgment.

**In sum, Plaintiff, Rollin Lee Laub hereby, request this Honorable Court to supplement the record in support of his petition for a writ of mandamus with a copy of a letter from Douglas A. Shachtman dated June 11, 2008 addressed to the Honorable Sue L. Robinson as clear and convincing evidence that Mr. Douglas A. Shachtman by his own words has not participated in the instant action for over twenty-five year, thus Defendants failed to properly serve the plaintiffs and the district failed to provide notice in violation of due process. See Plaintiff's Exhibit 1. attached hereto.**

Therefore, this Court should grant plaintiffs petition for a writ of mandamus to vacate the March 16, 2006 Order of the District Court which granted Defendants Motion for Relief from Consent Decree dated February 14, 2006 and set aside the district court's May 28, 2008 order due to the lack of jurisdiction and dismiss Defendants Response dated June 6, 2008 as moot.

## Conclusion

By virtue of this Court's may 28, 2008 Order, the plaintiff's Petition for writ of mandamus is now pending before this Court. For the foregoing reasons, the Court should grant the plaintiff's petition and/or Appoint counsel in this case.

Respectfully Submitted,

*[signature]*

Rollin Lee Laub
SBI 00068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

## Certificate of Service

I, _John Lee Taub_, hereby certify that I have served a true
And correct cop(ies) of the attached: _Memorandum to District Courts order dated May 25-08_
_Defendants Response dated June 6-2008 and Exhibit #2_
_Exhibit #1 Letter from Attorney Douglas A. Shachtman and_ upon the following
_District Court order dated May 25-2008 Exhibit #2_
parties/person (s):

TO: _Erika Y. Truss (#4506)_
_Deputy Attorney General_
_Delaware Department of Justice_
_820 N. French Street 6th Floor_
_Wilmington, DE. 19801_

TO: _Clerk of U.S. District Court_
_of Delaware_
_J. Caleb Boggs Building_
_844 King Street_
_Lock Box 18_
_Wilmington, DE. 19801_

TO: _Tonya Wyche Case Manager_
_U.S. Court of Appeals_
_For the Third Circuit_
_21400 U.S. Courthouse_
_601 Market St._
_Philadelphia, PA. 19106-1790_

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _17th_ day of _June_, 2008

_[signature]_

Clerk of The U.S. District Court
For The State of Delaware
J. Caleb Boggs Building
844 King Street
Lock Box 18
Wilmington, Delaware
19801



Billy Lee Laub #00068773
D.C.C.
1181 Paddock Road
Smyrna, DE. 19977