IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NORTH EMERSON-WEST, et al., )
        Plaintiff, )
         )
v. )   Civ. No. 78-14-SLR
         )
WALTER REDMAN, et al., )
        Defendants.

**BRIEF IN SUPPORT OF PLAINTIFFS-CLASS MEMBER(S) ROLLIN LEE LAUB'S MOTION FOR SUMMARY JUDGMENT FOR THE DENIAL OF DUE PROCESS OF LAW**

**STATEMENT OF THE CASE**


FILED
JUL 0 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

This is a class-action lawsuit initiated in 1978 by a prisoner-plaintiff North Emerson-West. The class-action consisted of class members George L. Robinson, aka Hassan Umar Sharif; Cecil La'Roy Hall, aka Salih Muhammad Al-Shabazz and including approximately 830 other class members including Rollin Lee Laub (hereafter, Laub) at the Delaware Correctional Center (DCC). The class action related to prison conditions and required the Delaware Department of Corrections (DDOC) promulgate rules and regulations for the maintenance of good order and discipline in its facility and institution including procedures for dealing with rule violations and keeping records of rules infractions and punishments. In resolution of the lawsuit the court found that the state/defendants voluntarily entered into the 1978 consent decree which required the DCC to

1

promulgate a disciplinary code entitled the "Correction Code of Penal Discipline" (CCPD). The consent decree was approved by this court on October 4, 1982.

Almost ten (10) years after the court approved the consent decree, certain plaintiffs moved for an order vacating the consent decree. Defendants subsequently moved for a modification of the consent decree to permit modifications of the (CCPD) for changes in circumstances. In a memorandum order dated June 30,1993, the court denied both plaintiffs and defendants motions. With respect to the defendants motion, the court found that Rule 60 of the Federal Rules of Civil Procedure controlled, and that no changes in circumstances had been shown. Moreover, and that by denying the defendants motion for modification of the consent decree to permit modifications to the (CCPD), the court did not seriously hamper their ability to anticipate security problems nor their ability to adopt innovative solutions, since the state/defendants could always move, as they previously had, for modification of the decree under Fed. R. Civ. P. 60 (b)(5).

On APRIL 16, 1996, approximately fourteen (14) years after the court approved the consent decree, the Prison Litigation Reform Act (PLRA), (citation omitted) was signed into law and became effective. Consequently, on February 14, 2006, the defendants via Erika Y. Tross (#4506) deputy Attorney General (DAG) filed a Motion for Relief from Consent Decree contending that changes in the law and factual circumstances warranted terminating the consent decree. In an Order from the United States District Court dated March 16,2006, the assigned judge granted the defendants motion. On March 19, 2008, Laub filed a petition for a Writ of Mandamus (Case number 08-2459) to the United States Court of Appeals for the Third Circuit to compel the district court to decide Laub's Motion for Relief from Judgment under Rule 60 (b)(4). On May 20, 2008,

the United States Court of Appeals for the Third Circuit issued a directive to the parties in case number 08-2459 (District Court case number: 1-78cv-00014) ordering that the petition for writ of mandamus filed by Laub was being forwarded to the court for disposition; and further stating that the parties will be advised when an order is entered by the court either denying the petition or directing that a response be filed. Subsequently, on May 28, 2000, the district court issued an order directing the defendants to file a response to Laub's Rule 60 (b)(4) motion on or before June 6, 2008 and further directing that Laub may file a reply on or before June 20, 2008. Then on June 6, 2008, Defendants filed a Response In Opposition To Rollin Lee Laub's Rule 60 (b)(4) Motion. On June 17, 2008, Laub filed a Memorandum Of Points And Authorities In Opposition To The District Court's Order Issued May 28, 2008 And The Defendants Response In Opposition To Rollin Lee Laub's Rule 60 (b)(4) Motion. Then on June 25, 2008, the Court of Appeals for the Third Circuit issued an Opinion and Adjudged the petition for writ of mandamus denied as moot because Laub has now received a response to his Rule 60 (b)(4) motion.

