## IN THE UNITED STATES DISTRICT COURT
## FOR THE DRISTRICT OF DELAWARE

North Emerson West, et al.,
        Plaintiffs,

v.

                                      Civ. No. 78-14- SLR

Walter Redman, et al.,
        Defendants.

## AFFIDAVIT OF ROLLIN LEE LAUB IN SUPPORT
## OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rollin Lee Laub declare under penalty of perjury.

1. I am the Plaintiff Class Member in this case. The Rule 60 (b) (4) Motion alleges that the Defendants did not notify any of the Plaintiffs Class Members or Counsel of record Douglas A. Shachtman or the instant affiant of the filing of their Motion for Relief From Consent Decree dated February 16, 2006.

2. I have been incarcerated since February 25, 1975. The instant Class Action Lawsuit case initiated in 1978 by Plaintiff North Emerson West. The Class Action related to prison conditions and disciplinary procedures at the Delaware Correctional Center (DCC). In resolution of the Lawsuit the parties voluntarily entered into the consent decree which required the DCC / defendants to adopt a disciplinary code entitled, The Correction Code of Penal Discipline (CCPD). The Consent Order was approved by this Court on October 4, 1982.

FILED

JUL 0 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1

3. On July 3, 1991, Counsel of record for the plaintiffs Douglas A. Shachtman, Esquire filed a Motion to Withdraw as Attorney for plaintiffs. See U.S. District Court Docket text item #231.

4. On July 18, 1991, then Magistrate Sue L. Robinson issued an order granting Motion for Douglas A. Shachtman, Esquire to Withdraw as Attorney for plaintiffs. See U.S. Districts Court Docket text item # 232.

5. On February 21, 1992 the instant case was reassigned to Judge Sue L. Robinson from Judge Joseph J. Farnan Jr.. See U.S. District Court Docket text item # 233.

6. On June 17, 1992 an order vacating Magistrate was signed by Judge Sue L. Robinson. See U.S. District Court Docket text item # 235.

7. On February 14, 2006 Counsel for Defendants Erika Y. Tross filed a Motion for Relief From Consent Decree by order of October 4, 1982. See U.S. District Court Docket text item # 253.

8. On March 13, 2006 Counsel for Defendants Erika Y. Tross sent a letter to the Honorable Sue L. Robinson regarding an automatic stay regarding Motion for Relief From Consent Decree order of October 4, 1982. See U.S. District Court Docket text item # 256.

9. On March 16, 2006 an order granting Defendants Motion for Relief From Consent Decree ordered on October 4, 1982 was signed by Judge Sue L. Robinson terminating Consent Decree. See U.S. District Court Docket text item # 257.

10. In Defendants Response in Opposition to Rollin Lee Laub's Motion for Relief From The District Court's Order terminating Consent Decree, Counsel for the Defendants state that the record clearly shows that the defendants served three individuals in this case – Douglas A. Shachtman, Esquire, Salih Muhammad Al–Shabazz and Hassan Umar Sharif.

Defendants further claim that Mr. Shachtman was, at one time, Counsel for plaintiffs. Therefore Defendants claim they served him with a copy of the Motion for Relief from Consent Decree at the address listed on the docket which also matched the address listed in the 2006 Delaware Legal Directory. Finally, Defendants claim that the documents served upon Mr. Shachtman were not returned to the sender and that according to the Federal Rules, service was complete to Mr. Shachtman upon mailing. Defendants also claim that the documents sent to Salih Muhammad Al- Shabbazz and Hassan Umar Sharif were returned, but there was no other address listed on the Court docket. See U.S. District Court Docket text item # 258,259.

    a.  Douglas A. Shachtman, Esquire sent a letter dated June 11, 2008 to the Honorable Sue L. Robinson with carbon copies of same sent to Erika Y. Tross Esq., and Rollin Lee Laub wherein Mr. Shachtman informs Judge Robinson that he is being sent documents in West v. Redman C.A. No. 78-14 electronically and by paper copy. He further states, I see that defendants refer to making service upon me in 2006. I do not recall activity participating in this matter for twenty – five years. Moreover, I see that docket item # 232 states that Your Honor granted my Motion to withdrew on July 15, 1991. Therefore I request that I be removed from the service list. See letter attached hereto.(EXHIBIT A.)

11. Plaintiffs' attorney withdrew in 1991 and new counsel was not appointed by the court and new counsel did not appear on plaintiff's behalf. Therefore, Defendants failed to either serve or complete service of process upon Douglas A. Shachtman Esquire who by counsels own admission to Judge Robinson as recent as June 11, 2008 doesn't recall actively participating in West v. Redman for twenty-five years.

12. The Court docket is devoid of any evidence that defendants served Douglas A. Shachtman at all.

13. The District Court abused it's discretion in granting defendants Motion for Relief From Consent Decree based on the defendants failure to comply with FRCP 5's service requirements and violation of plaintiffs' Due Process.

14. Defendants have admitted that their alleged service upon Salih Muhamman Al- Shabazz and Hassan Umar Sharif was returned to the sender; and Defendants have offered no reasonable explanation for knowingly allegedly serving an attorney who the court record clearly shows was withdrafwn as attorney for plaintiffs' as early as July 15, 1991. See U.S. District Court Docket text item # 232.

15. Since the termination of the Consent Decree affiant Rollin Lee Laub has been arbitrarily charged of serious prison disciplinary infractions and punished under New Rules established by defendant outside the Correction Code of Penal Discipline in violation of his constitutional right to due process under the terms of the 1982 consent decree which are continuous and ongoing violations caused by (DDOC / DCC) predecessor officials exercising arbitrary and capricious individualized scrutiny over prison conditions and disciplinary procedures at DCC. See Rollin Lee Laub v. Carl Danberg et al., C.A. No. 07M-09-012-WLW.

16. For the reasons stated in the Motion and brief submitted these undisputed facts establish that Defendants failed to serve Plaintiffs' and including former Counsel for Plaintiffs Douglas A. Shachtman, Esquire and the instant affiant with their Motion for Relief From Consent Decree and the District Court failed to serve Plaintiffs' with it's Order granting defendants Motion for Relief From Consent Decree and denied Plaintiffs' right to due

process of Law. Accordingly, Plaintiffs' Class Member Rollin Lee Laub is entitled to summary judgment on the due process claim.

Pursuant to 28 U.S.C § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Rollin Lee Laub

Date: 7-7-08

## DOUGLAS A. SHACHTMAN
### & A S S O C I A T E S
**ATTORNEYS AT LAW**

email Douglas.Shachtman@Verizon.net
www.lawyers.com/shachtman

SUITE 302
1200 PENNSYLVANIA AVENUE
WILMINGTON, DELAWARE 19806
(302) 655-1800
TELECOPIER (302) 655-5244

June 11, 2008

The Honorable Sue L. Robinson
Chief Judge
United States District Court
844 North King Street, Rm 4209
Wilmington, DE 19801

RE:   West v. Redman
       C.A. No.: 78-14

Dear Judge Robinson:

I am being sent documents in the above-captioned action electronically and by paper copy. I see that Defendants refer to making service upon me in 2006. I do not recall actively participating in this matter for twenty-five years. Moreover, I see that Docket Item 232 states that Your Honor granted my Motion to Withdraw on July 15, 1991.

Therefore, I request that I be removed from the service list.

Respectfully yours,

DOUGLAS A. SHACHTMAN

DAS/cmo
cc: Erica Y. Tross, Esq.
     Mr. Rollin Lee Laub

Robinsonltr.wpd

EXHIBIT. A