IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTH EMERSON-WEST, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 78-014-SLR |
| | ) |
| WALTER REDMAN, et al., | ) |
| | ) |
| Defendants. | ) |

Salih Muhammad Al-Shabazz, New Castle, Delaware, Hassan Umar Sharif, Delaware City, Delaware, and Rollin Lee Laub, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro se Plaintiffs.

Erika Yvonne Tross, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: August 30, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Rollin Lee Laub ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JVCC"), formerly known as the Delaware Correctional Center ("DCC"), filed a motion for relief from the district court's order terminating a consent order pursuant to Fed. R. Civ. P. 60(b)(4). (D.I. 260) His filing includes a motion for preliminary injunction to enjoin defendants from interfering with his actions to enforce judgment.[1] Plaintiff also filed a motion for summary judgment. (D.I. 272) For the reasons set forth below, the court will deny the motions.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This lawsuit was filed in 1978 by plaintiff North Emerson-West, an inmate housed at the DCC, and was certified as a class action. (D.I. 2) The issues concerned prison conditions and disciplinary procedures at the DCC. The lawsuit was subsequently resolved after the parties entered into a consent order (the "Consent Order") on October 4, 1982 which required the Delaware Department of Correction ("DOC") to adopt a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD"). (D.I. 213) The Consent Order was approved by the court on October 4, 1982 and the file closed. (Id.)

On March 2, 1990, two class member inmates, Salih Muhammad Al-Shabazz ("Al-Shabazz," a/k/a Cecil La Roy Hall) and Hassan Umar Sharif ("Sharif," a/k/a George L. Robinson) filed a motion to vacate the Consent Order. (D.I. 218) In turn, defendants moved for a modification of the Consent Order due to changes in circumstances. (D.I.

---

[1]The motion for preliminary injunction is not docketed as a separate motion.

228) On July 3, 1991, counsel for plaintiffs, Douglas A. Shachtman ("Shachtman"), moved to withdraw. (D.I. 231) In support of the motion he stated that the Consent Order had been entered eight years previously, he did not know the names of the plaintiffs seeking relief, and he had not been consulted nor copied with documents filed. (D.I. 231) The motion states that he was served by defendants "apparently from a desire to notify any potential person entitled to a notice." (Id.) Shachtman's motion was granted on July 16, 1991. (D.I. 232) On June 30, 1993, the court denied both plaintiffs' and defendants' motions for relief from judgment. (D.I. 252)

On April 26, 1996, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective. Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321-66, codified at 18 U.S.C. § 3626 (1996). Sections 3626(a) and (b) establish standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities. On February 14, 2006, defendants filed a motion for relief from the Consent Order pursuant to 18 U.S.C. § 3626(b). (D.I. 253) Defendants served the motion upon Shachtman and class plaintiffs Al-Shabazz and Sharif at the addresses listed for them on the court docket. (Id. at 11) No responses were filed to the motion and, on March 16, 2006, the court granted the motion and terminated the Consent Order. (D.I. 257) Copies of the orders were sent to Al-Shabazz and Sharif at the addresses listed for them on the court docket. Over a week later, the orders sent to Al-Shabazz and Sharif were returned to the court as "undeliverable." (D.I. 258, 259)

Plaintiff advises the court that on October 17, 2007 he learned of the March 16, 2006 order from the Attorney General of the State of Delaware. (D.I. 260, Laub aff. ¶ 6, ex. Oct. 15, 2007 Dep't of Justice letter). Approximately six months later, on March 19,

2008, plaintiff filed the pending motion for relief from the March 16, 2006 order, and the case was reopened following filing of the motion. (D.I. 260) Plaintiff served his pleading upon this court, the U.S. Court of Appeals for the Third Circuit, and defendants' attorney, but not upon Al-Shabazz and Sharif. (Id. at certificate of service)

The court entered a briefing schedule and plaintiff and defendants filed a response and reply. (D.I. 264, 265, 271) In the meantime, service copies mailed to Al-Shabazz and Sharif continued to be returned as "undeliverable." (D.I. 266, 267) Address updates for the two were eventually obtained from the DOC, and court orders were remailed to them at their current addresses. (D.I. 268, 270) They filed nothing in response to any of the motions or the order at issue. Also, Shachtman wrote to the court and asked to be taken off the service list indicating that he had been allowed to withdraw as counsel for plaintiffs in 1991 and he did not recall actively participating in this matter for over twenty-five years. (D.I. 269)

Plaintiff filed a motion for summary judgment a little over two weeks after he filed his reply brief on his pending motion for relief from judgment. (D.I. 272) Defendants did not respond to the motion.

## III. DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4)[2] A judgment is not void "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconsti-

---

[2]A determination that a judgment is void under 60(b)(4) is subject to plenary review. See Boughner v. Secretary of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).

tutional." Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) "A judgment may . . . be void . . . if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" Id. (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)). Recently, the Third Circuit opined that a judgment can be void on two grounds: (1) if the rendering court lacked subject matter jurisdiction; or (2) if it acted in a manner inconsistent with due process of law. Mauro v. New Jersey Supreme Court, Case No. 56,900, 238 Fed. Appx. 791, 793 (3d Cir. 2007) (citations omitted) (not precedential).

