IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH EMERSON-WEST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) Civ. No. 78-014-SLR | |
| | ) | |
| WALTER REDMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

James Arthur Biggins, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro se Movant.

Erika Yvonne Tross, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June 17, 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Movant James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center ("DCC"), filed a motion for relief from an order terminating a consent order.[1]  (D.I. 282) For the reasons set forth below, the court will deny the motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This lawsuit was filed in 1978 by plaintiff North Emerson-West, an inmate housed at the DCC, and was certified as a class action.  (D.I. 2)  The issues concerned prison conditions and disciplinary procedures at the DCC.  The lawsuit was subsequently resolved after the parties entered into a consent order (the "Consent Order") on October 4, 1982 which required the Delaware Department of Correction ("DOC") to adopt a disciplinary code entitled the "Correction Code of Penal Discipline" ("CCPD").  (D.I. 213) The Consent Order was approved by the court on October 4, 1982 and the file was closed.  (*Id.*)

On April 26, 1996, the Prison Litigation Reform Act ("PLRA") was signed into law and became effective.  Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321-66, codified at 18 U.S.C. § 3626 (1996).  Sections 3626(a) and (b) establish standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities. On February 14, 2006, defendants filed a motion for relief from the Consent Order pursuant to 18 U.S.C. § 3626(b).  (D.I. 253)  On March 16, 2006, the court granted the

---

[1]Biggins' motion was originally filed as a complaint in Civ. No. 08-866-GMS. Upon further review, the court determined that motion should have been filed in this case, closed Civ. No. 08-866-GMS, and filed Biggins' motion in the instant case.  *See Biggins v. Biden*, Civ. No. 08-866-GMS, D.I. 14.

motion and terminated the Consent Order. (D.I. 257)

On March 19, 2008, plaintiff Ronald Lee Laub ("Laub") filed a motion for relief from the March 16, 2006 order pursuant to Fed. R. Civ. P. 60(b)(4), and the case was reopened following filing of the motion.[2] (D.I. 260) On August 28, 2008, the court denied the motion and an appeal followed. (D.I. 275) The United States Court of Appeals for the Third Circuit held that Laub did not demonstrate that the March 16, 2006 judgment was void under Rule 60(b)(4), that the appeal was lacking in arguable merit, and dismissed the appeal pursuant to 28 U.S.C. § 1915(e)(2(B).[3] *West v. Spencer*, No. 08-4030 (3d Cir. Mar. 26, 2009).

Following entry of the denial of Laub's motion, but before the ruling by the Court of Appeals, Biggins filed the pending motion. (D.I. 282) Biggins does not indicate under which rule he proceeds, but argues that the March 16, 2006 order is based upon a fraud upon the court as the court was misled into thinking there were no ongoing violations of the October 4, 1982 Consent Order. In framing his argument, he specifically refers to 18 U.S.C. § 3626(b)(3).

## III. DISCUSSION

### A. Standing

Initially, the court notes that Biggins does not have standing to seek relief from

---

[2]Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4).

[3]Under 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a case, if, at any time, the court determines that an action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.

the order terminating the consent order.   This case proceeded as a class action "on behalf of all persons who while incarcerated in Delaware Correctional Center have been in the past, are now, or will be in the future given disciplinary hearings." (D.I. 166) Biggins was not incarcerated at the time this lawsuit commenced in 1978 or on the date of entry of the consent order, October 4, 1982, having been convicted and sentenced in 1997 to a thirty-year term of incarceration. *Biggins v. State*, No. 506, 2008, 2009 WL 924506 (Del. 2009.)

As an incarcerated individual Biggins is an intended beneficiary of the consent order, but he was not a party to the law suit or consent order.  Further, neither the consent order nor the order terminating the consent order contemplated the action taken by Biggins. *See Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750(1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it."); *Cicirello v. New York Tel. Co.*, 123 F.R.D. 523, 526 (E.D. Pa.1989) (indicating that it is necessary to look to the consent decree itself to see whether it contemplates enforcement by non-parties).  Therefore, Biggins' claim will be dismissed for lack of standing.

### B. Fraud

Even if Biggins had standing to raise his claim, this court previously determined that there was no error in terminating the Consent Order. The PRLA provides that a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the

-3-

Federal right." 18 U.S.C. § 3626(a)(1)(A). The standard applies to existing injunctions. *Miller v. French*, 530 U.S. 327, 333 (2000).

Biggins argues that termination of the Consent Order was a result of fraud upon the court. Rule 60(d)(3) of the Federal Rules of Civil Procedure "does not limit a court's power to . . . set aside a judgment for fraud on the court." The concept of "[f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Demjanjuk v. Petrovsky,* 10 F.3d 338, 352 (6th Cir. 1992) (internal quotation omitted); *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.,* 127 F.3d 574, 578 (7th Cir. 1997); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972). Claims of fraud upon the court are not governed by the one year limitations period, but instead must be commenced within a "reasonable time of the discovery of the fraud." *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007).