STATEMENT OF FACTS

As set forth in the accompanying declaration of Rollin Lee Laub, he is a pro se plaintiff class member in the instant class action lawsuit initiated in 1978; and has been incarcerated since February 25, 1975 at the DCC; and that the consent order was approved by this court on October 4, 1982. Moreover, at all times relevant to the consent order being approved by this court to the present time, Laub has and continues to be a plaintiff class member in the North Emerson-West et al., v. Walter Redman, et al., C. A. No.78-14-SLR class action lawsuit and at no time since he agreed to become a class member did he ever elect to opt out of said class action/consent decree

either voluntarily, orally, written or otherwise. Moreover, at no time since defendants filed their Motion for Relief from Consent Decree dated, February 14, 2006 did defendants notify Rollin Lee Laub as a class member or effectuate 'Service of Process' upon him of their Motion for Relief from Consent Decree. Nor did the district court judge assigned to the case notify Laub; apprise him of the pendency of the action filed by the defendants named herein or effectuate 'Service of Process' sua sponte upon him or otherwise notify Laub of defendants Motion for Relief from Consent Decree or the District Court's Order dated March 16, 2006 which Granted Defendants Motion for Relief from Consent Decree.

In fact, Laub discovered for the first time on October 15, 2007 from Attorney General Joseph R. Biden III., and Counsel of record Douglas A. Shachtman, Esquire that defendants had filed a Motion for Relief from Consent Decree and that the district court judge Sue L. Robinson had issued an Order dated March 16, 2006 terminating the consent decree pursuant to the defendants motion above-referenced. Since the consent order was approved by the Honorable N. Richard Powers on October 4, 1982, Laub has been convicted of serious prison disciplinary charges in violation of his constitutional right to due process under the terms of the 1982 consent decree which are continuous and ongoing caused by (DDOC/DCC) predecessor officials exercising arbitrary individualized scrutiny over prison conditions and disciplinary procedures at DCC. Although in resolution of the North Emerson-West lawsuit, the consent decree required the DCC to adopt a disciplinary code entitled the 'Correction Code of Penal Discipline (CCPD). The DCC is also required by law to promulgate and comply with the rules and regulations for the maintenance of good order and discipline in its facility and institution, including procedures for dealing with rules violations and keeping records of rules infractions and any punishments imposed. The (DDOC / DCC) is further required under the consent decree to provide inmates with copies of those portions of the

disciplinary rules that apply to them. However, as a continuing and ongoing violation of Laub's federal due process rights and similarly-situated class-members under the consent decree...."ALL (DDOC) Policy and Procedure Manuals as well as the Bureau of Prisons (BOP) Policy and Procedure Manuals and the (DDOC) Facilities Operational Procedures, Administrative Regulations, and the Post Orders are deemed confidential contrary to and in violation of the October 4, 1982 consent order and now may not be disclosed to an inmate except upon the written authority and discretion of the Commissioner of the (DDOC). 11 Del. C. Sec. 4322 (c) and (d).

In addition, this post-consent-decree-statute has and continues to be used by the (DDOC / DCC) and Delaware Supreme Court to hold that inmates are not entitled to copies of the Operational and Administrative Regulations bearing on inmate discipline and prison conditions. See Ross v. Department of Correction, 722 A.2d 813,814 (Del.S.Ct.1998).

### ARGUMENT

### Point 1.

**A. DEFENDANTS' MOTION FOR RELIEF FROM CONSENT DECREE.**

**1. BACKGROUND.**

On February 14, 2006, Defendants filed a Motion for Relief from Consent Decree, contending 1.) The Consent Order must be Terminated as it does not satisfy the requirements for prospective relief; 2.) The consent order is not narrowly drawn; 3.) The order extends further than necessary; 4.)The consent order is not the least intrusive means ; and 5.) The consent order does not fall within the limitation of Sec. 3626 (b)(3) under the PLRA Act of 1996 codified at 18 U.S.C. Id. Def.

Motion, passim. As a result of this Motion, on March 16, 2006, the district court via Sue L. Robinson issued an order which granted defendants motion and terminated the consent decree ordered on October 4, 1982 and relieved the parties from the terms of the consent decree and the Corrections Code of Penal Discipline (CCPD) in the North Emerson-West et al., v. Walter Redman, et al., C.A. No. 78-14-SLR Class Action Lawsuit. The order permitted defendants to revise disciplinary rules in violation of federal rights, namely due process, which are current or ongoing violations.

Laub argues that the court should grant summary judgment and declare the district court's order issued March 16, 2006 void since defendants failed to serve any of the plaintiffs class members and including Rollin Lee Laub with their motion. Defendants contend, on the other hand, that they did attempt to serve plaintiffs in their most recent Response In Opposition To Rollin Lee Laub's Motion for Relief from the District Court's Order issued March 16, 2006. According to Counsel for Defendants, Erika Y. Tross, she attached a " Certificate of Service " to the Motion for Relief from Consent Decree stating that Douglas A. Shachtman, Esquire had been served at 1200 Pennsylvania Avenue, # 302, Wilmington, DE 19806, the address on the current court docket. Def. (Exhibit A.);and in the Delaware Legal Directory; Def. (Exhibit B.). The defendants also claim that the documents to Mr. Shachtman did not return to the sender. In addition, Counsel for Defendants also contend that she served the two pro se plaintiffs whose addresses were listed on the court's docket, i.e., "salih Muhummad Al Shabazz and Hassan Umar Sharif. Def.(Exhibit A.); but that these documents were returned to the sender. Def. (Exhibit C.). Further Counsel for the Defendants allege that after the court entered its order terminating the consent decree that it also attempted to serve Salih Muhummad Al Shabazz and Hassan Umar Sharif with a copy of the Court's Order issued March 16, 2006. Id. At Def. Resp. dated June 6, 2008, p. 3. Moreover, Counsel for Defendants

specifically allege that according to the Federal Rules of Civil Procedure, service was complete to Mr. Shachtman upon mailing and that the documents sent to Al Shabazz and Sharif returned, but there was no other address listed on the Court's Dockek. Def.'s (Exhibit C.); Def. Resp. dated June 6, 2008, p.6.

Simply put, Laub's claim is that the Court should grant summary judgment to the plaintiffs class members on their due process claims. Defendants failed to satisfy their burden of showing they properly served the plaintiffs with their Motion for Relief From Consent Decree. Second, defendants have offered no evidence to show that service was made on the Attorney in this case – Douglas A. Shachtman, Esquire. This alone defeats defendants argument because they cannot meet the essential burden of demonstrating that Fed. R. Civ. P. 5 (b)(1) AND (b)(2) was satisfied. The only evidence offered by the defendants to suggest that they served the plaintiffs or the attorney with the Motion for Relief from Consent Decree are Defendants Exhibits B; A 2006 Delaware Legal Directory; and Exhibit C., four (4) vacant envelopes two (2) addressed to Hassan Umar Sharif and one (1) addressed to Salih Muhammad Al-Shabazz, all of which were returned to sender – with no proof identifying the contents alleged by defendants to be "Certificates of Service" attached to their Motion for Relief from Consent Decree. In addition, Defendants Exhibits B and C fail altogether to support that any type of service was properly made or even attempted to serve the attorney, Douglas A. Shachtman, Esquire. Even if defendants contentions were somehow accepted as true and this court were to ignore the lack of evidence required for proper service of process, it would not help defendants position. Unserved pleadings and other papers may be found to lack any legal force and effect, until service is accomplished. Defendants Exhibits B and C et seq., appended to their Response dated June 6, 2008 that have not been served may not be relied upon to support or oppose motions. See Thorne v. Steubenville Police Officer, 463 F. Supp.2d 760,770 (S. D. Ohio

2006). Thus, defendants contention, on the other hand, that they did attempt to serve plaintiffs has no legal force or effect until proper service as accomplished. The Deputy Attorney General , Erika Y. Tross (DAG) admits that she served the Motion for Relief from Consent Decree on a lawyer who was already shown in the Court's record at one time (Douglas A. Shachtman, Esquire) to be Counsel for plaintiffs. Id. Def. Resp. dated June 6, 2008, item # 16, p.5. However, in an order entered July 18, 1991, Magistrate Sue L. Robinson Granted Counsel Shachtman's Motion to Withdraw as Attorney for the Plaintiffs. Id. At U.S. District Court Docket Text Item # 231 and 232. By Counsel Tross's own admission in reviewing the same court docket text, she had to know that the previously assigned Magistrate Sue L. Robinson had relieved that lawyer,Shachtman of any further responsibility in the case. (Dockek Items # 231 and 232.) The DAG, Tross alleges that, "according to the Federal Rules, service was complete to Mr. Shachtman upon mailing." Def. Resp. # 16, p. 5. Further that, "Counsel for the Defendants attached a Certificate of Service to the Motion for Relief from Consent Decree. The Certificate of Service stated that Douglas A. Shachtman, Esquire had been served at 1200 Pennsylvania Avenue, #302,Wilmington, DE 19806." Id. Def. Resp. dated June 6, 2008, item # 5, p.2.

This is a case where the Counsel for Defendants Erika Y. Tross personally had a job to do, and she did not do it; and her failure to do her job resulted in the violation of the plaintiffs class members constitutional rights.

**2. DUE PROCESS.**

Plaintiffs class members Rollin Lee Laub asserts that, a fundamental and elementary requirement of due process in any proceeding is notice and opportunity to be heard. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 94 L. Ed. 865, 70 S.Ct. 652 (1950), the Supreme Court established the standard for determining whether a party's notice would meet due process scrutiny:

> " An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections… The notice must be of such nature as reasonably to convey the required information…, and it must afford a reasonable time for those interested to make their appearance… But with due regard for the particularities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied."
> Id. at 314-15.

Simply put, service of the defendants Motion for Relief From Consent Decree on plaintiffs counsel of record, Douglas A. Shachtman, Esquire who was relieved from the case on July 18, 1991 by order of the Magistrate Sue L. Robinson who is now the reassigned Judge from Judge Joseph J. Farnan Jr. since February 21, 1992, (U.S. District Court Docket Text items # 232 and 233) is not notice "reasonably calculated to apprise interested parties of the pendency of the action." The 1991 order clearly indicated that former Counsel Douglas A. Shachtman, Esquire was no longer plaintiff's lawyer. In addition, the district court judge as early as 1991 also knew that Mr. Shachtman was no longer plaintiffs counsel. Furthermore, even after giving due regard for the "particularities and peculiarities " of this case, those peculiarities do not alter the lack of notice to plaintiffs. Yet, the DAG, Erika Y. Tross somehow infers that Salih Muhammad Al-Shabazz and

Hassan Umar Sharif plaintiff class members themselves both still under state supervision, "nunc pro tunc" cannot be found by the Delaware Department of Corrections.(DDOC).

Moreover, since this court, sua sponte, discovered the lack of counsel, as early as July 18, 1991 (Dkt. Item # 232) it failed to cure it by the appointment of new counsel when this case was reassigned to Judge Sue L Robinson from Judge Joseph J. Farnan Jr., on February 21, 1992 (Dkt. Item # 233). Viewed in this light, Defendants failure to serve plaintiffs resulted in a violation of plaintiffs' due process rights. See e.g., Wetmore v. Karrick, 205 U.S. 141, 51 l. Ed. 745, 27 S. Ct. 434 (1907)(holding that court cannot consistent with due process, set aside judgment of dismissal and render a personal judgment against defendant without notice); United States v. State of Colorado, 937 F. 2D 505 , 509 (10th Cir. 1991)(setting aside summary judgment where no notice was given to defendant); Simer v. Rios, 661 F. 2d 655, 663 (7th Cir.), cert denied, 456 U.S. [**46} 917, 72 L. Ed. 2d 177, 102 S. Ct. 1773 (1982)( holding that entry of settlement decree without notice to putative class members violated the due process rights of the class members)(accord Rollin Lee Laub). See also, In re Center Wholesale, Inc., 759 F. 2d 1440, 1448 – 49 (9th Cir. 1985) (holding that one – day notice provided to creditor before entry of cash collateral order violated due process).

## ARGUMENT

## POINT 2.

**3. MOTION TO DECLARE MARCH 16, 2006 ORDER VOID.**

A judgment entered in a manner inconsistent with due process is void. In re Center Wholesale, Inc., 759 F.2d at 1448 Under Fed. Rule Civ. P. 60 (b)(4), a court may set aside a void judgment. Therefore, this court should grant Plaintiffs Motion to Vacate the Order of the District Court issued March 16, 2006, granting Defendants Motion for Relief from Consent Decree. By virtue of this Court's Order dated, May 28, 2008, the Defendants Response In Opposition To Rollin Lee Laub's Rule 60 (b)(4) Motion is now pending before this court. As a result, the orders presently entered do not constitute a final order for appeal purposes and this court has not made a Rule 54 (b) finding.

The judgment sought should be rendered since the pleadings, the discovery of former Class Counsel, Douglas A. Shachtman, Esquire letter to the Honorable Sue L. Robinson dated June 11, 2008 with copies to the parties, and the disclosure materials on file, namely the court docket text and the affidavit of Rollin Lee Laub which show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law upon the basis that Defendants claim of Service of Process upon Plaintiffs Class Members is factually unsupported. Celotex Corp. v. Catrett, 477 U.S 317, 323 -24, 106 S. Ct. 2548, 2552 – 53, 91 L. Ed. 2d 265 (1986).

## CONCLUSION

For the foregoing reasons stated in the motion submitted with this brief, these undisputed facts establish that Defendants denied Plaintiffs Class Members right to the Due Process of Law. Accordingly, Plaintiffs Class Members Rollin Lee Laud in pro per is entitled to Summary Judgment on his Due Process Claim.

Respectfully Submitted,

_[signature]_
Rollin Lee Laub In pro per
SBI 00068773
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: 7-7-08