Plaintiff seeks relief on the basis that the order terminating the Consent Order is "void ab initio" because the "due process notice requirement" was not met. (D.I. 260, ¶ 7) He also argues that termination of the Consent Order was improper under the PLRA. Defendants respond that the motion should be denied on the grounds that: (1) plaintiff has no standing in this matter;[3] (2) proper notice was provided; and (3) the March 16, 2006 order is valid.

Here, the court did not lack subject matter jurisdiction. Nor was there a violation of plaintiff's right to due process. The fundamental requisite of due process of law is the opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

---

[3] This case proceeded as a class action "on behalf of all persons who while incarcerated in Delaware Correctional Center have been in the past, are now, or will be in the future given disciplinary hearings." (D.I. 166) The court will not address the standing issue inasmuch as plaintiff has been incarcerated since 1975 and meets the definition of a class member. (D.I. 260, Laub aff. ¶ 1)

them an opportunity to present their objections.'" Folger Adam Sec., Inc. v. Dematteis/MacGregor, JV, 209 F.3d 252, 265 (3d Cir. 2000) (citation omitted).

The court docket indicates that defendants made a good faith effort to provide notice to the appropriate parties when they mailed copies of their motion for relief from the Consent Order to the two pro se plaintiffs who had appeared in the case and to the former attorney who represented the class. Plaintiff is not a named class member and, because it does not appear that plaintiff's name has ever appeared in this case, defendants had no way to identify him or to know where he was located. Similarly, this court relied upon the names and addresses listed in the court docket and had no way to identify plaintiff or to know his address.

Moreover, even assuming the notice could be considered inadequate, once plaintiff, as a class member, became aware of the March 16, 2006 order, he filed a Rule 60(b)(4) motion.[4] The court then reopened the case and set a briefing schedule. Hence, there was no prejudice to plaintiff. Cf. Blaney v. West, 209 F.3d 1027, 1031 (7th Cir. 2000) ("When a plaintiff has an opportunity to request reconsideration, the plaintiff is not prejudiced by the district court's failure to provide advance notice of its intent to dismiss" [for defective service.]; accord Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987); Whale v. United States, 792 F.2d 951, 952-53 (9th Cir. 1986).

Finally, there was no error in terminating the Consent Order. The PRLA provides that the court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

---

[4] He could have filed a motion for reconsideration under other sections of Rule 60(b).

violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). This standard applies to existing injunctions. Miller v. French, 530 U.S. 327, 333 (2000).

In his Rule 60(b)(4) motion, plaintiff alleges "a current or ongoing violation of a federally protected right," but fails to provide the court with a single example of such a violation.[5] (D.I. 260 ¶ 8) The Consent Order is not narrowly drawn as it encompasses the entire penal system of discipline and sanctions for the DCC. There is no mention that it was entered to correct constitutional violations, particularly with respect to due process issues. Of note is that, since the Consent Order was entered, the United States Supreme Court issued its decision in Sandin v. Connor, 515 U.S. 472 (1995). Sandin and its progeny provide clear guidance regarding the due process rights of prisoners. Finally, the Consent Order is not, and makes no mention that it is, the least intrusive means to correct any alleged constitutional violation. Indeed, the affidavit of

---

[5]Plaintiff appears to confuse the concept of notice of the recent motions and orders with "ongoing constitutional violations." He refers to the alleged constitutional violation of lack of notice as required for due process rather than ongoing constitutional violations as they pertain to the issues resolved in the October 4, 1982 Consent Order. Once defendants pointed out plaintiff's failure to allege current or ongoing violations, plaintiff filed a motion for summary judgment with his supporting affidavit in a belated attempt to alleged a continuous and ongoing violation. (D.I. 273, 274) Paragraph 15 of the affidavit states that, subsequent to the termination of the Consent Order, plaintiff was arbitrarily charged with serious prison disciplinary infractions and punished under new rules in violation of his right to due process and "which are continuous and ongoing violations." (D.I. 274, ¶ 15) In order to make the required finding of a current and ongoing violation of a federal right as required by § 3626(b)(3), a court must look at the conditions at the time termination is sought. Castillo v. Cameron County, Tex., 238 Fed. 3d 339, 353 (5th Cir. 2000). Plaintiff makes no mention of current or ongoing violations at the time the Consent Order was sought or terminated. Moreover, plaintiff may commence a new action to address any post-termination violations of his federal rights at the JVCC. See Vazquez v. Carver, 18 F. Supp. 2d 503, 513 (E.D. Pa. 1998).

former Bureau of Prisons Chief Paul Howard avers that the CCPD mandated by the Consent Order has caused multiple serious problems to the orderly operation of Delaware prisons. (D.I. 253, ex. E) For example, the CCPD creates inconsistent standards between prisons, and promotes disparate inmate treatment. After once again reviewing the Consent Order, the court finds that it neither satisfies the requirements for prospective relief nor abides by the requisites of the PLRA. Accordingly, the court will deny plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4).

## IV. CONCLUSION

For the foregoing reasons, the court will deny plaintiff's motion for relief from the order terminating the Consent Order pursuant to Fed. R. Civ. P. 60(b)(4) and will deny as moot plaintiff's motions for preliminary injunction and for summary judgment. An appropriate order will issue.