Fraud upon the court is distinguished from fraud covered by Rule 60(b)(3). Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204,

207 (3d Cir.1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted). Also, a Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

It is evident in reading Biggins' motion that he asserts fraud; not fraud on the court. Indeed, he complains that the State committed fraud by misleading the court into believing there were no ongoing violations of the Consent Order. Moreover, Biggins does not contend that the alleged fraud was perpetrated by an officer of the court, but by the parties adverse to him, the State defendants. Biggins' position is a clear assertion of fraud pursuant to Rule 60(b)(3); not fraud upon the court pursuant to Rule 60(d)(3). As noted above, a Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. In the instant case, the order terminating the Consent Order was entered on March 16, 2006. (D.I. 257) Biggins did not file the present motion until March 11, 2009, some three years later. Accordingly, his motion is time-barred.

Even had the motion been timely filed, Biggins' claim fails. Biggins argues that the court did not apply 18 U.S.C. § 3626 to the Consent Order. He contends that the State is guilty of ongoing violations of his federal right to due process. The alleged violations span a time frame from 1998 through 2008 and are specific to Biggins as follows: the loss of all privileges for twenty-four hours; suspension from work; periods of confinement to his quarters of up to one and one-half days at a time; solitary confinement of up to fifteen days at a time; the failure to provide a "proper" preliminary

-5-

hearing; no review of report by a shift supervisor; and substitution of a shift officer.[4]  For relief, Biggins seeks expungement of his entire disciplinary record, return to a particular housing unit, back pay, reinstatement of his prison job with seniority, replacement or reimbursement for all lost or destroyed property, injunctive relief, an investigation, compensatory damages in the sum of two million dollars and compensatory damages.[5]

Section 3626(b) provides that "[p]rospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation."  18 U.S.C. § 3626(b).  Contrary to Biggins' position, this court specifically addressed the applicability of § 3626 to the Consent Order, as follows:

---

[4]Biggins may commence new actions to address any post-termination violations of his federal rights at the VCC.  *See Vazquez v. Carver*, 18 F. Supp. 2d 503, 513 (E.D. Pa. 1998).

[5]At first blush, it appears that Biggins moves for relief from the termination of the Consent Order in an effort to obtain relief for claims he could have, and should have, raised pursuant to 42 U.S.C. § 1983.  Biggins, however, is a frequent filer, and because three or more times in the past, and while incarcerated, he has brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis.  28 U.S.C. § 1915(g).  Biggins is quite aware of his "three strikes" status and has become quite creative in his efforts to file matters before this court without paying the filing fee.  Biggins' civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted are as follows:  *Biggins v. Campbell,* Civ. Action No. 99-872-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action No. 01-095-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action No. 99-112-GMS (D. Del. Aug. 24, 2000); *Biggins v. Maryland Dist. Court*, Civ. Action No. 99-476 (D. Del. Mar. 4, 1999); and *Biggins v. Withers*, Civ. Action No. 98-438-LON (D. Del. Oct. 1, 1998).

The Consent Order is not narrowly drawn as it encompasses the entire penal system of discipline and sanctions for the DCC. There is no mention that it was entered to correct constitutional violations, particularly with respect to due process issues. Of note is that, since the Consent Order was entered, the United States Supreme Court issued its decision in *Sandin v. Connor*, 515 U.S. 472 (1995). *Sandin* and its progeny provide clear guidance regarding the due process rights of prisoners. Finally, the Consent Order is not, and makes no mention that it is, the least intrusive means to correct any alleged constitutional violation. Indeed, the affidavit of former Bureau of Prisons Chief Paul Howard avers that the CCPD mandated by the Consent Order has caused multiple serious problems to the orderly operation of Delaware prisons. (D.I. 253, ex. E) For example, the CCPD creates inconsistent standards between prisons, and promotes disparate inmate treatment. (D.I. 282)

The court's conclusion remains the same. It finds that the Consent Order neither satisfies the requirements for prospective relief nor abides by the requisites of the PLRA.[6] Accordingly, the court will deny Biggins' motion for relief from the State's termination of Consent Order.

## IV. CONCLUSION

For the foregoing reasons, the court will deny Biggins' motion for relief from the State's termination of Consent Order. An appropriate order will issue.

---

[6]Biggins' claims are also barred under either the doctrine of res judicata (referred to now as claim preclusion) or collateral estoppel (known as issue preclusion). See *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21 (3d Cir. 2007) (a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim").